UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

GHM (SOUTH BEACH) LLC,

    Plaintiff,

v.

SETAI OWNERS LLC, TREVI LUXURY
HOSPITALITY GROUP, INC., and SMB
MANAGEMENT LLC,

    Defendants.

_____/

**DEFENDANT SETAI OWNERS LLC'S NOTICE OF REMOVAL**

Pursuant to 9 U.S.C. §§ 202, 203, and 205, and 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Setai Owners LLC ("Owner"), by and through its counsel, hereby gives notice of the removal to the United States District Court for the Southern District of Florida of Case No. 12-17427CA10, in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, filed by Plaintiff GHM (South Beach) LLC ("Plaintiff") against Owner, Trevi Luxury Hospitality Group, Inc. ("Trevi"), and SMB Management LLC ("SMB") (collectively, "Defendants"), as follows:[1,2]

---

[1] Accompanying this Notice is an appendix of supporting exhibits (the "Appendix"), Exhibit "1" of which is a true and correct copy of the entire file in the removed State Court Action, including the Complaint and "all process, pleadings and other orders served upon" Owner, as required by 28 U.S.C. § 1446(a). Note, the Complaint was filed in the State Court and served on Owner without a copy of Exhibit C referenced therein.

[2] Upon information and belief, Owner and SMB are the only Defendants that have been properly served with process, and SMB has consented to the removal of this case. *See Johnson v. Wellborn*, 418 Fed. Appx. 809, 815 (11th Cir. 2001) ("The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served."); *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1208 (11th Cir. 2008) ("[A] defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process."). SMB is represented by the same counsel as Setai Owners LLC, and a certificate of consent is

I.

**PRELIMINARY STATEMENT**

By this action, Plaintiff improperly seeks: (1) to enforce the rights of its parent, General Hotel Management Ltd., a Singapore-based British Virgin Islands company; and (2) to enjoin an arbitration proceeding that Owner initiated against Plaintiff and General Hotel Management Ltd., which is pending in the International Court of Arbitration in Paris, France. The Management Agreement under which Plaintiff asserts claims was signed by General Hotel Management Ltd. and contains a provision for arbitration of disputes "through a Board of Arbitrators in accordance with the Rules of Conciliation and Arbitration of the International Chamber of Commerce."

Pursuant to the provisions of 9 U.S.C. §§ 202 and 203, a state court proceeding is deemed to arise under the laws and treaties of the United States if the subject matter thereof relates to an arbitration agreement involving a contractual relationship among commercial entities and: (1) one or more of the parties to that relationship is a citizen of a foreign state; (2) the relationship concerns property located, or envisions performance or enforcement, abroad; or (3) it "has some other reasonable relation with one or more foreign states." Under 9 U.S.C. § 205 and 28 U.S.C. § 1441, such an action is removable to the United States district court for the district and division in which the state court lawsuit is pending. Accordingly, Owner and hereby removes Plaintiff's Florida suit (the "State Court Action") to this Court.

---

attached to this Notice of Removal as Exhibit "7."

## II.

## **RELEVANT FACTS**

A.   **Plaintiff Files The State Court Action In Direct Response To Owner's Initiation Of An International Arbitration.**

   1.   **The arbitration**

On March 31, 2012, Owner filed a Request for Arbitration with the International Court of Arbitration of the International Chamber of Commerce, asserting claims against General Hotel Management Ltd. and Plaintiff, as Respondents.[3] In that arbitration proceeding, Owner alleges that General Hotel Management Ltd. and Plaintiff undertook to operate the Setai Resort & Residences (the "Hotel") as Owner's agents and fiduciaries, but nevertheless breached their contractual obligations and violated their fiduciary duties to Owner by paying themselves millions of dollars to which they were not entitled, engaging in disloyal and self-enriching practices, and failing to comply with the prescribed standards governing their management, marketing, and care of the Hotel.[4] As a result of that wrongdoing, on March 31, 2012, Owner exercised its right to terminate the subject Management Agreement and to revoke General Hotel Management Ltd.'s and Plaintiff's agency powers thereunder.[5]

---

[3] *See* Request for Arbitration, dated March 31, 2012, filed in the International Court of Arbitration of the International Chamber of Commerce, Exhibit "A" to Plaintiff's Motion to Permanently Enjoin or, in the Alternative, for a Preliminary Injunction Enjoining Defendant Setai Owners LLC From Proceeding With the Arbitration Filed Before the International Court of Arbitration of the International Chamber of Commerce, filed May 7, 2012 ("Motion to Enjoin Arbitration"), which is included in Appendix Exhibit "1."

