# EXHIBIT 3

# BICKEL & BREWER

ATTORNEYS AND COUNSELORS
4800 COMERICA BANK TOWER
1717 MAIN STREET
DALLAS, TEXAS 75201
PHONE (214) 653-4000
FAX (214) 653-1015

www.bickelbrewer.com

767 FIFTH AVENUE
50TH FLOOR
NEW YORK, NEW YORK 10153
(212) 489-1400

May 3, 2012

**VIA E-MAIL AND FACSIMILE**

Ms. Victoria Orlowski
Counsel
Secretariat of the ICC International Court of Arbitration
38 cours Albert 1er
75008 Paris, France

    Re:    **18610/VRO**; SETAI OWNERS LLC (U.S.A.) vs/ 1. GENERAL HOTEL MANAGEMENT LTD. (British Virgin Islands) 2. GHM (SOUTH BEACH) LLC (U.S.A.)

Dear Ms. Orlowski:

    As you know, we represent Setai Owners LLC ("Owner"), the Claimant in the above-captioned arbitration proceeding. This responds to the request from Respondents' counsel, set forth in his letter to you dated May 2, 2012, for an extension of 45 days to "submit a response" to Owner's Request for Arbitration.

    As an initial matter, Owner disagrees with the accusations set forth in Respondents' letter and will respond to those allegations at the appropriate time in this arbitration. Nevertheless, the suggestion that Respondents cannot file a timely response because they lack sufficient information to do so is completely lacking in merit.[1]

    Owner objects to the request for an extension and asks that it be denied. Although Respondents purport to require additional time "to formulate [their] response to the Request for Arbitration," they also assert that "this matter is not subject to arbitration" and, therefore, are "instituting a lawsuit in Miami-Dade County circuit court to clarify the parties' obligation to arbitrate." Thus, it is apparent that Respondents seek to delay this arbitration proceeding so that they may initiate a lawsuit in Florida state court and adjudicate the jurisdiction of the

---

[1] Moreover, most of the documents to which Respondents assert they lack access are "records relating to, or reflecting, the operation of the Hotel" that, pursuant to the terms of the Management Agreement among the parties (which contains the arbitration provisions), are "the property of the Owner" and, upon the termination of that Agreement, must "forthwith be delivered up to the Owner so as to ensure the orderly continuance of the operation of the Hotel."

Ms. Victoria Orlowski
May 3, 2012
Page 2

International Court of Arbitration (the "Court") over this matter and the claims asserted herein. That is why Respondents' letter concludes with an attempt to reserve their "right" to "object to the jurisdiction of the tribunal" and to "seek relief and remedies in court."

However, pursuant to Article 6(3) of the Rules of Arbitration of the International Chamber of Commerce (the "Rules"), in the event any party "raises one or more pleas concerning the existence, validity or scope of the arbitration agreement or concerning whether all of the claims made in the arbitration may be determined together," the "arbitration shall proceed and any question of jurisdiction or whether the claims may be determined together in that arbitration shall be decided directly by the arbitral tribunal, unless the Secretary General refers the matter to the Court for its decision pursuant to Article 6(4)."

In sum, any issue raised by Respondents regarding the jurisdiction of the Court or the tribunal over Owner's claims, or the arbitrability of those claims, must be resolved according to the Rules, and not by a Florida court. Those are the Rules to which Respondents agreed to be bound, and those are the Rules that should be enforced in denying Respondents' request for an extension of time. Indeed, denial of Respondents' requested delay will comport with the objectives stated in Article 22(1) that the arbitration be conducted "in an expeditious and cost-effective manner."

We thank you for your consideration in this matter.

Sincerely,

James S. Renard

cc: Kenneth R. Hartmann, Esq.
    Mr. Steven Holder, Deputy Counsel
    Mr. José R. Pereyó, Deputy Counsel
    Ms. Carmel Jantzen, Secretary

5267345.2
2159-02