## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.  1:12-cv-21932-KMM/TORRES

GHM (SOUTH BEACH) LLC, a Delaware
limited liability company,

      Plaintiff,

v.

SETAI OWNERS LLC, a Delaware limited
liability company, TREVI LUXURY
HOSPITALITY GROUP, INC., a Texas
corporation, and SMB MANAGEMENT
LLC, a Florida limited liability company,

      Defendants.

_____/

### DEFENDANT SMB MANAGEMENT LLC'S MOTION FOR
### MORE DEFINITE STATEMENT AND MOTION TO DISMISS
### <u>WITH INCORPORATED MEMORANDUM OF LAW</u>

Richard H. Critchlow
Elizabeth B. Honkonen
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
Suite 1100
Miami, Florida  33131-4327
Telephone:    (305) 373-1000
Facsimile:    (305) 372-1861

William A. Brewer III (*pro hac vice* application filed)
James S. Renard (*pro hac vice* application filed)
Jack G. B. Ternan (*pro hac vice* application filed)
BICKEL & BREWER
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201
Telephone:    (214) 653-4000
Facsimile:    (214) 653-1015

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), Defendant SMB Management LLC ("SMB") files this motion for a more definite statement and to dismiss (the "Motion"). For the reasons set forth in the Memorandum of Law below, the Motion should be granted.

## MEMORANDUM OF LAW

### I.

### PRELIMINARY STATEMENT

GHM (South Beach) LLC ("Plaintiff") has filed a Complaint that asserts six counts against SMB, yet Plaintiff has not alleged any facts to support such claims. SMB is a wholly-owned subsidiary of co-defendant Setai Owners LLC ("Owner") and was created to perform certain employee-related functions at Owner's Setai Resort & Residences (the "Hotel"). At the time Owner terminated its Management Agreement with Plaintiff and General Hotel Management, Ltd., SMB had no employees, and it is not clear how SMB could have taken any actions, much less wrongful ones, prior to the conclusion of Plaintiff's management of the Hotel.

Rather, it appears that Plaintiff was simply looking for additional entities to sue in order to concoct a basis for litigating in Court despite its binding arbitration agreement with Owner. Given that Plaintiff has failed to state a claim against SMB, the Court should dismiss with prejudice all counts asserted by Plaintiff against SMB. Alternatively, the Court should order Plaintiff to replead to explain the factual basis for including SMB in this lawsuit.

## II.

## APPLICABLE STANDARDS

**A.    Motion For More Definite Statement**

Pursuant to Federal Rule of Civil Procedure 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[1]  The motion "must point out the defects complained of and the details desired."[2]  Courts "typically grant motions under Rule 12(e) for 'shotgun' pleadings, in which it is 'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'"[3]

**B.    Motion To Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss when a pleading fails to state a claim upon which relief can be granted.[4]  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[5]  A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] FED. R. CIV. P. 12(e).

[2] *Id*.

[3] *See Gombos v. Central Mortg. Co*., No. 10-81296-CIV, 2011 WL 832878, at *2 (S.D. Fla. Mar. 2, 2011) (*quoting Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

[4] *See* FED. R. CIV. P. 12(b)(6).

[5] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

misconduct alleged."[6]  Where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"[7]

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[8]  That pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[9]  A pleading that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[10]  Similarly, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[11]

### III.

### ARGUMENTS AND AUTHORITIES

**A.    Pursuant To Federal Rule Of Civil Procedure 12(e), Plaintiff Should Be Required To Replead Its Complaint with a More Definite Statement.**

Plaintiff should be required to replead with a more definite statement of allegations for at least three reasons.

---

[6] *Id.*

[7] *Id.* at 679.

[8] *See id.* at 677-78.

[9] *Id.* at 678.

[10] *Id.* (quotation omitted).

[11] *Id.* (quotation omitted).

1.     **Plaintiff's Complaint is a "shotgun pleading."**

Courts "typically grant motions under Rule 12(e) for 'shotgun' pleadings, in which it is 'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'"[12]  An example of a "shotgun" pleading is one that incorporates all factual allegations in support of each claim.[13]  Plaintiff's Complaint has exactly this defect, as each count incorporates all factual allegations.[14]

This shotgun pleading style is especially problematic here, where Plaintiff's allegations supporting each count are often mere recitations of the elements of a claim.[15]  As discussed in more detail below, in most instances, Plaintiff does not even allege facts supporting each element of a claim.  Without a more definite statement of which factual allegations support each count, SMB can neither fully respond to the Complaint nor make clear to the Court that the facts alleged are insufficient to state a claim.  Accordingly, Plaintiff should be required to replead to identify which factual allegations support each count.

