**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:12-cv-21932-KMM / TORRES**

GHM (SOUTH BEACH) LLC, a Delaware
limited liability company,

 Plaintiff,

v.

SETAI OWNERS LLC, a Delaware limited
liability company, TREVI LUXURY
HOSPITALITY GROUP, INC., a Texas
corporation, and SMB MANAGEMENT
LLC, a Florida limited liability company,

 Defendants.
_____/

**DEFENDANT SETAI OWNERS LLC'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO PERMANENTLY ENJOIN OR,
IN THE ALTERNATIVE, FOR A PRELIMINARY INJUNCTION ENJOINING
DEFENDANT SETAI OWNERS LLC FROM PROCEEDING WITH
THE ARBITRATION FILED BEFORE THE INTERNATIONAL COURT
<u>OF ARBITRATION OF THE INTERNATIONAL CHAMBER OF COMMERCE</u>**

Defendant Setai Owners LLC ("Owner") files this Response in Opposition to Plaintiff's Motion to Permanently Enjoin or, in the Alternative, for a Preliminary Injunction Enjoining Defendant Setai Owners LLC from Proceeding with the Arbitration Filed Before the International Court of Arbitration of the International Chamber Of Commerce ("Motion") (D.E. 1 at Exhibit 2), as follows:

I.

**PRELIMINARY STATEMENT**

Plaintiff's Motion is so lacking in merit in so many respects as to call into question the reasons for its continued prosecution in this Court. The Motion is predicated on arguments that, as a matter of law, must be addressed to, and resolved by, the arbitration tribunal in the pending proceeding before the International Court of Arbitration in Paris. Indeed, Plaintiff has already nominated its party-appointed arbitrator in that proceeding, and Plaintiff is scheduled to file its response to Owner's Request for Arbitration on June 13, 2012.

Apart from the dispositive fact that the arbitrators are to decide the arbitration-related issues raised in the Motion, Plaintiff's arguments are without merit and do not, in any event, meet the necessary standards for the issuance of preliminary or permanent injunctive relief. Accordingly, the Motion should be denied.

II.

**FACTUAL AND PROCEDURAL BACKGROUND**

Owner is the developer and primary owner of the Setai Resort & Residences (the "Hotel") located in Miami Beach, Florida. Until March 31, 2012, General Hotel Management, Ltd., a British Virgin Islands company with its principal place of business in Singapore ("GHM"), and GHM (South Beach) LLC ("Plaintiff") acted as Owner's agents in the management of the Hotel under a Management Agreement dated March 20, 2000 (the "Management Agreement").[1] Article XXVI(1) of the Management Agreement provides:

---

[1] *See* Management Agreement (Exhibit 1 hereto at Exhibit A).

> The parties agree that in all matters relating to this Agreement, whether during its substance or after its termination, and also in all matters concerning the provisions of this Agreement where any question or dispute or difference shall be settled in mutual good faith. In case of failure by the parties to reach an amicable settlement, such difference or dispute shall be finally settled through a Board of Arbitrators in accordance with the Rules of Conciliation and Arbitration of the International Chamber of Commerce. The venue of arbitration shall be Dade County, Florida.[2]

After years of failed attempts to cause GHM and Plaintiff to comply with their obligations, on March 31, 2012, Owner terminated the Management Agreement and initiated an arbitration against GHM and Plaintiff in the International Court of Arbitration of the International Chamber of Commerce located in Paris, France.[3] In that arbitration, Owner seeks, among other relief, millions of dollars in damages caused by GHM and Plaintiff's mismanagement of the Hotel and declaratory relief that Owner's termination was proper.

On May 2, 2012, in an effort to avoid its arbitration obligation, Plaintiff commenced the present lawsuit in state court and, on May 7, 2012, filed its Motion. By Notice of Removal dated May 23, 2012 (the "Notice of Removal"), Owner removed the case to this Court pursuant to 9 U.S.C. § 205, which provides for removal of actions relating to international arbitration agreements.[4] On May 30, 2012, Owner filed a motion for more definite statement and to dismiss (the "Motion to Dismiss"),[5] in which it seeks the dismissal of Plaintiff's claims for declaratory and injunctive relief relating to the pending arbitration because of Plaintiff's failure to state a

---

[2] *Id.* at 21, art. XXVI § 1.

[3] *See* Request for Arbitration (Exhibit 1 hereto).

[4] *See* Notice of Removal (D.E. 1).

