**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  1:12-cv-21932-KMM / TORRES**

GHM (SOUTH BEACH) LLC, a Delaware
limited liability company,

      Plaintiff,

v.

SETAI OWNERS LLC, a Delaware limited
liability company, TREVI LUXURY
HOSPITALITY GROUP, INC., a Texas
corporation, and SMB MANAGEMENT
LLC, a Florida limited liability company,

      Defendants.

_____/

**DEFENDANT SETAI OWNERS LLC'S RESPONSE IN**
**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

      Defendant Setai Owners LLC ("Owner") files this Response in Opposition to Plaintiff's

Motion to Remand ("Motion to Remand") (D.E. 4), as follows:

**I.**

**PRELIMINARY STATEMENT**

      Plaintiff ignores the critical jurisdictional inquiry (which is the *only* issue relevant to its

Motion to Remand) and goes directly to its arguments regarding the arbitrability of Owner's

claims in arbitration.   In doing so, Plaintiff tacitly concedes the fundamental elements

establishing this Court's removal jurisdiction under 9 U.S.C. §§ 203 and 205, which were set

forth in detail and supported with ample evidence in Owner's Notice of Removal.  Those now-

admitted facts include:   (1) that the subject matter of this action relates to an arbitration

agreement involving a contractual relationship among commercial entities; (2) that one or more

of the parties to that relationship is a citizen of a foreign state or, alternatively, the relationship

concerns property located, or envisions performance or enforcement, abroad; and/or (3) that such relationship "has some other reasonable relation with one or more foreign states."  Tellingly, Plaintiff does not address *any* of those matters in its Motion to Remand, and this conspicuous absence speaks volumes regarding the existence of federal removal jurisdiction over this action.

Instead of focusing on the relevant inquiry, Plaintiff's Motion to Remand advances a convoluted argument that the arbitration provisions set forth in the parties' Management Agreement (which Plaintiff pleads to be "valid and binding"[1]) are now unenforceable because Owner allegedly failed to comply with purported conditions precedent to arbitration and, thus, somehow waived its right to arbitrate.  As demonstrated in Owner's concurrently-filed response in opposition to Plaintiff's motion to enjoin Owner's pending arbitration,[2] those arguments are without merit and in any event, as a matter of law, must be addressed by the Arbitral Tribunal and/or the International Court of Arbitration in Paris.[3]  In sum, Plaintiff's arguments regarding the arbitrability of Owner's claims in arbitration do not negate the existence of federal removal jurisdiction over this action.  Accordingly, Plaintiff's Motion to Remand should be denied.

---

[1] *See* Plaintiff's Complaint, filed May 2, 2012, at 16, ¶ 52.

[2] *See* Defendant Setai Owners LLC's Response in Opposition to Plaintiff's Motion to Permanently Enjoin or, in the Alternative, for a Preliminary Injunction Enjoining Defendant Setai Owners LLC from Proceeding With the Arbitration Filed Before the International Court of Arbitration of the International Chamber of Commerce, filed June 8, 2012 (D.E. 20).

[3] *Id.*

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Owner is the developer and primary owner of the Setai Resort & Residences (the "Hotel") located in Miami Beach, Florida.  Until March 31, 2012, General Hotel Management, Ltd., a British Virgin Islands company with its principal place of business in Singapore ("GHM"), and GHM (South Beach) LLC ("Plaintiff") acted as Owner's agents in the management of the Hotel under a Management Agreement dated March 20, 2000 (the "Management Agreement").[4]  Article XXVI(1) of the Management Agreement provides:

> The parties agree that in all matters relating to this Agreement, whether during its substance or after its termination, and also in all matters concerning the provisions of this Agreement where any question or dispute or difference shall be settled in mutual good faith.  In case of failure by the parties to reach an amicable settlement, such difference or dispute shall be finally settled through a Board of Arbitrators in accordance with the Rules of Conciliation and Arbitration of the International Chamber of Commerce.  The venue of arbitration shall be Dade County, Florida.[5]

After years of failed attempts to cause GHM and Plaintiff to comply with their obligations, on March 31, 2012, Owner terminated the Management Agreement and initiated an arbitration against GHM and Plaintiff in the International Court of Arbitration of the International Chamber of Commerce located in Paris, France.[6]  In that arbitration, Owner seeks, among other relief, millions of dollars in damages caused by GHM and Plaintiff's mismanagement of the Hotel and declaratory relief that Owner's termination was proper.

