UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 12-cv-21932-KMM

GHM (SOUTH BEACH) LLC,

    Plaintiff,

v.

SETAI OWNERS LLC, TREVI LUXURY
HOSPITALITY GROUP, INC., and SMB
MANAGEMENT LLC,

    Defendants.

_____/

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF IT'S MOTION TO REMAND**

Under the Convention on Recognition and Enforcement of Foreign Arbitral Awards, this Court, not the arbitrators, must determine whether the arbitration agreement is inoperative or incapable of being performed, thereby precluding the Court's subject matter jurisdiction. Defendants' actions here have rendered the arbitration provision in the parties' Management Agreement inoperative and incapable of being performed, which warrants remand. In further support of its Motion to Remand, GHM (South Beach) LLC states as follows:

**I.    When a case removed under the Convention cannot be arbitrated it must be remanded.**

Remand is appropriate when an arbitration agreement is determined to be unenforceable by the court. *Tok v. Royal Caribbean Cruises, Ltd.*, No. 10-20031-CIV, 2010 WL 1433175 (S.D. Fla. 2010); *Lawrence v. Royal Caribbean Cruises, Ltd.*, NO. 09-20930-CIV-COOKE, (S.D. Fla. 2009). In *Tok* and *Lawrence*, the defendant cruise line removed a seaman's state court action under the Convention because the seaman's employment agreement incorporated an arbitration provision. *Tok*, at *1; *Lawrence*, at *2. In both cases, Judge Cooke concluded that the defense of

waiver precluded the defendants from invoking the arbitration agreement. *Tok*, at *3; *Lawrence*, at *4.  Absent an enforceable arbitration agreement the cases were remanded to state court. *Tok*, at *3; *Lawrence*, at *1.

The Defendants' response brief ignores the impact that defenses to arbitration have on a case improperly removed under the Convention.  The Defendants argue that because they have met their prima facie burden of removal under the Convention, the case cannot be remanded. *Response to Motion to Remand, at p. 8-10.*  This argument is refuted by the plain language of 28 U.S.C. § 1447(c), which expressly states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Whether the Defendants meet their prima facie burden of removal does not end the analysis because an inoperative or waived arbitration agreement will divest the court of subject matter jurisdiction which warrants remand under 28 USCS § 1447(c).  Because the arbitration agreement in the present matter is inoperative and incapable of being performed, the court is without subject matter jurisdiction and the case should be remanded to state court.

II.     **Under the plain language of the Convention, the Court must decide whether the arbitration agreement is inoperative or incapable of being performed.**

The Convention does not apply to arbitration agreements that are "inoperative or incapable of being performed," which is a decision for the Court, not the arbitrators. 21 U.S.T. 2517, Article II(3).  The Convention specifically states:

> The court of a Contracting State, when seized of an action in a matter in respect of which the parties have made an agreement within the meaning of this article, shall, at the request of one of the parties, refer the parties to arbitration, **unless it finds** that the said agreement is null and void, inoperative or incapable of being performed. (emphasis added) *Id.*; *see also Bautista v. Star Cruises*, 396 F.3d 1289, at n.9 (11th Cir. 2005).

The plain language of the Convention dictates that the decision of whether an agreement is inoperative or incapable of being performed must be made by the Court, not the arbitrators. *Id.*

2

Because the convention deals with a court's subject matter jurisdiction, it makes sense that arbitrability should be decided by the court. Otherwise, arbitrators would be deciding issues of the Court's subject matter jurisdiction.

The Defendants argument that the arbitrators, not the Court, should decide whether the arbitration agreement was waived or is inoperative is expressly refuted by Judge Cooke's decisions in *Tok* and *Lawrence*. Both *Tok* and *Lawrence* were cases removed under the Convention, and in both cases the court, not the arbitrators, determined whether defenses to arbitration applied. These cases are consistent with the plain language of the convention which dictates that the court must decide whether defenses to arbitration apply.

The cases cited by the Defendants for the proposition that arbitrators should decide arbitrability defenses do not apply to cases removed under the Convention. The Defendants rely heavily on *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002), which involved a dispute over whether the court or arbitrators should decide applicability of a time limitations period contained in the National Association of Securities Dealers arbitration rules. *Howsam* did not involve the Convention, or any analogous authority that expressly requires *the court* to determine whether an arbitration agreement is inoperative or incapable of being performed. Moreover, *Howsam* was not even mentioned by Judge Cooke in *Tok* and *Lawrence*, which decisions came after *Howsam*. The Defendants also rely on several cases[1] that cite *Howsam* but, like *Howsam* none of these cases grapple with the plain language of the Convention, which requires the court to determine whether the arbitration agreement is inoperative or incapable of being performed.

---

[1] *Grigsby & Associates, Inc. v. M Securities Inv.*, 664 F.3d 1350 (11th Cir. 2011); *PTA-FLA, Inc. v. ZTE USA, Inc.*, No. 3:11-cv-510-J-32JRK, 2011 WL 5024647 (M.D. Fla. 2011).

### III. The arbitration agreement is inoperative because the parties did not intend to arbitrate a dispute arising out of an armed take over of the hotel.

The Eleventh Circuit has noted that "Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Kemiron Atl., Inc. v. Aguakem Int'l, Inc.*, 290 F.3d 1287, 1290 (11th Cir. 2002). *Kemiron* requires contracting parties in the Eleventh Circuit to comply with dispute resolution conditions precedent before an arbitration provision can become operative. *Id*. *Kemiron* concluded that where the arbitration provision requires parties to resolve disputes through other informal methods before arbitration can be initiated (*e.g.,* notice of mediation, mediation, and notice of request for arbitration), and where the party seeking arbitration failed to "perform the steps necessary, as spelled out in the contract," there is no agreement to arbitrate and arbitration cannot proceed. *Id*. at 1290.

