UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 12-cv-21932-KMM

GHM (SOUTH BEACH) LLC,

    Plaintiff,
v.

SETAI OWNERS LLC, TREVI LUXURY
HOSPITALITY GROUP, INC., and SMB
MANAGEMENT LLC,

    Defendants.
_____/

**PLAINTIFF'S REPLY BRIEF IN SUPPORT
OF IT'S MOTION TO ENJOIN ARBITRATION**

Under the Convention on Recognition and Enforcement of Foreign Arbitral Awards, this Court, not the arbitrators, must determine whether the arbitration agreement is inoperative or incapable of being performed. Defendants' actions and omissions here have rendered the arbitration provision in the parties' Management Agreement inoperative and incapable of being performed. Consequently, the Owner has no basis for requesting arbitration, and the Owner should be enjoined from pursuing the arbitration it improperly initiated before the International Court of Arbitration. In further support of its Motion to Enjoin[1], GHM (South Beach) LLC states as follows:

**I.  Under the plain language of the Convention, the Court must decide whether the arbitration agreement is inoperative or incapable of being performed.**

The Convention does not apply to arbitration agreements that are "inoperative or incapable of being performed," which is a decision for the Court, not the arbitrators. 21 U.S.T.

---

[1] Plaintiffs' motion to enjoin was originally filed in state court. For the court's convenience a copy of the motion is attached as Exhibit 1.

2517, Article II(3).  The Convention specifically states:

> The court of a Contracting State, when seized of an action in a matter in respect of which the parties have made an agreement within the meaning of this article, shall, at the request of one of the parties, refer the parties to arbitration, **unless it finds** that the said agreement is null and void, inoperative or incapable of being performed. (emphasis added) *Id.*; *see also Bautista v. Star Cruises*, 396 F.3d 1289, at n.9 (11th Cir. 2005).

The plain language of the Convention dictates that the decision of whether an agreement is inoperative or incapable of being performed must be made by the Court, not the arbitrators. *Id.* Because the convention deals with a court's subject matter jurisdiction, it makes sense that arbitrability should be decided by the court.  Otherwise, arbitrators would be deciding issues of the Court's subject matter jurisdiction.

The Defendants argument that the arbitrators, not the Court, should decide whether the arbitration agreement was waived or is inoperative is expressly refuted decisions from other judges in the Southern District of Florida. *Tok v. Royal Caribbean Cruises, Ltd.*, No. 10-20031-CIV, 2010 WL 1433175 (S.D. Fla. 2010); *Lawrence v. Royal Caribbean Cruises, Ltd.*, NO. 09-20930-CIV-COOKE, (S.D. Fla. 2009).  Both *Tok* and *Lawrence* were cases removed under the Convention, and in both cases the court, not the arbitrators, determined whether defenses to arbitration applied. *Tok*, at *3; *Lawrence*, at *4.  These cases are consistent with the plain language of the convention which dictates that the court must decide whether defenses to arbitration apply.

The cases cited by the Defendants for the proposition that arbitrators should decide arbitrability defenses do not apply to cases removed under the Convention.  The Defendants rely heavily on *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002), which involved a dispute over whether the court or arbitrators should decide applicability of a time limitations period contained in the National Association of Securities Dealers arbitration rules.  *Howsam* did not

2

involve the Convention, or any analogous authority that expressly requires *the court* to determine whether an arbitration agreement is inoperative or incapable of being performed.  Moreover, *Howsam* was not even mentioned by Judge Cooke in *Tok* and *Lawrence*, which decisions came after *Howsam*.  The Defendants also rely on several cases[2] that cite *Howsam* but, like *Howsam* none of these cases grapple with the plain language of the Convention, which requires the court to determine whether the arbitration agreement is inoperative or incapable of being performed.

II. **The arbitration agreement is inoperative because the parties did not intend to arbitrate a dispute arising out of an armed take over of the hotel.**

The Eleventh Circuit has noted that "Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Kemiron Atl., Inc. v. Aguakem Int'l, Inc.*, 290 F.3d 1287, 1290 (11th Cir. 2002). *Kemiron* requires contracting parties in the Eleventh Circuit to comply with dispute resolution conditions precedent before an arbitration provision can become operative. *Id*. *Kemiron* concluded that where the arbitration provision requires parties to resolve disputes through other informal methods before arbitration can be initiated (*e.g.,* notice of mediation, mediation, and notice of request for arbitration), and where the party seeking arbitration failed to "perform the steps necessary, as spelled out in the contract," there is no agreement to arbitrate and arbitration cannot proceed. *Id*. at 1290.

