# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:12-cv-21932-KMM / TORRES

GHM (SOUTH BEACH) LLC, a Delaware
limited liability company,

    Plaintiff,

v.

SETAI OWNERS LLC, a Delaware limited
liability company, TREVI LUXURY
HOSPITALITY GROUP, INC., a Texas
corporation, and SMB MANAGEMENT
LLC, a Florida limited liability company,

    Defendants.
_____/

## DECLARATION OF JOHN DUGGAN

1. My name is John Duggan. I am fully competent and qualified in all respects to make this declaration. The facts set forth herein are true and correct and, unless otherwise qualified, are within my personal knowledge.

A. **Background**

2. For years, I have served on behalf of Setai Owners LLC ("Owner") as Owner's on-site representative at the Setai Resort & Residences (the "Hotel").

3. Until March 31, 2012, General Hotel Management Ltd. ("GHM") and GHM (South Beach) LLC ("Plaintiff") acted as Owner's agents in the management of the Hotel under a Management Agreement dated March 20, 2000 (the "Management Agreement"). I served as an Owner's representative both before and after the termination of the Management Agreement and, during such period, I have reported primarily to Richard Siu of LAMCO LLC, an affiliate of Owner and Lehman Brothers Holdings Inc.

**B.     Owner Has Cooperated In Efforts To Return Property Belonging To Plaintiff.**

4. I have been involved in efforts to turn over to GHM and Plaintiff property that they claim belongs to them. For instance, on April 6, 2012, counsel for GHM along with Xavier Rodriguez, the former Director of Human Resources at the Hotel, were permitted to review all of the documents in the Human Resources department. Security personnel assisted in the boxing of documents identified by Plaintiff as belonging to it or GHM, and the boxes were collected in a room in the Abbey building. In addition, counsel for Plaintiff was given access to the general manager's office where nearly all documents were segregated into three groups: (1) documents agreed to be owned by Plaintiff or GHM; (2) documents agreed to be owned by Owner; and (3) documents as to which ownership is in dispute. Those documents were then placed into separate boxes and moved to the nearby Abbey building. A similar process was used with respect to documents located in other management offices. For example, counsel for Plaintiff reviewed documents in various offices in the Abbey building, including the former assistant general manager's office and the finance offices.

5. On or about April 12, 2012, the dozens of boxes containing documents identified by counsel for Plaintiff as belonging to Plaintiff or GHM were removed from the Abbey with the permission of Owner and turned over to Plaintiff's counsel. The materials removed and transferred included the vast majority of the documents from the Human Resources Department and the payroll information. Since then, as any additional "standard operating procedure" manuals are located, they are gathered and sent to counsel for Plaintiff.

6. Owner is also cooperating with Plaintiff in connection with ongoing efforts to ensure that electronic data belonging to Plaintiff or GHM is appropriately transferred. For instance, on Thursday, May 10, 2012, I met with the Hotel's Director of Information Technology, a vendor retained by Plaintiff, and counsel for the respective parties to discuss the

2

development of a protocol for providing Plaintiff with a copy of the information electronically-stored on the Hotel's computer servers, so that Plaintiff can review the information and advise Defendants regarding what information it claims is proprietary. It is my understanding that such process is underway.

7. Finally, I do not recall reading any communications involving Moustapha Guimei or Hans Meier and an attorney for Plaintiff. Furthermore, I have no intention of reading any attorney-client communications between Plaintiff and its counsel in the future, and I intend to report to counsel for Owner if I discover any such communications.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15 day of June, 2012.

_____  6/15/12
John Duggan

3