

# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:12-cv-21932-KMM / TORRES

GHM (SOUTH BEACH) LLC, a Delaware
limited liability company,

      Plaintiff,

v.

SETAI OWNERS LLC, a Delaware limited
liability company, TREVI LUXURY
HOSPITALITY GROUP, INC., a Texas
corporation, and SMB MANAGEMENT
LLC, a Florida limited liability company,

      Defendants.

_____/

## DECLARATION OF ATEF MANKARIOS

1.      My name is Atef Mankarios. I am fully competent and qualified in all respects to make this declaration. The facts set forth herein are true and correct and, unless otherwise qualified, are within my personal knowledge.

### A.    Trevi Luxury Hospitality Group, Inc.

2.      I am the Chief Executive Officer of Trevi luxury Hospitality Group, Inc. ("Trevi"). Prior to founding Trevi, I served as the Chairman and Chief Executive Officer of Rosewood Hotels & Resorts and, after that, I was President and CEO of St. Regis Hotels & Resorts and served as the Chairman of the Board of Preferred Hotels and Resorts Worldwide. In 2004, I founded the Mankarios Partnership to serve as an advisor, operator, and asset manager of exclusive luxury hotels and resorts. Trevi was later founded to specialize in ultra-luxury unbranded hotels and is an affiliate of the Mankarios Partnership.

3.      The Trevi management team has decades of experience in developing, creating, and operating world-class luxury hotels and resorts in North America, Europe, the Caribbean, the

Middle East, and Asia. Among the internationally-acclaimed hotels and resorts over which I and my team have had operational or development responsibility are the St. Regis in New York City, the Hotel Bel-Air in Los Angeles, the Lanseborough Hotel in London, Las Ventanas in Los Cabos, Mexico, the Little Dix Bay and Caneel Bay resorts in the Caribbean, and The Mansion at Turtle Creek (which, for years, was voted the top luxury hotel in the United States). Our team has created or managed at least six luxury hotels in the United States that have been awarded the coveted "five stars" by Mobile Travel Guide.

4.    Based upon my substantial experience and expertise in the luxury segment of the international hotel industry, and my desire to pursue a new and different approach to luxury hotel management, I founded Trevi and formulated its guiding philosophy that: (1) excellence is not an aspiration but an ongoing commitment; (2) to achieve and sustain excellence is a practice, not a belief; and (3) no aspect of the hospitality experience is ever trivial or inconsequential. Trevi emphasizes the creation of personalized service and amenities to create a personal experience for each guest.

5.    Trevi does not believe in "management by manuals." Rather, we strive to create operating methods that are fluid, flexible, and allow the professional staff to use their expertise and individual creativity to its maximum. Over three decades, we developed this approach to shape the standards of excellence in some of the world's most successful hotels and resorts.

6.    I am not intimately familiar with General Hotel Management Ltd. ("GHM"), and I had never before heard of GHM (South Beach) LLC, the Plaintiff in the above-captioned matter ("Plaintiff"). As a result, and in light of our own unique vision of luxury hotel management and our fundamental business ethics, neither I nor anyone else at Trevi has any desire or need to possess, review, or otherwise use any operating procedure manuals, style guides, travel agent

lists, sales and marketing materials, or similar documents that may have been prepared or compiled by GHM or Plaintiff. Indeed, as a result of our decades of experience in the luxury hospitality industry, my colleagues and I at Trevi have substantial contacts with the preeminent players in the various industry constituencies that contribute to a hotel's success, including travel agents and other sources of high-end individual and group business, vendors and providers of luxury hotel goods and services, employee recruiting networks, and reservations and marketing alliances. For instance, when Setai Owners LLC ("Owner") appointed Trevi as the new manager of the Setai Resort & Residences (the "Hotel") on March 31, 2012, we were able to immediately secure the Hotel's continued participating in the "Leading Hotels of the World" organization because of our strong reputation and history of working with that organization.

## B. The Transition Of The Hotel To New Management

7.     On March 31, 2012, Owner appointed Trevi as the new manager of the Hotel. One of my immediate objectives was to remove the GHM trademarks from the property. I instructed the Trevi employees to ensure that all of the "GHM" marks were identified and removed. It is my personal observation such "GHM" marks have been removed from the signs on the exterior and interior walls of the Setai, "GHM" stationery and any other "GHM"-marked articles and amenities have been removed from the Hotel rooms, and "GHM" tags were removed from the towels and any other soft goods. New e-mail accounts were also created for the Hotel employees, devoid of the "GHM" name.

8.     When I arrived on March 31, 2012, the Hotel room keys bore a "GHM" mark. Desirous of removing all public references to "GHM" from the Hotel, I directed that blank key cards be used instead. It is my understanding that Hans Meier has testified that "[o]n or about April 30, 2012, I was informed that, as of that date, room keys containing the GHM marks were still being used at the Hotel." Upon learning of that statement, and given Mr. Meier's failure to

Case 1:12-cv-21932-KMM Document 25-3 Entered on FLSD Docket 06/15/2012 Page 5 of 6

identify the source of that information, I investigated the matter and confirmed that blank keys were being issued for the Hotel rooms. However, I discovered that some of the condominium unit owners possessed keys, bearing a "GHM" mark, that had been issued by the prior management company. Although Owner and Trevi do not control the condominium unit owners, we nevertheless have made an effort to secure the return of the keys with "GHM" marks. The old keys have now been deactivated, and we have requested that the unit owners return them to us. To my knowledge, no "GHM" marks remain in use at the Hotel.

9.      Trevi also undertook substantial efforts not to use any intellectual property belonging to the prior management company. Upon entry into the Hotel, security was posted at the General Manager's office 24 hours a day, entry was restricted, and no one was permitted to review or remove anything from that office prior to a review of the materials by counsel for the prior management company. Employees of Trevi were not permitted to access or use the "ghmamericas.com" email server, nor were our employees given access to the desktops in the offices prior to the creation of forensic copies of those computers. The employees in the Human Resources department were instructed not to review employee files and payroll information covering the time period prior to Trevi assuming management. In addition, Hotel Employees were instructed not to review or use any GHM "standard operating procedure" manuals, and Trevi began collecting those manuals from around the Hotel to place in safekeeping for their eventual transfer to GHM and/or Plaintiff. I understand that those materials have been turned over. As stated previously, Trevi had, and has, no use for such manuals.

10.     Finally, neither I nor, to my knowledge, any other employee or representative of Trevi has reviewed any communications that we knew, understood, believed, or suspected to constitute attorney-client communications between Plaintiff or GHM and its counsel. I have

footer4

never endeavored to obtain possession of, or review, any such communications nor, to my knowledge, has any other employee or representative of Trevi. I am well aware that Trevi is not to knowingly engage in any such review and, thus, if I become aware of the existence of any such communications located within the Hotel premises, I will undertake to ensure that such communications are immediately safeguarded and returned to Plaintiff, GHM, or their counsel.

11.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of June, 2012.

Atef Markarios