[4] *See* Request for Arbitration at 1-2.

[5] *Id.* at 2.

Among the claims that Owner asserts against General Hotel Management Ltd. and Plaintiff in the international arbitration are breach of the Management Agreement,[6] breach of common law agency and fiduciary duties,[7] and a request for declaration regarding the propriety of Owner's exercise of its right to terminate the Management Agreement without liability.[8] Owner requests that the arbitral tribunal issue an award in its favor and against General Hotel Management Ltd. and Plaintiff, providing for the following relief: (1) monetary damages sufficient to fully compensate Owner for the injuries it has sustained in an amount no less than $50 million; (2) punitive and exemplary damages in an amount to be determined by the arbitral tribunal; (3) an order of disgorgement, forfeiture, and restitution requiring General Hotel Management Ltd. and Plaintiff to return or otherwise turn over to Owner all fees, profits, monies, payments, and other things of value which they wrongfully or unjustly received, retained, took, or paid themselves in breach of their obligations to Owner; (4) prejudgment and post-judgment interest at the maximum rate(s) permitted by law; (5) a declaratory judgment that Owner properly exercised its right and power to terminate the Management Agreement; (6) injunctive relief;[9] (7) arbitration costs; (8) reasonable and necessary attorneys' fees and expert fees

---

[6] *Id.* at 18-19, ¶¶ 53-58.

[7] *Id.* at 19-20, ¶¶ 59-66.

[8] *Id.* at 20-21, ¶¶ 67-71.

[9] Specifically, Owner seeks an arbitral order prohibiting General Hotel Management Ltd. and Plaintiff, their agents, affiliates, employees, representatives, and all those in active concert with them from any unauthorized acts or attempts to: (a) withhold from Owner, or exercise control of, the Hotel's books and records; (b) maintain possession of, or exercise control over, the Hotel premises; (c) interfere with Owner's cash management, financial control, and other operational activities with respect to the Hotel; (d) interfere with any of Owner's other rights of possession and control of the real and personal property comprising the Hotel; (e) interfere with the transition of operations and management of Hotel to Owner's new management; (f) hold themselves out as Owner's agents or managers; and (g) associate the GHM brand and chain with the Hotel. *See* Request for Arbitration at 22.

incurred by Owner in connection with the prosecution of its claims in the arbitration, to the extent permitted by law; and (9) such other relief, at law and in equity, to which Owner is entitled and which the arbitral tribunal deems just and proper.[10]

### 2. **Plaintiff's retaliatory State Court Action**

Instead of submitting an answer in the arbitration, Plaintiff notified the administrators of that proceeding in Paris of its intent to initiate litigation in a Florida state court to challenge the jurisdiction of the International Court of Arbitration and the arbitral tribunal, as well as to contest the arbitrability of Owner's claims asserted therein.  More specifically, Plaintiff's counsel in the arbitration (who also represents Plaintiff in the later-filed State Court Action), informed the Secretariat of the ICC International Court of Arbitration of the following:

> We represent Respondents, General Hotel Management, Ltd. and GHM (South Beach) LLC, (collectively, "GHM") in the above-described [arbitration] matter . . . . GHM is instituting a lawsuit in Miami-Dade County Circuit Court to clarify the parties' obligation to arbitrate . . . This . . . is without prejudice to the Respondents' right to contend that they have not submitted to arbitration, to object to the jurisdiction of the tribunal and/or to seek relief and remedies in court.[11]

Although Owner promptly responded and explained why a state court would not have any authority to determine questions of arbitrability and jurisdiction,[12] Plaintiff had already filed its Complaint in the State Court Action on May 2, 2012.

---

[10] Request for Arbitration at 21-23, § VI(a)-(i).

[11] *See* Letter from Kenneth R. Hartmann to Victoria Orlwoski, Counsel, Secretariat of the ICC International Court of Arbitration, dated May 2, 2012 (Appendix Exhibit "2") at 1-2.