---

[12] *See Gombos*, 2011 WL 832878, at *2 (quotation omitted).

[13] *See Anderson*, 77 F.3d at 365-66 ("The first twenty-four paragraphs of the complaint contain allegations of fact that are adopted in full by all six counts.").

[14] *See* Complaint at 20, ¶ 69; 21, ¶ 76; 23, ¶ 86; 25, ¶ 100; 26, ¶ 104; 26; 107.

[15] *See, e.g.*, Complaint at 20, ¶ 70 ("The Defendants knew that the employees at the Hotel were GHM employees"); *id*. at 21, ¶ 79 ("The Defendants acted without proper justification.").

2.      **Plaintiff should be required to replead to state facts identifying acts or omissions of SMB's agents and representatives.**

SMB is barely mentioned in the fact section of the Complaint.[16]  No employees, officers, agents, or representatives of SMB are identified in the Complaint.  No specific acts or omissions of SMB's agents or representatives are identified.  In fact, Plaintiff does not even allege that SMB's agents or representatives were in Florida at the time of the alleged "improper raid," and no explanation of why SMB is believed to have anything to do with the events and circumstances at issue in this case is set forth in the Complaint.  Instead, Plaintiff makes the incorrect and unsupported allegation that "SMB was created by Owner for the sole purpose of assisting with the raid and subsequent operation of the Hotel."[17]

As the Supreme Court has stated, "the pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[18]  The Complaint offers no facts to establish any wrongdoing by <u>SMB</u>, and accordingly, it is impossible for SMB to file a meaningful response to Plaintiff's allegations.  The Court should order Plaintiff to replead to identify the acts or omissions of agents or representatives of SMB that Plaintiff contends subject SMB to liability.

---

[16] *See* Complaint at 4, ¶ 11 ("SMB is a Florida limited liability company with its principal place of business at 1271 Avenue of the Americas, 39th Floor, New York, New York, 10020.  SMB is an affiliate of Owner formed shortly before the raid of the Hotel.").

[17] *See* Complaint at 12, ¶ 38.  Plaintiff does not explain how the "sole purpose" for SMB can be to both "assist in the raid" and "subsequent operation of the Hotel," nor what assistance was rendered.

[18] *See Iqbal*, 556 U.S. at 678.

3.    **Plaintiff should be required to replead to distinguish between itself—GHM (South Beach), LLC—and General Hotel Management, Ltd.**

Plaintiff appears to be asserting claims that should be dismissed because the claims belong to General Hotel Management, Ltd.,[19] but Plaintiff has pleaded facts in such a vague manner that the nature of the allegation is unclear.  For instance, in paragraph 3 of the Complaint Plaintiff alleges "[e]stablished in 1992, GHM and its affiliates have created and manage some of the world's most highly regard boutique luxury resorts and hotels from its home base in Singapore."[20] The secretary of state filings for Plaintiff make clear that it was not created in 1992.[21]  Additionally, the Complaint refers to "GHM marks;"[22] however, those marks belong to General Hotel Management, Ltd., not Plaintiff.[23]

This inappropriate confusion of identities means that Plaintiff is asserting claims for damages to interests it does not own.  For instance, Defendants are alleged to have "seized control of GHM's 'GHM Americas' mail server" and thereby blocked access to the "property of and used by GHM's parent company for all of its email correspondence, not just correspondence related to the Hotel."[24]  Plaintiff alleges that the email correspondence belongs to it while

---

[19] *See* Notice of Removal (Doc. 1) at 8-11.

[20] *See* Complaint at 2, ¶ 3.

[21] *See* Printout from Florida Secretary of State (identifying the date of formation as October 29, 2004) , attached as Exhibit 1; Notice of Removal (Doc. 1) at 8-9.

[22] *See* Complaint at 4, ¶ 12; *id.* at 10, ¶ 31.

[23] *See* Printout from the Trademark Electronic Search System of the United States Patent and Trademark Office (showing that the trademark "GHM" belongs to General Hotel Management, Ltd.), attached as Exhibit 2; Notice of Removal (Doc. 1) at 9-10.