[5] *See* Defendant Setai Owners LLC's Motion for More Definite Statement and Motion to Dismiss with Incorporated Memorandum of Law (D.E. 11).

claim upon which relief can be granted.[6]  Owner hereby incorporates into this Opposition the factual bases and evidence set forth in and supporting its Motion to Dismiss and Notice of Removal.

### III.

### SUMMARY OF OPPOSITION

Plaintiff seeks a preliminary and/or permanent injunction "enjoining Owner from proceeding with the arbitration proceedings before the International Court of Arbitration of the International Chamber of Commerce filed by Owner."[7]  In support of that extraordinary (and demonstrably improper) request, Plaintiff asserts that Owner's claims in arbitration are not arbitrable because Owner allegedly failed to comply with certain conditions precedent to the initiation of arbitration and, as a result, somehow waived the right to arbitrate.

Plaintiffs' Motion should be denied for at least three independent reasons.  <u>First</u>, the Arbitral Tribunal in the pending proceeding in the International Court of Arbitration, rather than the Court, must determine any questions regarding the satisfaction of conditions precedent to arbitration and waiver of arbitration.  <u>Second</u>, beyond constituting matters to be decided in the arbitration, Plaintiff's arguments regarding the satisfaction of conditions precedent and waiver are without merit.  <u>Third</u>, in any event, Plaintiff has not established an entitlement to either permanent or preliminary injunctive relief under the applicable standards.

---

[6] *See* Motion to Dismiss at 7-9.

[7] *See* Motion at 14.

## IV.

## ARGUMENTS AND AUTHORITIES

A.  **The Arbitration Tribunal, Rather Than The Court, Must Determine Questions Regarding Arbitration-Related Conditions Precedent And Waiver.**

Plaintiff's assertion that the arbitration must be enjoined because of a failure of conditions precedent and/or a waiver is without merit because only the arbitrators can decide that issue. The United States Supreme Court has made clear that questions of arbitration-related waiver and conditions precedent are to be decided by the arbitrators, not the courts.[8] The Eleventh Circuit recently confirmed that while the issue of waiver by litigation conduct (*i.e.* filing a lawsuit and then seeking to enforce arbitration) is a question for the courts, the question of waiver through failure to comply with conditions precedent is a question for the arbitrators.[9]

---

[8] *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85 (2002) ("Thus procedural questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide. So, too, the presumption is that the arbitrator should decide allegations of waiver, delay, or a like defense to arbitrability. Indeed, the Revised Uniform Arbitration Act of 2000, seeking to incorporate the holdings of the vast majority of state courts and the law that has developed under the Federal Arbitration Act, states that an 'arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled.' And the comments add that in the absence of an agreement to the contrary, issues of . . . procedural arbitrability, i.e., whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide.") (internal punctuation and citations omitted, emphasis in original); *see also PTA-FLA, Inc. v. ZTE USA, Inc.*, No. 3:11–cv–510–J–32JRK, 2011 WL 5024647, at *4 (M.D. Fla. Oct. 31, 2011).

[9] *See Grigsby & Associates, Inc. v. M Securities Inv.*, 664 F.3d 1350, 1353 (11th Cir. 2011) ("In *Howsam* the Supreme Court listed as issues presumptively for the arbitrator 'allegations of waiver, delay, or a like defense to arbitrability.' . . . Circuits, in the most part, treated *Howsam*'s use of the term 'waiver' as referring not to conduct-based waiver, but to a 'defense arising from non-compliance with contractual conditions precedent to arbitration.' The reasoning of the First, Third, and Sixth Circuits is persuasive to us.") (internal citations and punctuation omitted).

Plaintiff's reliance on two prior decisions refusing to compel arbitration based on a failure to meet conditions precedent is misplaced.[10] As another court recently noted, those decisions were superseded by the United States Supreme Court's decision in *Howsam*, which held that the question of whether conditions precedent to arbitration have been met is a question for the arbitrators, not a court, to determine.[11]

Finally, when a party agrees to a set of procedures to determine arbitrability, those procedures govern whether the court or an arbitrator determines arbitrability.[12] Here, the parties agreed to arbitrate according to the rules of arbitration of the International Chamber of Commerce.[13] Those rules provide that questions of arbitrability are to be decided by the arbitrators.[14] Accordingly, only the arbitrators, and not the Court, can determine whether the claims asserted are arbitrable. Plaintiff's Motion should, therefore, be denied.