---

[4] *See* Management Agreement (Exhibit 1 hereto at Exhibit A).

[5] *Id.* at art. XXVI § 1.

[6] *See* Request for Arbitration(Exhibit 1 hereto at Exhibit A).

3

On May 2, 2012, in an effort to avoid its arbitration obligation, Plaintiff commenced the present lawsuit in state court and, on May 7, 2012, filed a motion for permanent or preliminary injunction to prohibit Owner from further prosecuting its claims in the pending arbitration (the "Motion to Enjoin Arbitration").  By Notice of Removal dated May 23, 2012 (the "Notice of Removal"), Owner removed the case to this Court pursuant to 9 U.S.C. § 205, which provides for removal of actions relating to international arbitration agreements.[7]

On May 25, 2012, Plaintiff filed its Motion to Remand.  On May 30, 2012, Owner filed a motion for more definite statement and to dismiss (the "Motion to Dismiss"),[8] in which it seeks the dismissal of Plaintiff's claims for declaratory and injunctive relief relating to the pending arbitration because of Plaintiff's failure to state a claim upon which relief can be granted.[9]  As previously noted,[10] on June 8, 2012, Owner filed its response in opposition to Plaintiff's Motion to Enjoin Arbitration ("Opposition to Motion to Enjoin Arbitration").   Owner hereby incorporates into this Response the factual bases and evidence set forth in and supporting its Notice of Removal, Motion to Dismiss, and Opposition to Motion to Enjoin Arbitration.

---

[7] *See* Notice of Removal (D.E. 1).

[8] *See* Defendant Setai Owners LLC's Motion for More Definite Statement and Motion to Dismiss with Incorporated Memorandum of Law (D.E. 11).

[9] *See id.* at 7-9.

[10] *See supra* n. 2 and accompanying text.

# III.

## APPLICABLE STANDARDS

**A.    Subject Matter Jurisdiction For Actions Relating To International Arbitration Agreements**

Chapter 2 of Title 9 of the United States Code governs arbitration agreements falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").[11]  A district court has jurisdiction under that chapter if:  (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or the commercial relationship has some reasonable relation with one or more foreign states.[12]

The question of whether the Court has jurisdiction over a dispute involving an arbitration agreement falling under the Convention is different than the question of whether the Court must enforce an arbitration agreement under the Convention or whether a Court must confirm an arbitration award.[13]  For instance, the question of whether or not a party is bound by an

---

[11] *See* 9 U.S.C. § 201 ("The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, shall be enforced in United States courts in accordance with this chapter.").

[12] *See Bautista v. Star Cruises*, 396 F.3d 1289, 1294 n. 7 (11th Cir. 2005).

[13] *See Beiser v. Weyler*, 284 F.3d 665, 670 (5th Cir. 2002) ("Conceptually, whether a federal court has jurisdiction to decide an issue is a distinct question from how to decide that issue correctly."); *Czarina, L.L.C. v. W.F. Poe Syndicate*, 358 F.3d 1286, 1292 n. 3 (11th Cir. 2004) ("We must note that the jurisdictional prerequisites to an action confirming an award are different from the several affirmative defenses to confirmation enumerated in article V of the Convention.").

arbitration agreement is not an appropriate jurisdictional inquiry, though it may be relevant for a motion to compel arbitration.[14]

**B.    Removal Of Actions Relating To International Arbitration Agreements**

The Convention "establishes a strong presumption in favor of arbitration of international commercial disputes."[15]   This strong preference for enforcement means that removal is proper if an arbitration agreement "could conceivably affect the outcome of the Plaintiff's case,"[16] and the typically narrow construction against removal does not apply.[17]   In particular, Section 205 of Title 9 of the United States Code provides:

---

[14] *See Beiser*, 284 F.3d at 670 ("Besides conflicting with the plainly broad meaning of 'relates to,' Beiser's suggested approach to determining a court's jurisdiction under § 205 has the disadvantage of frontloading a merits inquiry into the district court's examination of its jurisdiction. If we were to accept Beiser's view that the agreements 'relate to' his claims only if he turns out on the merits to be personally bound to the agreements, the district court would have had to make a final conclusion about whether to pierce Horizon's corporate veil as part of its jurisdictional determination.").