Here, the parties established a specific, step-by-step process under which arbitration would serve as a dispute resolution mechanism of <u>last resort</u>, exercisable only after the required steps had been taken. First, the Agreement has specific dispute resolution methods that "shall" be followed for particular disputes, such as those arising from accounting matters relating to the financial statements, so those disputes must follow those procedures. *See Motion to Remand Ex. A, at Art. XI (3).*[2] The Agreement requires also notice of a default and at least 30 days opportunity to cure prior to any termination for cause, so the parties clearly intended to provide space and time to work out differences that might lead to termination. *Id.* at Art. XIX (1.1.2). The Agreement then additionally requires that the parties engage in a good faith attempt to settle disputes in good faith, both during the Agreement and after the Agreement expires or terminates.

---

[2] Any disputes "as to the contents or correctness" of financial statements "or any accounting matter thereunder shall be decided by the Independent Certified Public Accountant, whose decision shall be final and binding." This is the core issue raised by Owner in its arbitration request.

4

Only if that final good faith attempt to settle fails did the parties agree to submit to arbitration. By orchestrating an armed takeover of the Hotel the Owner recklessly disregarded the contractual conditions precedent to arbitration, and put plaintiff in a position in which cure was impossible, since plaintiff was no longer managing the Hotel.  In addition, Owner seized plaintiff's property and proprietary information, defamed plaintiff, and interfered with its business relationships.  These actions are not just inconsistent with the parties' agreement to arbitrate only after failure of good faith negotiation, they also render that agreement incapable of being performed, which leads to the inescapable conclusion that this matter is not arbitrable.

Defendants offer no evidence or argument that they complied with the dispute resolution conditions of the Management Agreement.  Instead, they play grammatical games with the Management Agreement to make the strained argument that there are no dispute resolution conditions precedent to arbitration. *See Response to Motion to Remand at p. 13-14.*  The Management Agreement's arbitration provision states:

> This Agreement shall be governed and interpreted in accordance with the laws of the State of Florida and the United States of America.  **The parties agree that in all matters relating to this Agreement, whether during its substance or after its termination, and also in all matters concerning the provisions of this Agreement where any question or dispute or difference shall be settled in mutual good faith.**  In case of failure by the parties to reach an amicable settlement, such difference or dispute shall be finally settled through a Board of Arbitrators in accordance with the Rules of Conciliation and Arbitration of the International Chamber of Commerce.  The venue of the arbitration shall be Dade County, Florida.

The Management Agreement thus requires the parties to make a good faith effort to settle all disputes before invoking arbitration.  Defendants also wholly ignore the specific dispute resolution procedures for accounting disputes, and the notice and cure requirements of the contract. *See Motion to Remand Ex. A, at Art. XI (3) and XIX (1.1.2).*  Only by making a strained piecemeal reading of the contract are Defendants able to argue that the contract contains no

5

conditions precedent to arbitration. However, a proper reading of the entire agreement demonstrates that the parties intended escalating dispute resolution procedures with arbitration as a last resort only after all other procedures failed. The parties certainly did not intend to allow the Owner to raid the hotel with armed guards, and then force an arbitration without notice and after ignoring every other dispute resolution of the management agreement.

There being no intent to arbitrate this dispute without the express procedures being met, the arbitration provision of the agreement is inoperative and it is now incapable of being performed. The Convention therefore does not apply for purposes of removal jurisdiction. Consequently, this court is without subject matter jurisdiction, and the case must be remanded to state court.

## CONCLUSION

Owner failed to comply with all conditions precedent to arbitration contained in the parties' Management Agreement. Under established Eleventh Circuit precedent, the Owner is prohibited from invoking arbitration due to its failure to comply with dispute resolution conditions precedent. The arbitration provision that formed the basis of Owner's petition for removal is inoperative and incapable of being performed, and therefore, this case must be remanded to state court for lack of subject matter jurisdiction, with an award of reasonable attorneys' fees and costs resulting from the improvident removal.

Respectfully submitted,

KOZYAK TROPIN & THROCKMORTON, P.A.
Counsel for Plaintiff
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800/Fax: (305) 372-3508

By:____/s/Kenneth R. Hartmann_____
    Kenneth R. Hartmann
    Florida Bar No. 664286
    Daniel F. Benavides
    Florida Bar No. 81675
    Douglas A. Wolfe
    Florida Bar. No. 28671

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**S that a true and correct copy of the foregoing was efiled with the Clerk of Court and was electronically served by the Court this 15th of June, 2012 to all parties on the attached service list.

By: /s/Kenneth R. Hartmann_____
    Kenneth R. Hartmann
    Florida Bar No. 664286
    Daniel F. Benavides
    Florida Bar No. 81675
    Douglas A. Wolfe
    Florida Bar. No. 28671

3515/106/338480.2

## SERVICE LIST

*GHM (South Beach LLC) v. Setai Owners, LLC, et al.*
**CASE NO. 12-cv-21932-KMM**
**United States District Court, Southern District of Florida**

Richard H. Critchlow, Esq. (Florida Bar No. 155227)
rcritclow@knpa.com
Elizabeth B. Honkonen, Esq. (Florida Bar No. 149403)
ehonkonen@knpa.com
Kenny Nachwalter, P.A.
201 South Biscayne Blvd.
Suite 1100
Miami, FL  33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
*Counsel for Defendant Setai Owners LLC*

William A. Brewer, III
wab@bickerbrewer.com
James S. Renard,
jsr@bickerbrewer.com
Jack G. Ternan
jgt@bickerbrewer.com
Bickel & Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015
*Counsel for Defendant Setai Owners LLC*