Here, the parties established a specific, step-by-step process under which arbitration would serve as a dispute resolution mechanism of <u>last resort</u>, exercisable only after the required steps had been taken.  First, the Agreement has specific dispute resolution methods that "shall" be followed for particular disputes, such as those arising from accounting matters relating to the

---

[2] *Grigsby & Associates, Inc. v. M Securities Inv.*, 664 F.3d 1350 (11th Cir. 2011); *PTA-FLA, Inc. v. ZTE USA, Inc.*, No. 3:11-cv-510-J-32JRK, 2011 WL 5024647 (M.D. Fla. 2011).

financial statements, so those disputes must follow those procedures. *See Motion to Remand Ex. A, at Art. XI (3).*[3] The Agreement requires also notice of a default and at least 30 days opportunity to cure prior to any termination for cause, so the parties clearly intended to provide space and time to work out differences that might lead to termination. *Id.* at Art. XIX (1.1.2). The Agreement then additionally requires that the parties engage in a good faith attempt to settle disputes in good faith, both during the Agreement and after the Agreement expires or terminates. Only if that final good faith attempt to settle fails did the parties agree to submit to arbitration. By orchestrating an armed takeover of the Hotel the Owner recklessly disregarded the contractual conditions precedent to arbitration, and put plaintiff in a position in which cure was impossible, since plaintiff was no longer managing the Hotel. In addition, Owner seized plaintiff's property and proprietary information, defamed plaintiff, and interfered with its business relationships. These actions are not just inconsistent with the parties' agreement to arbitrate only after failure of good faith negotiation, they also render that agreement incapable of being performed, which leads to the inescapable conclusion that this matter is not arbitrable.

Defendants offer no evidence or argument that they complied with the dispute resolution conditions of the Management Agreement. Instead, they play grammatical games with the Management Agreement to make the strained argument that there are no dispute resolution conditions precedent to arbitration. *See Response to Motion to Remand at p. 13-14.* The Management Agreement's arbitration provision states:

> This Agreement shall be governed and interpreted in accordance with the laws of the State of Florida and the United States of America. **The parties agree that in all matters relating to this Agreement, whether during its substance or after its termination, and also in all matters concerning the provisions of this Agreement where any question or dispute or difference shall be settled in**

---

[3] Any disputes "as to the contents or correctness" of financial statements "or any accounting matter thereunder shall be decided by the Independent Certified Public Accountant, whose decision shall be final and binding." This is the core issue raised by Owner in its arbitration request.

4

>  **mutual good faith.**  In case of failure by the parties to reach an amicable settlement, such difference or dispute shall be finally settled through a Board of Arbitrators in accordance with the Rules of Conciliation and Arbitration of the International Chamber of Commerce.  The venue of the arbitration shall be Dade County, Florida.

The Management Agreement thus requires the parties to make a good faith effort to settle all disputes before invoking arbitration.  Defendants also wholly ignore the specific dispute resolution procedures for accounting disputes, and the notice and cure requirements of the contract. *See Motion to Remand Ex. A, at Art. XI (3) and XIX (1.1.2).*  Only by making a strained piecemeal reading of the contract are Defendants able to argue that the contract contains no conditions precedent to arbitration.  However, a proper reading of the entire agreement demonstrates that the parties intended escalating dispute resolution procedures with arbitration as a last resort only after all other procedures failed.  The parties certainly did not intend to allow the Owner to raid the hotel with armed guards, and then force an arbitration without notice and after ignoring every other dispute resolution of the management agreement.

There being no intent to arbitrate this dispute without the express procedures being met, the arbitration provision of the agreement is inoperative and it is now incapable of being performed.  The Convention therefore does not apply for purposes of removal jurisdiction.  Consequently, this court is without subject matter jurisdiction, and the case must be remanded to state court.