[12] *See* Letter from James S. Renard to Victoria Orlowski, dated May 3, 2012, (Appendix Exhibit "3") at 1-2 ("Respondents seek to delay this arbitration proceeding so that they may initiate a lawsuit in Florida state court and adjudicate the jurisdiction of the International Court of Arbitration (the 'Court') over this matter and the claims asserted herein.  That is why Respondents' letter concludes with an

**B.     The State Court Action Relates To A Management Contract With A Foreign Company That Contains An Agreement To Arbitrate.**

In its Complaint, Plaintiff seeks, among other relief, to "prohibit Owner from proceeding with the arbitration."[13] Plaintiff also asserts claims against Owner for breach of the Management Agreement and other claims directly relating to that contract.[14]

Significantly, the Management Agreement provides that, in the event "of failure by the parties to reach an amicable settlement" of "any question or dispute or difference" which "relat[es] to this Agreement, whether during its substance or after its termination," such "difference or dispute shall be finally settled through a board of arbitration in accordance with the Rules of Conciliation and Arbitration of the International Chamber of Commerce."[15] As the foregoing language demonstrates, arbitration is the mandatory, and not merely a permissive, mode of resolving unsettled disputes.

---

attempt to reserve their 'right' to 'object to the jurisdiction of the tribunal' and to 'seek relief and remedies in court.' However, pursuant to Article 6(3) of the Rules of Arbitration of the International Chamber of Commerce (the 'Rules'), in the event any party 'raises one or more pleas concerning the existence, validity or scope of the arbitration agreement or concerning whether all of the claims made in the arbitration may be determined together,' the 'arbitration shall proceed and any question of jurisdiction or whether the claims may be determined together in that arbitration shall be decided directly by the arbitral tribunal, unless the Secretary General refers the matter to the Court for its decision pursuant to Article 6(4).' In sum, any issue raised by Respondents regarding the jurisdiction of the Court or the tribunal over Owner's claims, or the arbitrability of those claims, must be resolved according to the Rules, and not by a Florida court. Those are the Rules to which Respondents agreed to be bound, and those are the Rules that should be enforced . . .").

[13] *See* Complaint at 20.

[14] *Id.* at 16-19.

[15] *See* Management Agreement, attached to the Complaint as Exhibit "A," at 21, Article XXVI(1).

6

Although Plaintiff asserts that "the Management Agreement was assigned by General Hotel Management Ltd. to GHM,"[16] General Hotel Management Ltd. remains bound thereto and liable to Owner thereunder.[17] That explains why the "Fact Sheet" published by General Hotel Management Ltd. prior to Owner's termination of the Management Agreement showed that the "Management Company" operating the Hotel was "General Hotel Management Limited (GHM)."[18] Thus, both Plaintiff and General Hotel Management Ltd. are liable to Owner for breach of the Management Agreement and, of equal importance, are bound to the arbitration provisions thereof.

C.   **Plaintiff Is Based In, And Is Controlled From, Singapore.**

Although organized under the laws of Delaware, Plaintiff is a Singapore-based company controlled by Messrs. Adrian Zecha and Hans Jenni of Singapore.[19] Indeed, according to

---

[16] *See* Complaint at 8, ¶ 24.

[17] *See* Request for Arbitration at 3, ¶ 4 ("On or about January 13, 2005, General Hotel Management Ltd. and GHM (South Beach) LLC entered into an Assignment and Assumption Agreement . . . pursuant to which the former purported to transfer and assign the Management Agreement to the latter. That Assignment and Assumption Agreement (the 'Assignment') did not relieve or otherwise excuse General Hotel Management Ltd. from its continuing liability under the Management Agreement or from the performance of Operator's obligations with respect thereto. In addition, both General Hotel Management Ltd. and GHM (South Beach) LLC acted as Owner's agents under the Management Agreement following their execution of the Assignment.").

[18] *See* Appendix Exhibit "4."