[24] *See* Complaint at 11, ¶ 34.

simultaneously saying that the correspondence belongs to its parent company.  If the email correspondence belongs to the parent company, then the parent company should appear and assert its interests, but if it belongs to Plaintiff, then injury to the parent company is irrelevant to Plaintiff's claims.

Similarly, Plaintiff claims it earns money by "entering into long term management contracts," as if it had ever entered into a management contract other than at the Hotel.[25] Plaintiff alleges that Defendants have harmed business at "GHM's other properties worldwide," even though Plaintiff has no such properties.[26]  Plaintiff alleges that Defendants have disrupted employment relationships in a way that "severely impacts GHM's ability to take on other management projects" even though Plaintiff does not take other projects.[27]

In the Complaint as written, Plaintiff is making blatantly false statements of fact regarding its own business.  However, rather than imposing sanctions, Plaintiff should be given an opportunity to replead to make clear the distinctions between General Hotel Management, Ltd. and Plaintiff GHM (South Beach) LLC.

---

[25] *See* Complaint at 14, ¶ 43.

[26] *See* Complaint at 15, ¶ 45.

[27] *See* Complaint at 16, ¶ 48.

**B.**     **Pursuant To Federal Rule Of Civil Procedure 12(b)(6), Counts IV, V, VII, IX, X, And XI Of Plaintiff's Complaint Should Be Dismissed.**

    **1.**     **Count IV (tortious interference with employment relationships) should be dismissed.**

In Count IV of the Complaint, Plaintiff purports to assert a claim that SMB tortiously interfered with the relationship between Plaintiff and its employees.  Plaintiff fails to state a claim for at least three reasons and, accordingly, Count IV of the Complaint should be dismissed.

First, as is the case with all of its other claims against SMB, Plaintiff has pled no "factual enhancement" establishing that SMB, as opposed to some other defendant, engaged in any of the conduct alleged.  As set forth above, SMB is barely mentioned in the factual section of the Complaint.  Plaintiff has not identified any agents, representatives, officers, or employees of SMB that were purportedly involved in any of the acts alleged.  In fact, Plaintiff does not even allege that any agents, representatives, officers, or employees of SMB were present in Florida when any of the alleged acts occurred.  SMB is merely included in the alleged wrongdoing of other Defendants, which is insufficient for the Court to infer that it is plausible that SMB, as opposed to some other person, did something wrong.[28]

Second, Plaintiff cannot state a claim for the hiring away of employees because, under Florida law, SMB had a privileged right to do so.[29]  Plaintiff does not allege any facts supporting

---

[28] *See Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'").

[29] *See In re Maxxim Med. Group, Inc.*, 434 B.R. 660, 688 (Bankr. M.D. Fla. 2010) ("A competitor is privileged to hire away an employee whose employment is terminable at will."); *Fiberglass Coatings, Inc. v. Interstate Chem., Inc.*, 16 So. 3d 836, 838 (Fla. 2d DCA 2009) ("Causation requires a plaintiff to 'prove that the defendant manifested a specific intent to interfere with the business relationship.'  No liability will attach unless it is established 'that the

8

a reasonable inference that SMB sought to hire Plaintiff's present or former employees with the specific intent to harm Plaintiff, rather than to advance SMB's own business interests.[30] Accordingly, Plaintiff cannot establish a claim for tortious interference.

Third, Plaintiff cannot state a claim for tortious interference with employment relationships because it is an instrumentality of an entity with an interest in the relationship between Plaintiff and its employees. Under Florida law:

> For the interference to be unjustified, the interfering defendant must be a third party, a stranger to the business relationship. A defendant is not a "stranger" to a business relationship if the defendant has any beneficial or economic interest in, or control over, that relationship. . . . [A] defendant is not a stranger to a business relationship, and thus cannot be held liable for tortious interference, when it has a supervisory interest in how the relationship is conducted or a potential financial interest in how a contract is performed.[31]

The employees of Plaintiff at the Hotel were sub-agents of Owner for which Owner had a financial interest in the performance of their duties.[32] Accordingly, SMB's actions as an instrumentality of Owner are privileged, and the tortious interference claim should be dismissed.