---

[10] *See* Motion at 7-8 (relying on *Kemiron Atl., Inc. v. Aguakem Int'l, Inc.*, 290 F.3d 1287 (11th Cir. 2002) and *HIM Portland LLC v. Devito Builders Inc.*, 317 F.3d 41, 44 (1st Cir. 2003)).

[11] *See PTA-FLA, Inc.*, 2011 WL 5024647, at *3-4 ("Whether those steps satisfy the condition precedent in paragraph 20 of the Agreement is not for this Court to decide. Pursuant to *Howsam*, an arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled.").

[12] *See Rent-A-Center, West, Inc. v. Jackson*, ___ U.S. ___, 130 S. Ct. 2772, 2776 (2010) ("We have recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."); *In re Checking Account Overdraft Litigation MDL No. 2036*, 674 F.3d 1252, 1256 (11th Cir. 2012) ("An arbitrator, not the district court, must decide whether those claims are within the scope of the arbitration agreement.").

[13] *See* Management Agreement at 21, art. XXVI § 1 (Exhibit 1 hereto at Exhibit A).

[14] *See* 2012 Arbitration and ADR Rules of the International Court of Arbitration of the International Chamber of Commerce at 14, art. 6(3) ("If any party against which a claim has been made does not submit an answer, or raises one or more pleas concerning the existence, validity or scope of the arbitration agreement or concerning whether all of the claims made in the

B.  **Apart From Constituting Matters To Be Decided In The Pending Arbitration, Plaintiff's Arguments Regarding Conditions Precedent To Arbitration And Waiver Of Arbitration Are Without Merit.**

1.  **Plaintiff's argument regarding alleged conditions precedent to arbitration is without merit.**

Plaintiff asserts that Owner "violated the Management Agreement provisions requiring engaging in dispute resolution as a precondition to arbitration."[15] That allegation is incorrect for two reasons.

a.  **There were no "dispute resolution" conditions precedent to arbitration.**

The now-terminated Management Agreement is devoid of any contractually-mandated, pre-arbitration "dispute resolution" process. The operative arbitration provision of the Management Agreement consists of two sentences:

> In case of failure by the parties to reach an amicable settlement, such differences or dispute shall be finally settled through a Board of Arbitrators in accordance with the Rules of Conciliation and Arbitration of the International Chamber of Commerce. The venue of the arbitration shall be Dade County, Florida.[16]

As the foregoing makes clear, unsettled (*i.e.*, unresolved) disputes <u>must</u> be arbitrated. Disputes settled prior to such arbitration, obviously, do not require arbitration. Thus, those provisions establish no condition precedent other than the existence of an unresolved dispute.

---

arbitration may be determined together in a single arbitration, the arbitration shall proceed and any question of jurisdiction or of whether the claims may be determined together in that arbitration shall be decided directly by the arbitral tribunal, unless the Secretary General refers the matter to the Court for its decision pursuant to Article 6(4).").

[15] *See* Motion at 4.

[16] *See* Management Agreement at 21, Art. XXVI(1) (Exhibit 1 hereto at Exhibit A).

However, Plaintiff also attempts to rely on the sentence preceding the above-quoted arbitration provision which states, in incomplete and ungrammatical fashion: "The parties agree that in all matters relating to this Agreement, whether during its substance [sic] or after its termination, and also in all matters concerning the provisions of this Agreement where any question or dispute or difference shall be settled in mutual good faith [sic]."[17]  To the extent that Plaintiff asserts that the above-quoted *non*-sentence constitutes a mandate on private settlement of all disputes (*i.e.*, an agreement to agree) – and, thus, a prohibition on any unresolved disputes – Plaintiff's interpretation goes too far.  As demonstrated above, the two subsequent sentences of Article XXVI(1) contemplate the existence of unresolved disputes necessitating resolution by arbitration.

Furthermore, that non-sentence does <u>not</u>, by its terms, require pre-arbitration mediation, negotiation, prior notice, or opportunity to cure.  In fact, Plaintiff's notice-and-cure argument confuses the contractual right of termination (set forth in Art. XXIV(1.1) of the Management Agreement[18]) with the contractual mandate to arbitrate unresolved disputes (set forth in Art. XXVI[19]).  The two are entirely separate matters governed by different provisions of the Management Agreement.  Thus, Owner could have initiated an arbitration prior to termination or without any termination whatsoever.  Likewise, Owner could have terminated the Management Agreement without initiating an arbitration.  The contractual notice-and-cure provisions relating to termination of the Management Agreement have nothing to do with arbitration.  Furthermore,

---

[17] *Id.*

[18] *See id.* at 15-16.