[15] *Bautista*, 396 F.3d at 1295.

[16] *Beiser*, 284 F.3d at 669; *Infuturia Global Ltd. v. Sequus Pharmaceuticals, Inc*., 631 F.3d 1133, 1137-38 (9th Cir. 2011) ("The Fifth Circuit, which is the first and only circuit court to address the meaning of 'relates to' in § 205, construed this language to mean that 'whenever an arbitration agreement falling under the Convention could conceivably affect the outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's suit.' We agree with this interpretation.") (internal citations omitted).

[17] *See Acosta v. Master Maintenance and Const. Inc*., 452 F.3d 373, 377 (5th Cir. 2006) ("So generous is the removal provision that we have emphasized that the general rule of construing removal statutes strictly against removal "cannot apply to Convention Act cases because in these instances, Congress created special removal rights to channel cases into federal court."); *Beiser*, 284 F.3d at 674 ("The low bar that we have set for jurisdiction under § 205 may seem to be in tension with the rule that we strictly construe statutes conferring removal jurisdiction. In allowing removal whenever the arbitration clause could conceivably impact the disposition of the case, we make it easy, not hard, for defendants to remove.  But we conclude that easy removal is exactly what Congress intended in § 205.") (internal citations omitted).

Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.[18]

Thus, in determining if removal was proper, the Court should look to Owner's Notice of Removal.[19]

## IV.

## SUMMARY OF OPPOSITION

Plaintiff's Motion to Remand should be denied for at least four independent reasons. First, in its Notice of Removal, Owner established the elements necessary to invoke this Court's removal jurisdiction under 9 U.S.C. § 205, and Plaintiff's Motion to Remand does not address any of those elements in any meaningful way. Second, Plaintiff's arguments regarding arbitration-related conditions precedent and waiver do not affect the Court's jurisdiction. Third,

---

[18] 9 U.S.C. § 205.

[19] *See Bautista*, 396 F.3d 1301 ("Section 205 does not require a district court to review the putative arbitration agreement – or investigate the validity of the signatures thereon – before assuming jurisdiction: 'The language of § 205 strongly suggests that Congress intended that district courts continue to be able to assess their jurisdiction from the pleadings alone.'") (internal citations omitted); *Beiser*, 284 F.3d at 671 ("This language does create one difference between the federal question jurisdiction conferred by § 205 and most other forms of federal question jurisdiction: it permits removal on the basis of a federal defense. The language that the ground for removal 'need not appear on the face of the complaint' explicitly abrogates the well-pleaded complaint rule that normally keeps such defenses from serving as the basis for federal question jurisdiction. But at the same time the statute permits a defense based on an arbitration clause to serve as a grounds for removal, it also directs us to treat such defenses the same way that we treat offensive claims. That is, just as we determine whether a plaintiff's claim arises under federal law from the complaint alone, the statute directs us to determine whether a defendant's defense arises under federal law from the 'petition for removal' alone.").

the Arbitration Tribunal in the proceeding pending before the International Court of Arbitration, rather than this Court, must determine questions regarding arbitration-related conditions precedent and waiver.  Fourth, apart from constituting matters that are not jurisdictional in nature and that should not be decided by the Court, Plaintiff's arguments regarding conditions precedent to arbitration and waiver of arbitration are without merit.  Each of those points is discussed in detail in Section V. below.

**V.**

**ARGUMENTS AND AUTHORITIES**

**A.**      **This Court Has Jurisdiction Over This Action.**

As shown by both Plaintiff's Complaint and Notice of Removal, the four elements to establish jurisdiction in this Court are clearly met here.[20]  First, there is clearly an agreement in writing—namely the Management Agreement.[21]  Second, the agreement provides for arbitration in "Dade County, Florida," which is within the United States, a signatory to the Convention.[22]  Third, the relationship—between a hotel owner and hotel manager—is commercial in nature.[23]  Fourth, a party to the agreement, General Hotel Management, Ltd., is a British Virgin Islands

---

[20] In fact, Plaintiff does not even contest the four jurisdictional elements in its motion to remand.  *See* Motion to Remand at 3-7 (contesting none of the four elements of jurisdiction but, instead, contending that conditions precedent to arbitration were not met and/or a waiver of arbitration occurred).