**III.    Plaintiff is entitled to injunctive relief.**

**A.    Likelihood of success on the merits is inapplicable to a permanent injunction.**

Plaintiff has moved to permanently enjoin Owner from pursuing arbitration.  In response the Owner argues that Defendants cannot demonstrate a likelihood of success on the merits of their underlying claims.  This is a red herring.  First, likelihood of success on the merits does not apply to permanent injunctions. *Klay v. United Healthgroup, Inc.*, 376 F. 3d 1092, 1097 (11th

Cir. 2004) (for a permanent injunction the plaintiff must show actual success on the merits not likelihood of success). Here, "the merits" at issue by the motion to enjoin involve the enforceability of the arbitration provision, not the substantive claims asserted in the complaint. Plaintiff has asked the court to decide the actual merits of the threshold issue underlying their motion, namely that Owner breached contractual conditions precedent to arbitration such that the arbitration provision is unenforceable. The motion for permanent injunction is predicated on a valid contractual claim, the merits of which the court is being asked to decide. Consequently, Owner's argument that Plaintiff is unlikely to succeed on the merits of an underlying action are inapplicable.

### B. Plaintiff will suffer irreparable harm if the arbitration is not enjoined.

Because the Owner has no right to invoke arbitration, the arbitration should be enjoined and the case remanded so that the state court litigation can proceed. Unless the court enjoins the arbitration Plaintiff will face irreparable harm of having to fight on two fronts. *Ciena Corporation v. Nortel Networks Inc.*, 2005 WL 1189881 (E.D. Tex. 2005). A litigant forced to fight on two fronts suffers irreparable harm caused by the inconvenience, disruption of its business, loss of good will, and financial business hardship from the duplicative actions. *Id.* at *7. GHM's key employees will be required to testify multiple times in deposition, arbitration and trial. *Id.* This disruption will cause irreparable harm that cannot be compensated with money damages. *Id.* Enjoining the arbitration is necessary to prevent this irreparable harm.

### CONCLUSION

The Owner's reckless, armed take-over of the Hotel failed to comply with all conditions precedent to arbitration contained in the parties' Management Agreement. Under established Eleventh Circuit precedent, the owner is prohibited from invoking arbitration due to its failure to comply with dispute resolution conditions precedent. The arbitration provision that formed the

6

basis of Owner's petition for removal is inoperative and incapable of being performed, and therefore, the Owner should be enjoined from pursuing the arbitration it improperly initiated before the International Court of Arbitration.

        Respectfully submitted,

        KOZYAK TROPIN & THROCKMORTON, P.A.
        Counsel for Plaintiff
        2525 Ponce de Leon, 9th Floor
        Coral Gables, Florida 33134
        Telephone: (305) 372-1800
        Fax: (305) 372-3508


        By:____/s/Kenneth R. Hartmann_____
            Kenneth R. Hartmann
            Florida Bar No. 664286
            Daniel F. Benavides
            Florida Bar No. 81675
            Douglas A. Wolfe
            Florida Bar No. 28671

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**S that a true and correct copy of the foregoing was efiled with the Clerk of Court and was electronically served by the Court this 15th of June, 2012 to all parties on the attached service list.

        By: /s/Kenneth R. Hartmann_____
            Kenneth R. Hartmann
            Florida Bar No. 664286
            Daniel F. Benavides
            Florida Bar No. 81675
            Douglas A. Wolfe
            Florida Bar. No. 28671

3515-106/338554.1

## SERVICE LIST

*GHM (South Beach LLC) v. Setai Owners, LLC, et al.*
**CASE NO. 12-cv-21932-KMM**
**United States District Court, Southern District of Florida**

Richard H. Critchlow, Esq. (Florida Bar No. 155227)
rcritclow@knpa.com
Elizabeth B. Honkonen, Esq. (Florida Bar No. 149403)
ehonkonen@knpa.com
Kenny Nachwalter, P.A.
201 South Biscayne Blvd.
Suite 1100
Miami, FL  33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
*Counsel for Defendant Setai Owners LLC*

William A. Brewer, III
wab@bickerbrewer.com
James S. Renard,
jsr@bickerbrewer.com
Jack G. Ternan
jgt@bickerbrewer.com
Bickel & Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015
*Counsel for Defendant Setai Owners LLC*