[19] According to publicly-available records of the Delaware and Florida Departments of State, Divisions of Corporations, the managing member and manager of Plaintiff GHM (South Beach) LLC is GHM (USA) LLC of Singapore and Hans Jenni of Singapore, respectively. Public records for GHM (USA) LLC demonstrate that its managing member and manager are GHM (USA), Inc. of Singapore and Hans Jenni, respectively. In turn, corporate records for GHM (USA), Inc. establish that its President and Director is Hans Jenni, 1 Orchard Spring Lane # 04-02 Tourism Court in Singapore. *See* Appendix Exhibit "5."

Plaintiff, its management activities are conducted from "its home in Singapore."[20] Plaintiff is also a subsidiary and/or affiliate of General Hotel Management Ltd., a corporation organized under the laws of the British Virgin Islands and headquartered in Singapore, whose founders and chief executives are Messrs. Zecha and Jenni. That is undoubtedly why Plaintiff's Complaint makes repeated references both to General Hotel Management Ltd. and Mr. Zecha.[21]

### D.     Plaintiff Asserts Rights Belonging To Its British Virgin Islands Affiliate.

Plaintiff was formed in 2004, apparently for the sole and exclusive purpose of managing the Hotel, with the assistance and support of General Hotel Management Ltd. In fact, upon information and belief, Plaintiff engaged in no business other than managing the Hotel − and, due to its gross mismanagement and breaches of contract and fiduciary duty, Plaintiff lost the right to do even that.

Nevertheless, throughout its Complaint, Plaintiff intentionally confuses and blurs the distinction between itself and General Hotel Management Ltd. by repeated use of the term "GHM" – which it defines as GHM (South Beach) LLC, but more often utilizes in reference to General Hotel Management Ltd. and other affiliates thereof.[22] For example, Plaintiff represents

---

[20] *See* Complaint at 2, ¶ 3.

[21] *See* Complaint at 3, ¶ 8 ("Founded in 1992 by legendary hotelier Adrian Zecha, General Hotel Management and its affiliates have created some of the world's most highly regarded intimate luxury resorts and hotels."); *id.* at 4. ¶ 12 (reference to the "legendary founder and principal, Adrian Zecha"); *id.* at 8, ¶¶ 22 and 24 (references to "General Hotel Management Ltd.").

[22] *See* Complaint at 2, ¶ 3 ("GHM and its affiliates have created and managed some of the world's most highly regarded boutique luxury resorts and hotels from its home base in Singapore including the [sic] The Chedi, Chiang Mai, Thailand; The Legian, Bali, Indonesia; The Strand, Yangon, Mynmar; The Chedi, Muscat, Oman; The Nam Hai, Hoian, Vietnam; The Chedi, Andermatt, Switzerland; and The Ananti Club, Seoul, South Korea. The Setai is the only GHM-managed property in the United States and its flagship property."); *id.* at 14, ¶ 43 ("[T]he economic value of GHM as a company is calculated based on the revenue stream from its management agreements with owners.").

8

that "GHM [defined as Plaintiff] and its affiliates" were "[e]stablished in 1992."[23] To the contrary, Plaintiff was established in 2004.[24] General Hotel Management Ltd. was established in 1992.[25]

Similarly misleading are Plaintiff's numerous references to its other properties worldwide and its purported "global" business operations.[26] Contrary to those mischaracterizations, Plaintiff *admits* that it does not operate a chain of hotels (unlike its parent, General Hotel Management Ltd.) by stating that, as a result of the Owner's termination of the Management Agreement relating to the Hotel, "GHM has lost its only source of revenue."[27]

Having thus obfuscated the corporate distinctions between itself, General Hotel Management Ltd., and its other affiliates, Plaintiff proceeds to assert the rights and interests of those other entities (none of which is a party to the State Court Action). Defining itself as "GHM," Plaintiff seeks to protect certain intellectual property, including "GHM marks."[28] To that end, on May 7, 2012, Plaintiff filed a motion for injunctive relief "to enjoin further use of

---

[23] *See* Complaint at 2, ¶ 3.

[24] *See supra* n. 19.

[25] *See infra* n. 34.

[26] *See* Complaint at 8, ¶ 21 (reference to "GHM's plans for expansion world wide."); *id.* at 14, ¶ 43 ("GHM generally earns money by entering into long-term management contracts and license agreements with hotel owners and condominium owners or associations"); *id.* at 15, ¶ 45 (reference to "GHM's other properties worldwide"); *id.* (reference to "clientele at other GHM properties"); *id.* at ¶ 46 (reference to "GHM's global business operations . . . completely unrelated to the Hotel"); *id.* at 16, ¶ 48 (reference to "other GHM properties"); *id.* at 20, ¶ 71 ("GHM spends a large amount of time and money recruiting and training its employees to work at GHM-managed properties").