---

defendant intended to procure a breach of the contract.' 'One does not induce another to commit a breach of contract with a third person under the rule stated in this Section when he merely enters into an agreement with the other with knowledge that the other cannot perform both it and his contract with the third person.'") (quotations omitted).

[30] *Romika-USA, Inc. v. HSBC Bank USA, N.A.*, 514 F. Supp. 2d 1334, 1339 (S.D. Fla. 2007) ("[A] company's actions are justified when undertaken to protect its own business interests.").

[31] *Palm Beach County Health Care Dist. v. Prof'l Med. Educ., Inc.*, 13 So. 3d 1090, 1094 (Fla. 4th DCA 2009) (quotations omitted).

[32] *See* Management Agreement at 3, art. 1 § 1 ("The Operator, as the sole agent of Owner, will act in accordance with the terms and conditions hereinafter set forth"), attached as Exhibit A to the Complaint; Management Agreement at 8, art. VII, § 2.3 ("All staff and other operating and service employees employed at the Hotel shall be or be deemed to be for all purposes the employees of the Operator.").

2.      **Count V (tortious interference with purported business relationships with private residences) should be dismissed.**

In Count V of the Complaint, Plaintiff purports to assert a claim that SMB tortiously interfered with "separate contracts to manage certain private residences at the Setai participating in a 'rental program.'"[33]  Plaintiff fails to state a claim for at least three reasons and, accordingly, Count V of the Complaint should be dismissed.

<u>First</u>, like all of its claims against SMB, Plaintiff has pleaded no "factual enhancement" showing that SMB, as opposed to some other defendant, engaged in the conduct alleged.

<u>Second</u>, Plaintiff has failed to allege that SMB specifically intended to interfere with any business relationship.  Plaintiff merely alleges that SMB knew there were contracts, that SMB participated in "ousting" Plaintiff from the Hotel, and that such ouster had the consequence of interfering with Plaintiff's ability to maintain and continue those contracts.[34]  However, specific intent to damage a business relationship, not just knowledge of a business relationship, is required to state a claim for tortious interference.[35]  Because Plaintiff has failed to plead, and

---

[33] *See* Complaint at 21, ¶ 77.

[34] *See* Complaint at 21, ¶¶ 77-78.

[35] *See Romika-USA, Inc.*, 514 F. Supp. 2d at 1339 ("To be liable for tortious interference a defendant must have both the intent to damage the business relationship and a lack of justification for doing so.") (quotation omitted); *Fiberglass Coatings*, 16 So. 3d at 838; *Chicago Title Ins. Co. v. Alday-Donalson Title Co. of Fla., Inc.*, 832 So. 2d 810, 814 (Fla. 2d DCA 2002) ("In considering the element of causation, Florida courts have held that the plaintiff must plead and prove that the defendant manifested a specific intent to interfere with the business relationship. Thus, even if the defendant is aware of the existing business relationship, the defendant will not be liable for tortious interference with that relationship unless there is evidence that the defendant intended to procure a breach of the contract.") (quotation omitted).

cannot plead, that SMB had the specific intent to harm Plaintiff, Plaintiff's claim should be dismissed.

Third, Plaintiff has failed to plead any facts that show that it is plausible that SMB's actions were without justification.  Under Florida law, "a company's actions are justified when undertaken to protect its own business interests."[36]  Plaintiff has alleged no facts to show that SMB did anything other than protect its own business interests.  Moreover, Plaintiff has not alleged any acts of SMB that were improper.  The facts alleged against SMB are that it "participated in orchestrating the improper raid of the Hotel and ouster of GHM from the Hotel;" however, those allegations do not establish that SMB did anything improper.  Plaintiff had no legal right to possession of the Hotel[37] and, thus, once Owner had terminated the agency relationship between it and Plaintiff, SMB was free to enter onto the Hotel property with the consent of Owner.  Accordingly, the tortious interference claim must be dismissed.

**3.**      **Count VII (violation of the Florida Trade Secrets Act) should be dismissed.**

In Count VII of the Complaint, Plaintiff purports to assert a claim under the Florida Trade Secrets Act.  Plaintiff fails to state a claim for at least four reasons and, accordingly, Count VII of the Complaint should be dismissed.

First, like all of its claims against SMB, Plaintiff has pleaded no "factual enhancement" showing that SMB, as opposed to some other defendant, engaged in the conduct alleged.

---

[36] *Romika-USA, Inc.*, 514 F. Supp. 2d at 1339.