[19] *See id.* at 21.

even as to the termination-related notice-and-cure provisions, those provisions in no way affected, or otherwise limited, Owner's common law right to terminate the Management Agreement upon Plaintiff's material breach thereof.[20]  It is that common law right which Owner exercised in terminating the Management Agreement on March 31, 2012.[21]

        **b.**    **Owner attempted to obtain from Plaintiff information relating to its claims, but Plaintiff refused to cooperate.**

As its Request for Arbitration plainly shows, Owner attempted on numerous occasions to obtain information from Plaintiff regarding the very subject of its subsequent claims.[22]  Despite its duties of candor, full disclosure, loyalty, good faith, and fair dealing as Owner's agent and fiduciary, Plaintiff refused those requests for information in the most insubordinate and inappropriate manner.[23]  In short, Plaintiff's condition precedent arguments are without merit.

---

[20] Pursuant to Florida common law, if a party materially breaches a contract, the non-breaching party is discharged from its obligations and may terminate the contract. *See Kaufman v. Swire Pacific Holdings, Inc.*, Case No. 09–20160–CIV, 2011 WL 6780924, at *7 n. 4 (S.D. Fla. Dec. 27, 2011) ("Under contract law, a material breach of a contract allows the non-breaching party to treat the breach as a discharge of his contract liability." (*citing Bradley v. Health Coalition, Inc.*, 687 So. 2d 329, 333 (Fla. 3d DCA 1997))).

[21] *See* Request for Arbitration at 18, ¶ 51 ("Owner's termination was in strict accord with Florida common law, which provides a non-defaulting party the right to terminate a contract within impunity in the event of the party's material breach thereof (which is separate from, and in addition to, the contractual termination rights set forth in Section 1.1 of Article XIX of the Management Agreement).") (Exhibit 1 hereto).

[22] *See id.* at 15-17, ¶¶ 44-48.

[23] *See id.*

### 2. Plaintiff's argument regarding Owner's purported "waiver" of arbitration is without merit.

It is impossible for Plaintiff to meet its "heavy burden" of establishing that a waiver has occurred.[24] Waiver occurs when a party's conduct is inconsistent with an intent to arbitrate.[25] Owner initiated arbitration against Plaintiff on March 31, 2012, *before* Plaintiff initiated a lawsuit against Owner on May 2, 2012.[26] Indeed, relying upon inapposite decisions dealing with a party's waiver of a right to arbitrate by commencing an arbitration too late, Plaintiff argues that Owner waived its right to arbitrate by initiating an arbitration proceeding *too early*. Even if Plaintiff were correct that the arbitration is premature due to the failure to engage in some unspecified pre-arbitration dispute resolution process (which, as shown above, is not the case), the remedy would hardly be litigation. After all, regardless of the extent of the parties' prior efforts to settle Owner's claims, they mutually agreed that the ultimate dispute resolution process would be arbitration – and not court litigation. Owner cannot have intended to waive its right to arbitrate when it, in fact, filed an arbitration request.

Moreover, Plaintiff cannot genuinely contend that it suffered any prejudice from any delay arising from Owner's purported waiver of its right to arbitrate, because Owner promptly initiated arbitration. In addition, Plaintiff cannot possibly prove – and, therefore, does not allege

---

[24] *See Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1200 n. 17 ("Because federal policy strongly favors arbitration, the party who argues waiver 'bears a heavy burden of proof' . . .").

[25] *See Morewitz v. West of England Ship Owners Mut. Protection and Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995) ("Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party.").

[26] *See* Request for Arbitration filed March 31, 2012 (Exhibit 1 hereto).

– that circumstances would have been different or that Owner's claims would have been settled if Owner had only made further attempts to resolve its claims (and obtain information from Plaintiff relating thereto) prior to initiating arbitration. Because Plaintiff cannot establish prejudice, Owner cannot be found to have waived a right to arbitrate.[27]

C.  **Plaintiff Has Not Established, And Cannot Demonstrate, An Entitlement To Preliminary Or Permanent Injunctive Relief.**

Plaintiff's Motion relies on Florida state court injunction standards.[28] While Owner could also show that the Motion has no merit under Florida law, the standards applicable in this Court for the issuance of preliminary and permanent injunctive relief are provided by federal, not state, law. Under the applicable federal standards, Plaintiff has not established, and cannot establish, an entitlement to preliminary or injunctive relief for at least three reasons.