[21] *See* Management Agreement (Exhibit 1 at Exhibit A); Notice of Removal at 6 (D.E. 1).

[22] *See* Management Agreement at 21, art. XXVI § 1 ("The venue of the arbitration shall be Dade County, Florida"); Notice of Removal at 6.

[23] *See generally* Management Agreement; Notice of Removal at 3, 14.

8

company[24] and the relationship has a reasonable relation with foreign countries because among other reasons:  (1) employees at the Hotel were brought from other GHM properties in other countries,[25] (2) Plaintiff was controlled from "its home base in Singapore,[26] (3) GHM purportedly has worldwide operations effected by the events at issue in this case;[27] and (4) Plaintiff is also seeking to "prohibit Owner from proceeding with [an] arbitration" initiated by Owner against GHM and Plaintiff in the International Court of Arbitration of the International Chamber of Commerce in Paris, France.[28]

---

[24] *See* Management Agreement at 1 ("This Agreement made this 20th day of March 2000 by and between General Hotel Management, Ltd., a company incorporated in the British Virgin Islands . . . ."); Notice of Removal at 8.

[25] *See* Complaint at 12, ¶ 36; 16, ¶ 48.

[26] *See* Complaint at 2, ¶ 3; Notice of Removal at 7-8.

[27] *See* Complaint at 8, ¶ 21 ("Management of the Setai is a critical component of the global business of GHM and its affiliates, including GHM's plans for expansion world wide."); *id.* at 14, ¶ 43 ("GHM generally earns money by entering into long-term management contracts and license agreements with hotel owners and condominium owners or associations"); *id.* at 15, ¶ 45 (reference to "GHM's other properties worldwide"); *id.* (reference to "clientele at other GHM properties"); *id.* at ¶ 46 (reference to "GHM's global business operations . . . completely unrelated to the Hotel"); *id.* at 16, ¶ 48 (reference to "other GHM properties"); Notice of Removal at 8-11.

[28] *See* Complaint at 19, ¶ 63 ("On March 31, 2012, Owner filed a request for Arbitration before the International Court of Arbitration of the International Chamber of Commerce."); *id.* at 20, ¶¶ 67-68 ("[T]he requested arbitration should not be allowed to go forward.  There is a bona fide, actual, present practical need for declaration resulting whether and to what extent arbitration of this case should be allowed. . . . GHM requests that the Court declare that GHM is not required to submit to arbitration and prohibit Owner from proceeding with the arbitration."); Notice of Removal at 11-12.

For the foregoing reasons, as well as all those set forth in Owner's Notice of Removal,[29] this Court has jurisdiction under Chapter 2 of Title 9 of the United States Code.  Accordingly, the Motion to Remand should be denied.

**B.    Plaintiff's Arguments Regarding Arbitration-Related Conditions Precedent And Waiver Do Not Affect This Court's Jurisdiction.**

Instead of addressing the applicable requirements for establishing jurisdiction or removal, Plaintiff asserts that the "arbitration agreement in the present matter is inoperative and incapable of being performed because Owner failed to comply with mandatory dispute resolution conditions precedent to arbitration," and that "absent those conditions being performed, no agreement to arbitrate arises."[30]   However, the question of whether Plaintiff is obligated to arbitrate is an entirely different question than whether this Court has jurisdiction over this action.[31]   Owner has alleged in the Notice of Removal that Plaintiff is subject to an arbitration agreement and pending arbitration under the Convention, and that is sufficient to establish *jurisdiction*.[32]

---

[29] *See* Notice of Removal (D.E. 1).

[30] *See* Motion to Remand (D.E. 4) at 4.