[27] *Id.* at 19, ¶ 66 (emphasis added).

[28] *See* Complaint at 10, ¶ 31; *id.* at 17, ¶ 54 (reference to "Article XX of the Management Agreement which requires Owner . . . to cease use of the GHM marks in connection with the Hotel").

9

GHM's trademarks."[29] In that motion, Plaintiff asserts that it "is entitled to a preliminary injunction to enjoin Owner from using GHM's marks," and alleges that Plaintiff "retains ownership over GHM's marks[30] and has the "right to protect its trademarks."[31]

What Plaintiff conspicuously fails to mention is that the "GHM" trademark is owned by General Hotel Management Ltd.[32] – not by Plaintiff. In fact, the very Management Agreement under which Plaintiff asserts a claim for breach of contract states: "It is expressly acknowledged and agreed by the parties hereto that the GHMarks [defined as "GHM," "GHM Resorts," and "GHM Hotels"] shall be the exclusive property of General Hotel Management Ltd."[33] That, of course, is why the General Hotel Management Ltd. website is entitled "GHM."[34]

---

[29] *See* Plaintiff's Motion to Enjoin Use and Compel Return of GHM's Privileged Documents and Confidential Trade Secret Materials and to Enjoin Further Use of GHM's Trademarks, filed May 7, 2012, included in Appendix Exhibit "1."

[30] *Id.* at 13.

[31] *Id.* at 14. *See also* Complaint at 4, ¶ 12 (reference to "GHM brand" and "GHM marks"); *id.* at 14, ¶ 43 (reference to an alleged "reluctance to invest in the GHM brand"); *id.* at 17, ¶ 54 (reference to "GHM marks").

[32] *See* Printout from the Trademark Electronic Search System ("TESS") of the United States Patent and Trademark Office (Appendix Exhibit "6") demonstrating that the mark "GHM" is registered and owned by General Hotel Management Ltd., and has been so registered since April 22, 2003, over 18 months prior to the formation of Plaintiff as a special-purpose entity.

[33] *See* Complaint at Exhibit "A," Management Agreement Between General Hotel Management Ltd. and Dempsey Vanderbilt Hotel, dated March 20, 2000, at 14, Article XVII(2).

[34] *See* http://www.GHMhotels.com. In fact, one of the documents found on General Hotel Management Ltd.'s website is a press release which states, in pertinent part: "Statement from General Hotel Management (GHM) on The Setai South Beach Owner Takeover. Singapore (2nd April 2012) – Established in 1992, Singapore-based management company, General Hotel Management (GHM), has created some of the world's most highly regarded intimate luxury resorts and hotels from their home base in Asia, including The Setai South Beach . . . According to Hans R. Jenni, President and Director of GHM, 'Representatives from Lehman Brothers . . . informed us that they were taking over the property and that General Hotel Management (GHM) was no longer welcome on the property' . . . Adrian Zecha, Non-Executive Chairman and Director of GHM, said, 'GHM is an industry leader with tremendous brand recognition in our industry . . . Under GHM management, The Setai South Beach has provided a strong

In similar fashion, most, if not all, of the allegedly "proprietary" and "confidential" documents and information that Plaintiff seeks to protect in the State Court Action actually belong – if not to Owner – to General Hotel Management Ltd.[35]  In sum, the State Court Action concerns, among other things, the intellectual property and global business operations of a foreign entity – namely, General Hotel Management Ltd.