[37] *See* Management Agreement at 6-7, art. VII § 1 ("[T]he Operator will be acting only as the appointed representative of the Owner, and nothing in this Agreement shall be construed as creating a tenancy, partnership, joint venture or any other relationship between the parties hereto.").

11

<u>Second</u>, Plaintiff has failed to plead any facts showing that it is plausible that any of the materials alleged by Plaintiff to be confidential are in fact trade secrets. Tellingly, Plaintiff does not even use the words "trade secret" to describe the information that was purportedly misappropriated.[38] Under the Florida Uniform Trade Secrets Act, a "trade secret" is information that (1) "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use" and (2) "is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."[39]

Plaintiff does not, and cannot, allege that the purported information is not "readily ascertainable by proper means." Indeed, in light of the fact that Owner had the right under the Management Agreement to inspect all records relating to or reflecting the operation of the Hotel,[40] all of the materials identified by Plaintiff (standard operating manuals, training manuals, and employees files) were readily accessible by Owner and its designees.[41] Accordingly, the information was not a trade secret and the claim must be dismissed.

---

[38] *See* Complaint at 23, ¶¶ 87-94 (purporting to allege a trade secret claim but conspicuously failing to even use the words "trade secret").

[39] § 688.002(4), Fla. Stat. (1997).

[40] *See* Management Agreement at 11, art. XI § 1 ("The books of account and all other records relating to, or reflecting, the operation of the Hotel shall be kept at the Hotel and shall be available to the Owner and its duly authorized representatives for examination, audit, inspection and copying.").

[41] *See* Complaint at 23, ¶ 87 (identifying the purported "confidential and proprietary information and materials" as "including standard operating procedure manuals, training manuals, and employee files").

In addition, Plaintiff does not identify any efforts that it took to maintain the secrecy of the unnamed "trade secrets."  Plaintiff does not allege that employees signed confidentiality agreements, that the materials were kept under lock and key, or that any particular measure was taken to protect the secrecy of information.[42]  Accordingly, Plaintiff has failed to show that it is plausible that the information constitutes a trade secret, and the claim must be dismissed.

Third, even if the alleged "confidential and proprietary information and materials" were trade secrets, Plaintiff has failed to allege facts showing any misappropriation of such trade secrets.  Based on the allegations in the Complaint, Plaintiff's theory appears to be that:  (1) there was proprietary information at the Hotel; and (2) mere "failure to return" such information "constitutes misappropriation."[43]  However, "failure to return" information does not constitute misappropriation.

Under the Florida Uniform Trade Secrets Act, misappropriation is either:  (1) "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means" or (2) "disclosure or use of a trade secret of another without express or implied consent by a person" under three particular circumstances.[44]  Plaintiff does not allege that any of the information was:  (1) acquired by improper means as

---

[42] Given that standard operating procedure manuals were located in unlocked public areas of the Hotel and some computer servers did not even have password protections, it is doubtful that Plaintiff can plead in good faith that reasonable measures were untaken to protect the secrecy of information.

[43] *See* Complaint at 23, ¶ 93 ("The Defendants' failure to return GHM's confidential information and proprietary information and materials constitutes misappropriation, in violation of Florida Statutes Section 688.001, et. seq.").

[44] § 688.002(2), Fla. Stat. (1997).

defined in the statute; or (2) used or disclosed—much less that the information was acquired by improper means, used, or disclosed by SMB.  A mere "failure to return" does not constitutes misappropriation, and accordingly, Plaintiff has failed to allege a claim for trade secret misappropriation.

Fourth, Plaintiff has failed to allege facts that show that it is plausible that Plaintiff, as opposed to General Hotel Management, Ltd., owns the materials alleged by Plaintiff to be confidential.  For instance, Plaintiff alleges that it "brought its confidential and proprietary information and materials . . . to the Hotel."[45]  However, Plaintiff, as opposed to General Hotel Management, Ltd., does not manage any other hotels, and therefore, Plaintiff cannot have "brought" any materials to the Hotel.  Accordingly, Plaintiff has failed to allege facts showing that it is plausible that the alleged confidential information belongs to Plaintiff, as opposed to General Hotel Management, Ltd.

### 4.      Count IX (conversion) should be dismissed.

In Count IX of the Complaint, Plaintiff purports to assert a "conversion" claim against SMB.  Plaintiff fails to state a claim for at least four reasons and, accordingly, Count IX of the Complaint should be dismissed.