1.  **Plaintiff cannot establish a probability of success on the merits of any cognizable claim for which the requested injunction constitutes available relief.**

Plaintiff alleges that it has established a "substantial likelihood of success on the merits,"[29] but fails to identify any claim (*i.e.*, a cause of action) which it purports to have established. Rather, Plaintiff can only say "that it is likely to succeed in its arguments."[30] That semantical switch (replacing "claims" with "arguments") reflects a fundamental flaw in the

---

[27] *See Krinsk,* 654 F.3d at 1200 ("To determine whether a party has waived its contractual right to arbitrate, courts apply a two-part test: First, they decide if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right, and, second, they look to see whether, by doing so, that party has in some way prejudiced the other party.") (internal punctuation and quotations omitted).

[28] *See* Motion at 6.

[29] *See* Motion at 11.

[30] *Id.*

Motion. Specifically, Plaintiff cannot establish the merits of any underlying claim – because none exists.

In *Klay*,[31] the United States Court of Appeals for the Eleventh Circuit addressed – and rejected – the very arguments Plaintiff asserts here with respect to probability of success on the merits. In the words of the Eleventh Circuit:

> The injunction the plaintiffs sought prevented the defendants from arbitrating certain claims against them. "Wrongful arbitration," however, is not a cause of action for which a party may sue. In initiating an arbitration anyway on those [nonarbitrable] claims, the defendants simply did not violate any of the plaintiffs' legally cognizable rights . . . Consequently, the 2002 Injunction Order is not cognizable or defensible as a "traditional" injunction.[32]
>
> * * *
>
> As noted earlier, however, "wrongful arbitration" is not a cause of action. Thus, even if the plaintiffs were correct in stating that the claims at issue were nonarbitrable, there is still no cause of action for which they would have a likelihood of success. Put another way, the plaintiffs had not stated any legally cognizable claim upon which they could have any likelihood of success on the merits at all. Thus, even viewing this ruling on its own terms, the court misapplied the "likelihood of success" prong for granting injunctive relief.[33]

Simply put, even if Plaintiff were correct (and it is not) that certain of Owner's claims should not be arbitrated, Plaintiff has no *cause of action* to prevent those claims from being arbitrated. Accordingly, application of *Klay* to the pending Motion demonstrates that Plaintiff cannot establish a likelihood of success on the merits of any cognizable claim (*i.e.*, any recognized cause of action).

---

[31] *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092 (11th Cir. 2004).

[32] *Id.* at 1098.

[33] *Id.* at 1112.

## 2. **Plaintiff cannot establish a likelihood of any irreparable harm.**

Plaintiff alleges that it will "undoubtedly suffer irreparable harm" in the absence of injunctive relief.[34] To the contrary, as the Eleventh Circuit also made clear, Plaintiff will suffer no irreparable injury if the arbitration proceeding is not enjoined, even if the arbitration involves non-arbitrable claims. In the words of that court:

> [T]he district court's conclusion regarding irreparable injury was patently wrong. Even if the defendants were permitted to proceed with arbitrating nonarbitrable claims, it is unclear how the plaintiffs would suffer any injury at all, much less irreparable injury. The plaintiffs would not have to participate in the defendants' arbitration proceedings. Even if the defendants obtained a default verdict against them, they would be unable to have it enforced in a district court because a district court is empowered to vacate arbitral awards where the "arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). If a dispute is nonarbitrable, then an arbitrator necessarily exceeds his powers in adjudicating it. Consequently, while the defendant is free to initiate whatever private arbitration proceedings he wishes, a plaintiff need not be troubled by them because they are essentially legal nullities from the start.[35]

If Plaintiff strongly believes that arbitration has been waived or that the conditions precedent have not been met, then Plaintiff need not appear in the arbitration and can contest the award when confirmation is sought. If Plaintiff is not confident about its position, then it cannot argue in good faith that it is likely to succeed on the merits. For those reasons, too, the Motion should be denied.[36]

---

[34] *See* Motion at 11.

[35] *Klay*, 376 F.3d at 1112 n. 20.

[36] Plaintiff mentions in passing that arbitration may be expensive. The *Klay* court also held that such a cost does not constitute irreparable harm. *See id.* at 1112 n. 20 ("Even if a plaintiff does decide to raise the justiciability issue before the arbitration panel, the time and expense he incurs in doing so simply does not constitute irreparable injury. 'Mere injuries, however substantial, in terms on money, time and energy necessarily expended in the absence of a stay, are not enough.'") (citations omitted).