[31] *See Beiser*, 284 F.3d at 670 ("Conceptually, whether a federal court has jurisdiction to decide an issue is a distinct question from how to decide that issue correctly."); *Bautista*, 396 F.3d at 1296 ("A district court must order arbitration unless (1) the four jurisdictional prerequisites are not met, or (2) one of the Convention's affirmative defenses applies.") (citations omitted); *Czarina, L.L.C. v. W.F. Poe Syndicate*, 358 F.3d 1286, 1292 n. 3 (11th Cir. 2004) ("We must note that the jurisdictional prerequisites to an action confirming an award are different from the several affirmative defenses to confirmation enumerated in article V of the Convention.").

[32] *See supra* n. 19.

**C.     The Arbitration Tribunal, Rather Than The Court, Must Determine Questions Regarding Arbitration-Related Conditions Precedent And Waiver.**

Plaintiff's assertion that the Court lacks jurisdiction because of a failure of conditions precedent and/or a waiver of a right to arbitrate is without merit because a determination of conditions precedent or waiver is not an issue for this Court to determine in any event.  In *Howsam*, the United States Supreme Court made clear that questions of arbitration-related waiver and conditions precedent are to be decided by the arbitrators, not the courts.[33]  The Eleventh Circuit recently confirmed that while the issue of waiver by litigation conduct (*i.e.*, filing a lawsuit and then seeking to enforce arbitration) is a question for the courts, the question of waiver through failure to comply with conditions precedent is a question for the arbitrators.[34]

---

[33] *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85 (2002) ("Thus procedural questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide. So, too, the presumption is that the arbitrator should decide allegations of waiver, delay, or a like defense to arbitrability. Indeed, the Revised Uniform Arbitration Act of 2000, seeking to incorporate the holdings of the vast majority of state courts and the law that has developed under the Federal Arbitration Act, states that an 'arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled.' And the comments add that in the absence of an agreement to the contrary, issues of . . . procedural arbitrability, i.e., whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide.") (internal punctuation and citations omitted, emphasis in original); *see also PTA-FLA, Inc. v. ZTE USA, Inc.*, No. 3:11–cv–510–J–32JRK, 2011 WL 5024647, at *4 (M.D. Fla. Oct. 31, 2011).

[34] *See Grigsby & Associates, Inc. v. M Securities Inv.*, 664 F.3d 1350, 1353 (11th Cir. 2011) ("In *Howsam* the Supreme Court listed as issues presumptively for the arbitrator 'allegations of waiver, delay, or a like defense to arbitrability.' . . . Circuits, in the most part, treated *Howsam*'s use of the term 'waiver' as referring not to conduct-based waiver, but to a 'defense arising from non-compliance with contractual conditions precedent to arbitration.'  The reasoning of the First, Third, and Sixth Circuits is persuasive to us.") (internal citations and punctuation omitted).

11

Plaintiff's reliance on two prior decisions refusing to compel arbitration based on a failure to meet conditions precedent is misplaced.[35]   As another court recently noted, those decisions were superseded by the United States Supreme Court's decision in *Howsam*, which held that the question of whether conditions precedent to arbitration have been met is a question for the arbitrators, not a court, to determine.[36]

Finally, when a party agrees to a set of procedures to determine arbitrability, those procedures govern whether the court or an arbitrator determines arbitrability.[37]   Here, the parties agreed to arbitrate according to the rules of arbitration of the International Chamber of Commerce.[38]   Those rules provide that questions of arbitrability are to be decided by the arbitrators.[39]   Accordingly, only the arbitrators, and not the Court, can determine whether the claims asserted are arbitrable.  Plaintiff's Motion should, therefore, be denied.

---

[35]   *See* Motion to Remand at 4-5 (relying on *Kemiron Atl., Inc. v. Aguakem Int'l, Inc*., 290 F.3d 1287 (11th Cir. 2002) and *HIM Portland LLC v. Devito Builders Inc*., 317 F.3d 41, 44 (1st Cir. 2003)).

[36]   *See PTA-FLA, Inc.*, 2011 WL 5024647, at *3-4 ("Whether those steps satisfy the condition precedent in paragraph 20 of the Agreement is not for this Court to decide. Pursuant to *Howsam*, an arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled.").