E.     **Plaintiff Seeks To Enjoin An International Arbitration, Which Is Being Administered In France, Against Its British Virgin Islands Affiliate.**

In addition to improperly seeking to enforce the rights, and protect the interests, of a foreign corporation in this action (namely, General Hotel Management Ltd., a Singapore-based British Virgin Islands company), Plaintiff is also seeking to "prohibit Owner from proceeding with [an] arbitration" initiated by Owner against General Hotel Management Ltd. and Plaintiff in the International Court of Arbitration of the International Chamber of Commerce in Paris, France.[36]  To that end, on May 7, 2012, Plaintiff filed a motion to "permanently enjoin, or in the alternative, for a preliminary injunction enjoining [Owner] from proceeding with the arbitration filed before the International Court of Arbitration of the International Chamber of Commerce."[37]

---

resident experience . . .' said Zecha.  Established in 1992, GHM (General Hotel Management Ltd.) is known for conceptualizing, developing and operating an exclusive group of hotels and resorts.").

[35] *See* Complaint at 23, ¶ 88 ("GHM uses its confidential and proprietary information and materials to operate, manage, and market the hotels it manages, including . . . other GHM-managed properties"); *id.* at 25, ¶ 101 (reference to "global operations documentation"); *id.* at 28, ¶ 114 (same).

[36] *See* Complaint at 19, ¶ 63 ("On March 31, 2012, Owner filed a request for Arbitration before the International Court of Arbitration of the International Chamber of Commerce."); *id.* at 20, ¶¶ 67-68 ("[T]he requested arbitration should not be allowed to go forward.  There is a bona fide, actual, present practical need for declaration resulting whether and to what extent arbitration of this case should be allowed. . . . GHM requests that the Court declare that GHM is not required to submit to arbitration and prohibit Owner from proceeding with the arbitration.").

[37] *See* Plaintiff's Motion to Enjoin Arbitration at 3 ("GHM respectfully moves this Court to permanently enjoin Owner from proceeding with the arbitration filed by Owner on March 31, 2012 before

Conspicuously absent from the body of that motion, but readily apparent from Owner's Request for Arbitration attached thereto as Exhibit "A," is the undisputed fact that the first-listed of the two Respondents in that arbitration proceeding is General Hotel Management Ltd.[38] Furthermore, the international arbitration that Plaintiff seeks to enjoin in this action – albeit improperly so[39] – is a proceeding being administered by the International Court of Arbitration in Paris.

In sum, it is beyond any genuine dispute that the subject of this action relates to an arbitration agreement and arbitration proceeding involving a foreign entity. It is also beyond dispute that this action has "some reasonable relation with one or more foreign states." As demonstrated herein, the foregoing facts entitle Owner to remove this action to federal court.

---

the International Court of Arbitration."); *id.* at 13-14 ("[T]o the extent the Court determines that GHM is not entitled to permanent enjoinment of arbitration proceedings, this Court nevertheless should issue a preliminary injunction temporarily enjoining Owner from proceeding with the arbitration until it can be conclusively determined that Owner has waived its right to arbitration.").

[38] *See* Plaintiff's Motion to Enjoin Arbitration, at Exhibit "A," Request for Arbitration, at 1; *id.* at 2 ("General Hotel Management Ltd. is a company incorporated and existing under the laws of the British Virgin Islands with is principal place of business located at 1 Orchard Spring Lane, # 04-02 Tourism Court, Singapore 247729 (Telephone 65 6223 3755; Facsimile (65) 6221 1535).").

[39] Pursuant to Article 6 of the Rules of Arbitration of the International Chamber of Commerce (the "Rules"), questions of jurisdiction and arbitrability, such as those raised by Plaintiff in this action, are to be determined by the arbitral tribunal or, alternatively, by the International Court of Arbitration. *See* Rule 6(3) ("If any party against which a claim has been made . . . . raises one or more pleas concerning the existence, validity or scope of the arbitration agreement or concerning whether all of the claims made in the arbitration may be determined together in a single arbitration, the arbitration shall proceed and any question of jurisdiction or of whether the claims may be determined together in that arbitration shall be decided directly by the arbitral tribunal, unless the Secretary General refers the matter to the [International] Court [of Arbitration] for its decision pursuant to Article 6(4).").

### III.

### **BASIS FOR REMOVAL**

Removal is proper because the subject matter of the State Court Action relates to an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). In particular, 9 U.S.C. § 205 provides:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.[40]

In addition, 9 U.S.C. § 203 provides:

> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.[41]

For purposes of determining whether Plaintiff's State Court Action "falls under the Convention," reference must be made to 9 U.S.C. § 202, which provides:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states.[42]

---

[40] 9 U.S.C. § 205.