First, like all of its claims against SMB, Plaintiff has pleaded no "factual enhancement" showing that SMB, as opposed to some other defendant, engaged in the conduct alleged.

Second, while Plaintiff alleges that "Defendants' conduct during and after the unlawful raid permanently and indefinitely deprived the GHM of a vast amount if its property," Plaintiff does not allege that any agent, employee, or officer of SMB has or had possession of any such

_____

[45] _See_ Complaint at 23, ¶ 87.

property purportedly belonging to Plaintiff.  As this Court has previously held, "the essence of conversion is not the possession of property by the wrongdoer but rather such possession in conjunction with a present intent . . . to deprive the person entitled to possession of the property."[46]  Possession of property, not "conduct," constitutes conversion, and a failure to plead that SMB possesses or possessed property belonging to Plaintiff is fatal to its claim for conversion.

Third, Plaintiff has not and cannot allege that Plaintiff demanded SMB return the alleged property and that SMB refused to return the alleged property.  To state a claim for conversion, a Plaintiff must allege that either a demand was made and refused or that a demand would be futile, and a failure to so plead requires dismissal.[47]  Plaintiff cannot allege that it has made a demand on SMB that has been refused.

Fourth, Plaintiff has failed to plead facts establishing ownership of the alleged property. To the contrary, Section 1 of Article XI of the Management Agreement between Owner and General Hotel Management, Ltd. provides:

> The books of account and all other records relating to, or reflecting, the operation of the Hotel shall be kept at the Hotel . . . All such books and records shall be the

---

[46] *Small Business Admin. v. Echevarria*, 864 F. Supp. 1254, 1263 (S.D. Fla. 1994) (*quoting Senfeld v. Bank of Nova Scotia Trust Co. (Cayman) Ltd*., 450 So. 2d 1157, 1161 (Fla. 3d DCA 1984)).

[47] *See Gordon v. Beary*, 444 Fed. App'x 427, 435 (11th Cir. 2011) ("Because Gordon did not demand return of the seized property before her possessory interest in that property terminated, she has no claim for conversion against the Sheriff."); *In re Meridian Asset Mgmt., Inc*., 296 B.R. 243, 264-65 (Bankr. N.D. Fla. 2003) ("Additionally, in Florida, one bringing an action for conversion must show that either a demand was made, or, if not made, plead that such a demand would have been futile. 'Demand is an essential element in any claim for conversion and failure to make such a demand or allege the futility of doing so is fatal.'" *quoting Ginsberg v. Lennar Fla. Holdings*, 645 So. 2d 490, 500 (Fla. 3d DCA 1994))).

property of the Owner . . . Upon the termination of the Agreement, all of such books and records up to the date of termination shall forthwith be delivered up to Owner so as to ensure the orderly continuance of the operation of the Hotel. . . .[48]

Therefore, all of the items asserted by Plaintiff to be its property, other than purported attorney-client communications and items belonging to employees, constitute Hotel-related books and records and are the property of Owner.[49]  The items belonging to employees are not Plaintiff's property, and Plaintiff has alleged no facts establishing that any purported attorney-client communications located at the Hotel involved GHM (South Beach) LLC as opposed to General Hotel Management, Ltd.  Accordingly, Plaintiff has failed to state a claim because Plaintiff has failed to allege facts showing that it is plausible that SMB converted any property belonging to Plaintiff.[50]

   **5.**   <u>**Count X ("conversion of business interest") should be dismissed.**</u>

In Count X of the Complaint, Plaintiff purports to assert a "conversion of business interest" claim against SMB.  Plaintiff fails to state a claim for at least four reasons and, accordingly, Count XI of the Complaint should be dismissed.

<u>First</u>, like all of its claims against SMB, Plaintiff has pleaded no "factual enhancement" showing that SMB, as opposed to some other defendant, engaged in the conduct alleged.

---

[48] Management Agreement at 11, art. XI § 1 (emphasis added).

[49] *See* Complaint at 25, ¶ 101 ("This property includes, but is not limited to GHM operating procedure manuals, employee files, training manual, attorney-client communications, global operations documentation, style guides, guest profile databases, GHM P&P files, supplier lists and contracts, accounting books and records, personal belongings and effects of GHM employees.").