### 3. **Even if Plaintiff had attempted to seek injunctive relief under the All Writs Act, it could not succeed.**

Finally, even if Plaintiff had amended its Motion to seek an injunction under the All Writs Act,[37] Plaintiff could not establish an entitlement to an injunction. In particular, *Klay* held that an arbitration involving nonarbitrable claims does not threaten a federal court's jurisdiction and, therefore, does not warrant relief under the All Writs Act.

More particularly, the Eleventh Circuit in *Klay* noted that the "simple fact that litigation involving the same issues occurring concurrently in another form does not sufficiently threaten the court's jurisdiction as to warrant an injunction under the [All Writs] act."[38] Then, equating parallel state and federal court proceedings to co-existing litigation and arbitration, the court in *Klay* stated:

> [A] federal court may not enjoin state court proceedings simply because parallel *in personam* proceedings are being pursued concurrently in federal court. This restriction must be based on the premise that state court proceedings arising from the same facts or claims as pending *in personam* federal proceedings do not threaten the federal court's jurisdiction over its case, despite the threat of *res judicata* or collateral estoppel from the state court case. Given that parallel state court proceedings may peacefully co-exist with *in personam* federal proceedings, it is difficult to understand why a parallel arbitration could not.[39]

Thus, the Eleventh Circuit stated that the district court "was not empowered to enjoin arbitration of the nonarbitrable claims under the All Writs Act."[40]

---

[37] *See id.* at 1104 ("If the injunction in this case is to be upheld, it must be under the All Writs Act.").

[38] *Id.* at 1103.

[39] *Id.* at 1111.

[40] *Id.* at 1113.

## V.

## **REQUEST FOR RELIEF**

For the foregoing reasons, Owner requests that the Court enter an order: (1) denying the Motion; and (2) granting Owner such other relief to which it is entitled and which the Court deems just and proper.

Dated: June 8, 2012
      Miami, Florida

Respectfully submitted,

s/Elizabeth B. Honkonen
Richard H. Critchlow, Esq.
(Florida Bar No. 155227)
rcritchlow@knpa.com
Elizabeth B. Honkonen, Esq.
(Florida Bar No. 149403)
ehonkonen@knpa.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard, Suite 1100
Miami, Florida 33131-4327
Telephone:    (305) 373-1000
Facsimile:    (305) 372-1861

- and -

William A. Brewer III
(admitted *pro hac vice*)
wab@bickelbrewer.com
James S. Renard
(admitted *pro hac vice*)
jsr@bickelbrewer.com
Jack G. B. Ternan
(admitted *pro hac vice*)
jgt@bickelbrewer.com
BICKEL & BREWER
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas 75201
Telephone:    (214) 653-4000
Facsimile:    (214) 653-1015

**COUNSEL FOR DEFENDANT SETAI OWNERS LLC**

## **CERTIFICATE OF SERVICE**

**I certify** that on June 8, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Elizabeth B. Honkonen

## SERVICE LIST
*GHM (South Beach LLC) v. Setai Owners LLC, et al.*
**CASE NO. 1:12-cv-21932-KMM/TORRES**
**United States District Court, Southern District of Florida**

Kenneth R. Hartmann, Esq. (Florida Bar No. 664286)
krh@kttlaw.com
Daniel F. Benavides, Esq. (Florida Bar No. 81675)
dfb@kttlaw.com
Douglas A. Wolfe, Esq. (Florida Bar No. 28671)
daw@kttlaw.com
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida  33134
Telephone:	(305) 372-1800
Facsimile:	(305) 372-3508
*Counsel for Plaintiff*
**[VIA CM/ECF]**

Richard H. Critchlow, Esq. (Florida Bar No. 155227)
rcritchlow@knpa.com
Elizabeth B. Honkonen, Esq. (Florida Bar No. 149403)
ehonkonen@knpa.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
Suite 1100
Miami, Florida  33131-4327
Telephone:	(305) 373-1000
Facsimile:	(305) 372-1861
*Counsel for Defendants Setai Owners LLC and SMB Management LLC*
**[VIA CM/ECF]**

William A. Brewer, III (admitted *pro hac vice*)
wab@bickelbrewer.com
James S. Renard (admitted *pro hac vice*)
jsr@bickelbrewer.com
Jack G. Ternan (admitted *pro hac vice*)
jgt@bickelbrewer.com
Bickel & Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201
Telephone:	(214) 653-4000
Facsimile:	(214) 653-1015
*Counsel for Defendants Setai Owners LLC and SMB Management LLC*
**[VIA CM/ECF]**