[37]   *See Rent-A-Center, West, Inc. v. Jackson*, ___ U.S. ___, 130 S. Ct. 2772, 2776 (2010) ("We have recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."); *In re Checking Account Overdraft Litigation MDL No. 2036*, 674 F.3d 1252, 1256 (11th Cir. 2012) ("An arbitrator, not the district court, must decide whether those claims are within the scope of the arbitration agreement.").

[38]   *See* Management Agreement at 21, art. XXVI § 1 (Exhibit 1 at Exhibit A).

[39]   *See* 2012 Arbitration and ADR Rules of the International Court of Arbitration of the International Chamber of Commerce at 14, art. 6(3) ("If any party against which a claim has been made does not submit an answer, or raises one or more pleas concerning the existence,

**D.**   **Apart From Constituting Matters That Are Neither Jurisdictional In Nature Nor Appropriate For Judicial Resolution, Plaintiff's Arguments Regarding Conditions Precedent To Arbitration And Waiver Of Arbitration Are Without Merit.**

**1.**   **Plaintiff's argument regarding alleged conditions precedent to arbitration is without merit.**

Plaintiff asserts that Owner failed to comply with alleged mandatory dispute resolution conditions precedent to arbitration.[40]  That allegation is incorrect for two reasons.

**a.**   **There were no "dispute resolution" conditions precedent to arbitration.**

The now-terminated Management Agreement is devoid of any contractually-mandated, pre-arbitration dispute resolution process.   The operative arbitration provision of the Management Agreement consists of two sentences:

> In case of failure by the parties to reach an amicable settlement, such differences or dispute shall be finally settled through a Board of Arbitrators in accordance with the Rules of Conciliation and Arbitration of the International Chamber of Commerce.  The venue of the arbitration shall be Dade County, Florida.[41]

As the foregoing makes clear, unsettled (*i.e.*, unresolved) disputes must be arbitrated.  Disputes settled prior to such arbitration, obviously, do not require arbitration.  Thus, those provisions establish no condition precedent other than the existence of an unresolved dispute.

However, Plaintiff also attempts to rely on the sentence preceding the above-quoted arbitration provision which states, in incomplete and ungrammatical fashion: "The parties agree

---

validity or scope of the arbitration agreement or concerning whether all of the claims made in the arbitration may be determined together in a single arbitration, the arbitration shall proceed and any question of jurisdiction or of whether the claims may be determined together in that arbitration shall be decided directly by the arbitral tribunal, unless the Secretary General refers the matter to the Court for its decision pursuant to Article 6(4).").

[40] *See* Motion to Remand (D.E. 4) at 2-5.

[41] *See* Management Agreement at 21, Art. XXVI(1) (Exhibit 1 hereto at Exhibit A).

13

that in all matters relating to this Agreement, whether during its substance [sic] or after its termination, and also in all matters concerning the provisions of this Agreement where any question or dispute or difference shall be settled in mutual good faith [sic]."[42]  To the extent that Plaintiff asserts that the above-quoted *non*-sentence constitutes a mandate on private settlement of all disputes (*i.e.*, an agreement to agree) – and, thus, a prohibition on any unresolved disputes – Plaintiff's interpretation goes too far.  As demonstrated above, the two subsequent sentences of Article XXVI(1) contemplate the existence of unresolved disputes necessitating resolution by arbitration.

Furthermore, that non-sentence does <u>not</u>, by its terms, require pre-arbitration mediation, negotiation, prior notice, or opportunity to cure.  In fact, Plaintiff's notice-and-cure argument confuses the contractual right of termination (set forth in Art. XXIV(1.1) of the Management Agreement[43]) with the contractual mandate to arbitrate unresolved disputes (set forth in Art. XXVI[44]).  The two are entirely separate matters governed by different provisions of the Management Agreement.  Thus, Owner could have initiated an arbitration prior to termination or without any termination whatsoever.  Likewise, Owner could have terminated the Management Agreement without initiating an arbitration.  The contractual notice-and-cure provisions relating to termination of the Management Agreement have nothing to do with arbitration.  Even as to the termination-related notice-and-cure provisions, those provisions in no way affected, or otherwise limited, Owner's common law right to terminate the Management Agreement upon Plaintiff's

---

[42] *Id.*

[43] *See id.* at 15-16.