[41] 9 U.S.C. § 203.

[42] 9 U.S.C. § 202.

The State Court Action is removable pursuant to the foregoing sections of Title 9 of the United States Code because its subject matter relates to an arbitration agreement that arises out of a contractual relationship among commercial entities and: (1) involves the rights, interests, property, and claims of General Hotel Management Ltd., a Singapore-based British Virgin Islands corporation; (2) relates to a contract to which a foreign company, General Hotel Management Ltd., is a signatory; and/or (3) seeks to enjoin Owner's international arbitration proceeding against General Hotel Management Ltd. and Plaintiff pending in the International Court of Arbitration in Paris, France. Individually or collectively, those relationships constitute sufficient grounds for the removal of the State Court Action to the United States District Court for the Southern District of Florida.

## IV.

## VENUE

Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C. §1441(a) and 9 U.S.C. § 205, because this district embraces the place where the removed State Court Action is pending.

## V.

## OTHER REQUIREMENTS

This Notice of Removal is being filed within thirty (30) days of service of the Complaint upon Owner and, thus, is timely filed under 28 U.S.C. § 1446(b).[43] Moreover, under 9 U.S.C. § 205, removal is proper any time before trial, and trial of the State Court Action has not commenced.

Pursuant to 28 U.S.C. § 1446(d), Owner is giving written notice of the filing of this Notice of Removal to Plaintiff's counsel. Owner is also filing a copy of this Notice of Removal with the Clerk of the Circuit Court in which the State Court Action was originally filed.

WHEREFORE, Owner respectfully requests that this Court take jurisdiction of this action to the exclusion of any further proceedings in the Circuit Court.

---

[43] Owner was served with the Complaint on May 4, 2012.

Dated: May 23, 2012
      Miami, Florida

Respectfully submitted,

s/Elizabeth B. Honkonen
Richard H. Critchlow, Esq.
(Florida Bar No. 155227)
rcritchlow@knpa.com
Elizabeth B. Honkonen, Esq.
(Florida Bar No. 149403)
ehonkonen@knpa.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard, Suite 1100
Miami, Florida  33131-4327
Telephone:     (305) 373-1000
Facsimile:     (305) 372-1861

      - and -

William A. Brewer III
(*pro hac vice* application to be filed)
wab@bickelbrewer.com
James S. Renard
(*pro hac vice* application to be filed)
jsr@bickelbrewer.com
Jack G. B. Ternan
(*pro hac vice* application to be filed)
jgt@bickelbrewer.com
BICKEL & BREWER
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201
Telephone:     (214) 653-4000
Facsimile:     (214) 653-1015

**COUNSEL FOR DEFENDANT SETAI OWNERS LLC**

**CERTIFICATE OF SERVICE**

      **I certify** that on May 23, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                  s/Elizabeth B. Honkonen

## SERVICE LIST
*GHM (South Beach LLC) v. Setai Owners, LLC, et al.*
CASE NO. _____
**United States District Court, Southern District of Florida**

Kenneth R. Hartmann, Esq. (Florida Bar No. 664286)
krh@kttlaw.com
Daniel F. Benavides, Esq. (Florida Bar No. 81675)
dfb@kttlaw.com
Douglas A. Wolfe, Esq. (Florida Bar No. 28671)
daw@kttlaw.com
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida  33134
Telephone:   (305) 372-1800
Facsimile:   (305) 372-3508
*Counsel for Plaintiff*
**[VIA U.S. MAIL]**

Richard H. Critchlow, Esq. (Florida Bar No. 155227)
rcritchlow@knpa.com
Elizabeth B. Honkonen, Esq. (Florida Bar No. 149403)
ehonkonen@knpa.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
Suite 1100
Miami, Florida  33131-4327
Telephone:   (305) 373-1000
Facsimile:   (305) 372-1861
*Counsel for Defendant Setai Owners LLC*

William A. Brewer, III
wab@bickelbrewer.com
James S. Renard
jsr@bickelbrewer.com
Jack G. Ternan
jgt@bickelbrewer.com
Bickel & Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201
Telephone:   (214) 653-4000
Facsimile:   (214) 653-1015
*Counsel for Defendant Setai Owners LLC*
**[VIA U.S. MAIL]**