[50] *See Iqbal*, 556 U.S. at 677-78 ("A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial

16

Second, while Plaintiff alleges that SMB "wrongfully deprived" it of "a valuable intangible property interest, namely GHM's business venture at the hotel," Plaintiff does not and cannot allege that SMB has or had possession of any "business interest" belonging to GHM.[51] As this Court has previously held, "the essence of conversion is not the possession of property by the wrongdoer but rather such possession in conjunction with a present intent . . . to deprive the person entitled to possession of the property."[52]   A failure to plead that SMB possesses or possessed property belonging to Plaintiff is fatal to a claim for conversion.

Third, Plaintiff did not allege that Plaintiff demanded the return of any alleged property and that SMB refused to return alleged property.   Accordingly, Plaintiff has failed to state a claim for conversion.[53]

Fourth, Plaintiff's failure to plead the above requirements arises from the incurable defect in Plaintiff's claim:  Plaintiff did not have a property interest capable of conversion.  Courts have uniformly held that hotel management agreements do not provide hotel managers with a vested

---

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (quotation omitted).

[51] *See* Complaint at 26, ¶ 105.

[52] *See Small Business Admin.*, 864 F. Supp. at 1263.

[53] *See Gordon*, 444 Fed. App'x at 435 ("Because Gordon did not demand return of the seized property before her possessory interest in that property terminated, she has no claim for conversion against the Sheriff."); *In re Meridian Asset Management, Inc*., 296 B.R. at 264-65 ("Additionally, in Florida, one bringing an action for conversion must show that either a demand was made, or, if not made, plead that such a demand would have been futile. 'Demand is an essential element in any claim for conversion and failure to make such a demand or allege the futility of doing so is fatal.'").

property interest.[54]   Simply put, Plaintiff had no property for SMB to convert, especially once Owner terminated the management agreement.   Accordingly, Plaintiff cannot state a claim for conversion, and Count X should be dismissed.

### 6.        Count XI (conspiracy) should be dismissed.

In Count XI of the Complaint, Plaintiff purports to assert a conspiracy claim against SMB.  Plaintiff fails to state a claim for at least three reasons and, accordingly, Count XI of the Complaint should be dismissed.

First, like all of its claims against SMB, Plaintiff has pleaded no "factual enhancement" showing that SMB, as opposed to some other defendant, engaged in the conduct alleged.

Second, Plaintiff has failed to state a claim for conspiracy because Plaintiff has failed to plead an underlying tort.[55]   Plaintiff alleges that Defendants agreed to "deprive GHM of its

---

[54]      *See   FHR   TB,   LLC   v.   TB   Isle   Resort,   LP*., No. 11–23115–CIV– GRAHAM/GOODMAN, 2011 WL 4914715, at \*21 (S.D. Fla. Oct. 14, 2011) ("Since agent does not have a property interest in the subject of the agency, its agency is revocable") (internal formatting omitted); *Woolley v. Embassy Suites, Inc*., 278 Cal. Rptr. 719, 726 (Cal. App. 1991) ("The agency must be created for the benefit of the agent in order to protect some title or right in the subject of the agency or secure some performance to him. Here, the sole interest of Embassy in the management contract is a 'management fee' of five percent of the gross revenue from the hotel. Monetary compensation, in whatever form it may take, does not create a power coupled with an interest so as to make the agency irrevocable.") (internal citations omitted); *Government Guarantee Fund of Republic of Finland v. Hyatt Corp*., 95 F.3d 291, 305 (3d Cir. 1996)  ("Hyatt next argues that its contribution of its trademarks and trade names, chain services, and management expertise was and is 'an integral and valuable part of the business known as the 'Hyatt Regency St. John.' . . . As a matter of law, we agree with the district court that Hyatt's contribution of its trademarks and trade names, chain services, and management expertise to the hotel was merely a normal incident of an agency relationship, and did not create an irrevocable agency.").

[55] *See Silver v. Countrywide Home Loans, Inc*., 760 F. Supp. 2d 1330, 1343 (S.D. Fla. 2011) ("[A]n actionable conspiracy requires an actionable underlying tort or wrong.") (quotation omitted).

business interest as manager of the Hotel, steal the employees it recruited and trained, and misappropriate its trade secrets and proprietary information;" however, as set forth above, Plaintiff has failed to state an actionable claim for any of those purported wrongs.  Accordingly, this count must be dismissed.