[44] *See id.* at 21.

material breach thereof.[45]  It is that common law right which Owner exercised in terminating the

Management Agreement on March 31, 2012.[46]

> ### b.   Owner attempted to obtain from Plaintiff information relating to its claims, but Plaintiff refused to cooperate.

As its Request for Arbitration plainly shows, Owner attempted on numerous occasions to

obtain information from Plaintiff regarding the very subject of its subsequent claims.[47]  Despite

its duties of candor, full disclosure, loyalty, good faith, and fair dealing as Owner's agent and

fiduciary, Plaintiff refused those requests for information in the most insubordinate and

inappropriate manner.[48]  In short, Plaintiff's condition precedent arguments are without merit.

> ### 2.   Plaintiff's argument regarding Owner's purported "waiver" of arbitration is without merit.

It is impossible for Plaintiff to meet its "heavy burden" of establishing that a waiver has

occurred.[49]  Waiver occurs when a party's conduct is inconsistent with an intent to arbitrate.[50]

---

[45] Pursuant to Florida common law, if a party materially breaches a contract, the non-breaching party is discharged from its obligations and may terminate the contract. *See Kaufman v. Swire Pacific Holdings, Inc.*, Case No. 09–20160–CIV, 2011 WL 6780924, at *7 n. 4 (S.D. Fla. Dec. 27, 2011) ("Under contract law, a material breach of a contract allows the non-breaching party to treat the breach as a discharge of his contract liability." (*citing Bradley v. Health Coalition, Inc.*, 687 So. 2d 329, 333 (Fla. 3d DCA 1997))).

[46] *See* Request for Arbitration at 18, ¶ 51 ("Owner's termination was in strict accord with Florida common law, which provides a non-defaulting party the right to terminate a contract within impunity in the event of the party's material breach thereof (which is separate from, and in addition to, the contractual termination rights set forth in Section 1.1 of Article XIX of the Management Agreement).") (Exhibit 1 hereto).

[47] *See id.* at 15-17, ¶¶ 44-48.

[48] *See id.*

[49] *See Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1200 n. 17 ("Because federal policy strongly favors arbitration, the party who argues waiver 'bears a heavy burden of proof' . . .").

Owner initiated arbitration against Plaintiff on March 31, 2012, *before* Plaintiff initiated a lawsuit against Owner on May 2, 2012.[51]  Indeed, relying upon inapposite decisions dealing with a party's waiver of a right to arbitrate by commencing an arbitration too late, Plaintiff argues that Owner waived its right to arbitrate by initiating an arbitration proceeding *too early*.  Owner cannot have intended to waive its right to arbitrate when it, in fact, filed an arbitration request.

Even if Plaintiff were correct that the arbitration is premature due to the failure to engage in some unspecified pre-arbitration dispute resolution process (which, as shown above, is not the case), the remedy would hardly be litigation.  After all, regardless of the extent of the parties' prior efforts to settle Owner's claims, they mutually agreed that the ultimate dispute resolution process would be arbitration – and not court litigation.

Moreover, Plaintiff cannot genuinely contend that it suffered any prejudice from any delay arising from Owner's purported waiver of its right to arbitrate, because Owner promptly initiated arbitration.  In addition, Plaintiff cannot possibly prove – and, therefore, does not allege – that circumstances would have been different or that Owner's claims would have been settled if Owner had only made further attempts to resolve its claims (and obtain information from

---

[50] *See Morewitz v. West of England Ship Owners Mut. Protection and Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995) ("Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party.").

[51] *See* Request for Arbitration filed March 31, 2012 (Exhibit 1 hereto).