Third, Plaintiff has failed to set forth any facts establishing an agreement to undertake any tortious activity.  Plaintiff's only allegation purporting to support the existence of an agreement is that Owner, Trevi, and SMB purportedly participated jointly in the raid.  However, without additional factual basis suggesting the existence of an agreement, joint conduct is insufficient to state a claim for conspiracy.[56]  Accordingly, Plaintiff has failed to state a claim, and this count must be dismissed.

## IV.

## **REQUEST FOR RELIEF**

For the foregoing reasons, SMB requests that the Court enter an order:

(1)     Granting SMB's request for a more definite statement and requiring Plaintiff to:

    (a)     Identify the factual allegations supporting each count;

    (b)     State the acts or omissions of SMB's agents or representatives that Plaintiff contends subject SMB to liability; and

    (c)     Make clear the distinctions between General Hotel Management, Ltd. and Plaintiff GHM (South Beach) LLC;

---

[56] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) ("A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting [an] agreement . . . . [W]ithout that further circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory. . . .").

19

(2)     Dismissing Counts IV, V, VII, IX, X, and XI of the Complaint SMB; and

(3)     Granting SMB such other relief, at law and in equity, and which the Court deems

        just and proper.

Dated: May 30, 2012                          Respectfully submitted,
       Miami, Florida

                                             s/Elizabeth B. Honkonen
                                             Richard H. Critchlow, Esq.
                                             (Florida Bar No. 155227)
                                             rcritchlow@knpa.com
                                             Elizabeth B. Honkonen, Esq.
                                             (Florida Bar No. 149403)
                                             ehonkonen@knpa.com
                                             KENNY NACHWALTER, P.A.
                                             201 South Biscayne Boulevard, Suite 1100
                                             Miami, Florida  33131-4327
                                             Telephone:     (305) 373-1000
                                             Facsimile:     (305) 372-1861

                                                       - and -

                                             William A. Brewer III
                                             (*pro hac vice* application filed)
                                             wab@bickelbrewer.com
                                             James S. Renard
                                             (*pro hac vice* application filed)
                                             jsr@bickelbrewer.com
                                             Jack G. B. Ternan
                                             (*pro hac vice* application filed)
                                             jgt@bickelbrewer.com
                                             BICKEL & BREWER
                                             4800 Comerica Bank Tower
                                             1717 Main Street
                                             Dallas, Texas  75201
                                             Telephone:     (214) 653-4000
                                             Facsimile:     (214) 653-1015

                                             **COUNSEL FOR DEFENDANT SMB
                                             MANAGEMENT LLC**

                                             20

## <u>CERTIFICATE OF SERVICE</u>

**I certify** that on May 30, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>s/Elizabeth B. Honkonen                    </u>

21

## SERVICE LIST

*GHM (South Beach LLC) v. Setai Owners LLC, et al.*
**CASE NO. 1:12-cv-21932-KMM/TORRES**
**United States District Court, Southern District of Florida**

Kenneth R. Hartmann, Esq. (Florida Bar No. 664286)
krh@kttlaw.com
Daniel F. Benavides, Esq. (Florida Bar No. 81675)
dfb@kttlaw.com
Douglas A. Wolfe, Esq. (Florida Bar No. 28671)
daw@kttlaw.com
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone:     (305) 372-1800
Facsimile:     (305) 372-3508
*Counsel for Plaintiff*
**[VIA CM/ECF]**

Richard H. Critchlow, Esq. (Florida Bar No. 155227)
rcritchlow@knpa.com
Elizabeth B. Honkonen, Esq. (Florida Bar No. 149403)
ehonkonen@knpa.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
Suite 1100
Miami, Florida 33131-4327
Telephone:     (305) 373-1000
Facsimile:     (305) 372-1861
*Counsel for Defendants Setai Owners LLC and SMB Management LLC*
**[VIA CM/ECF]**

William A. Brewer, III
wab@bickelbrewer.com
James S. Renard
jsr@bickelbrewer.com
Jack G. Ternan
jgt@bickelbrewer.com
Bickel & Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas 75201
Telephone:     (214) 653-4000
Facsimile:     (214) 653-1015
*Counsel for Defendants Setai Owners LLC and SMB Management LLC*
**[VIA U.S. MAIL]**

22