16

Plaintiff relating thereto) prior to initiating arbitration.   Because Plaintiff cannot establish prejudice, Owner cannot be found to have waived a right to arbitrate.[52]

## VI.

## CONCLUSION AND REQUEST FOR RELIEF

As demonstrated above, this Court has subject matter jurisdiction and removal jurisdiction pursuant to 9 U.S.C. §§ 203 and 205, respectively.   Indeed, Plaintiff does not challenge or dispute the existence of the requisite elements for establishing jurisdiction thereunder.[53]   Rather, Plaintiff bypasses the jurisdictional inquiry and seeks a remand of this action to state court based upon erroneous arguments regarding the arbitrability of Owner's pending claims in arbitration – which, in any event, must as a matter of law be determined by the Arbitrable Tribunal and/or the International Court of Arbitration in Paris.   The inescapable conclusion is that Owner properly removed this action to this Court in accordance with applicable federal statutes.   For the foregoing reasons, Owner requests that the Court enter an order:  (1) denying Plaintiff's Motion to Remand; and (2) granting Owner such other relief to which it is entitled and which the Court deems just and proper.

---

[52] *See Krinsk,* 654 F.3d at 1200 ("To determine whether a party has waived its contractual right to arbitrate, courts apply a two-part test:  First, they decide if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right, and, second, they look to see whether, by doing so, that party has in some way prejudiced the other party.") (internal punctuation omitted).

[53] That this action concerns an international arbitration agreement is reflected, most directly, in the fact that Plaintiff seeks in its Complaint to "prohibit Owner from proceeding with the arbitration" pending in the International Court of Arbitration in Paris and involving General Hotel Management Ltd., a Singapore-based British Virgin Islands company.  *See* Complaint at 20; *see also* Plaintiff's Motion to Enjoin Arbitration, filed May 7, 2012 (D.E. 1 at Ex. 2).

Dated: June 8, 2012           Respectfully submitted,
      Miami, Florida

s/Elizabeth B. Honkonen
Richard H. Critchlow, Esq.
(Florida Bar No. 155227)
rcritchlow@knpa.com
Elizabeth B. Honkonen, Esq.
(Florida Bar No. 149403)
ehonkonen@knpa.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard, Suite 1100
Miami, Florida  33131-4327
Telephone:     (305) 373-1000
Facsimile:     (305) 372-1861

- and -

William A. Brewer III
(admitted *pro hac vice*)
wab@bickelbrewer.com
James S. Renard
(admitted *pro hac vice*)
jsr@bickelbrewer.com
Jack G. B. Ternan
(admitted *pro hac vice*)
jgt@bickelbrewer.com
BICKEL & BREWER
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201
Telephone:     (214) 653-4000
Facsimile:     (214) 653-1015

**COUNSEL FOR DEFENDANT SETAI
OWNERS LLC**

18

## <u>CERTIFICATE OF SERVICE</u>

**I certify** that on June 8, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Elizabeth B. Honkonen

**SERVICE LIST**
*GHM (South Beach LLC) v. Setai Owners LLC, et al.*
**CASE NO. 1:12-cv-21932-KMM/TORRES**
**United States District Court, Southern District of Florida**

Kenneth R. Hartmann, Esq. (Florida Bar No. 664286)
krh@kttlaw.com
Daniel F. Benavides, Esq. (Florida Bar No. 81675)
dfb@kttlaw.com
Douglas A. Wolfe, Esq. (Florida Bar No. 28671)
daw@kttlaw.com
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida  33134
Telephone:     (305) 372-1800
Facsimile:     (305) 372-3508
*Counsel for Plaintiff*
**[VIA CM/ECF]**

Richard H. Critchlow, Esq. (Florida Bar No. 155227)
rcritchlow@knpa.com
Elizabeth B. Honkonen, Esq. (Florida Bar No. 149403)
ehonkonen@knpa.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
Suite 1100
Miami, Florida  33131-4327
Telephone:     (305) 373-1000
Facsimile:     (305) 372-1861
*Counsel for Defendants Setai Owners LLC and
SMB Management LLC*
**[VIA CM/ECF]**

William A. Brewer, III (admitted *pro hac vice*)
wab@bickelbrewer.com
James S. Renard (admitted *pro hac vice*)
jsr@bickelbrewer.com
Jack G. Ternan (admitted *pro hac vice*)
jgt@bickelbrewer.com
Bickel & Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201
Telephone:     (214) 653-4000
Facsimile:     (214) 653-1015
*Counsel for Defendants Setai Owners LLC and
SMB Management LLC*
**[VIA CM/ECF]**

20