# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:12-cv-21932-KMM / TORRES

GHM (SOUTH BEACH) LLC, a Delaware
limited liability company,

    Plaintiff,

v.

SETAI OWNERS LLC, a Delaware limited
liability company, TREVI LUXURY
HOSPITALITY GROUP, INC., a Texas
corporation, and SMB MANAGEMENT
LLC, a Florida limited liability company,

    Defendants.
_____/

## DECLARATION OF GREG O'KEEFE

1. My name is Greg O'Keefe. I am fully competent and qualified in all respects to make this declaration. The facts set forth herein are true and correct and, unless otherwise qualified, are within my personal knowledge.

2. I am the Director of Information Technology at the Setai Resort & Residences (the "Hotel"). I began serving in that role in December 2011, when the Hotel was being managed by the General Hotel Management Ltd. ("GHM") organization. I have continued to serve in that position under new management.

**A.** **The "ghmamericas.com" Electronic Mail System**

3. Under old management, many Hotel employees had e-mail accounts on the "ghmamericas.com" domain. The data for those accounts was, and continues to be, stored on two servers located at the Hotel. At the time of the termination of old management, most users could access their e-mail accounts through an internet-accessible web-client as well as through their desktop computers in their offices at the Hotel.

4.      At the present time, the "ghmamericas.com" e-mail system that resides on the Hotel servers is disabled, which means that e-mails cannot be sent or received by those e-mail accounts.  Prior to disabling the e-mail system, efforts were made to prevent access to the "ghmamericas.com" e-mail system from the desktop computers at the Hotel.  The goal was to prevent employees of new management from accessing the "ghmamericas.com" e-mail accounts from their work computers, while permitting employees of old management access to those accounts through the web-client.  It is my understanding that old management was not satisfied with this approach and, as a result, the e-mail system was completely disabled.

5.      In the approximately two-week period between the termination of old management and the disabling the "ghmamericas.com" e-mail system, the only individuals with e-mail accounts on that system or the ability to read or send e-mails on that system were individuals who had been employed by old management.  Now, the only individuals who can access the data on the "ghmaericas.com" e-mail systems at the Hotel are information technology personnel, including me, who have not accessed those systems to review, retrieve, or otherwise use the information contained therein, except to assist in preserving evidence and to provide access to GHM's representatives.

6.      No employees or representatives of Trevi Luxury Hospitality Group, Inc., Setai Owners LLC ("Owner"), or Lehman Brothers Holding, Inc. have been provided e-mail accounts on the "ghmamericas.com" system, nor have they been given the ability to read or send e-mails on that system.  New e-mail accounts were issued for the employees at the Hotel using the "thesetaihotel.com" domain.

B.   **The Turnover Of Electronic Information To Plaintiff**

7.      On Thursday, May 10, 2012, I participated in a meeting with Alex Napolitano of Cloud Grid Computing, John Duggan, counsel for Owner, and counsel for GHM (South Beach)

2

LLC ("Plaintiff"). In that meeting, a protocol was discussed whereby Mr. Napolitano would make a virtual copy of some of the servers located at the Hotel, Plaintiff would review the virtual copies, and then Plaintiff's counsel would inform Owner regarding the information to be removed from the servers at the Hotel.

8. On May 21, 2012, Mr. Napolitano began making the virtual copies of the Hotel servers. I assisted by providing him with information and access to the physical servers. Mr. Napolitano has taken the information copied from the servers off-site, and it is my understanding that he intends to return to the Hotel next week to copy an additional server.

9. As of the execution of this declaration, I have not been provided a list of information that Plaintiff believes should be deleted from the servers.

C.   **The Electronic Systems At The Hotel**

10. A variety of electronic systems are used at the Hotel, without which the Hotel could not properly function. In particular, the Hotel utilizes an OPERA Property Management System (the "OPERA system") to track guest data, food and beverage sales, room usage, and many other critical operations-related transactions and activities. If that system were disabled, the Hotel could not effectively or efficiently operate because guest reservations, housekeeping, room service, and countless other tasks could not be completed.

11. It is my understanding that Plaintiff claims that:

> GHM also has invested substantial resources in creating detailed guest profiles. These profiles are not limited to guest check-in and check-out times. Instead, GHM gathers information about guests' special preferences across GHM-managed properties, including room and dining preferences and personal data, and whether the guests have been referred through GHM's preferred travel agencies or agents.

I do not know what GHM did (or does) at its other hotels, but I am familiar with the source of guest profile data retained at the Hotel. The source of that information is the Hotel itself and the

3

guests who patronize the Hotel. As mentioned above, the Hotel utilizes the OPERA System, a publicly-available product created by Micros. The license to use the OPERA system at the Hotel is in the name of Owner. The OPERA system allows for the storage of Hotel guest profile information, and such information is stored on the servers at the Hotel. I am not aware of any instance in which the Hotel's guest profile information was ever shared with other GHM properties or GHM's corporate office. Similarly, I am not aware of any instance in which another hotel's information was transferred to the Hotel from other GHM properties or GHM's corporate office.

      12. It is my understanding that some chain-brand hotel management companies integrate data generated by the individual hotels they manage into a larger system-wide computer network. However, under prior management, the Hotel was not integrated into a GHM system-wide computer network. In fact, I do not know of, and did not speak or work with, any information technology professionals employed with GHM during old management's tenure. Moreover, I am not aware of any computer system at the Hotel that routinely sent or received data from other GHM systems. In addition, to my knowledge, Hotel employees did not have access to shared drives that were hosted at GHM's corporate office or other GHM properties. In sum, from an electronic systems perspective, the Hotel was operated autonomously of other GHM properties.

      13. Moreover, steps have been taken to protect information that may belong to prior management. For instance, a search of the file server was conducted, and any files with "GHM" in the file name were transferred to a folder accessible only by information technology personnel, including me, who have not since accessed that folder to review, retrieve, or otherwise use the information contained therein, except for purposes of preserving evidence and providing

4

access to GHM's representatives. Additionally, access to the data on the Setai-ENG server that was primarily used by human resources personnel under old management has been restricted to information technology personnel (who, again, have not since accessed that data).

14. As a final matter, I have not reviewed, downloaded, copied, or otherwise used any electronically-stored information (or documents) that I understood contained privileged communications between Plaintiff or GHM and its legal counsel. Furthermore, I have not been asked to identify, segregate, or otherwise perform any tasks with respect to such information.

15. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15 day of June, 2012.

_____
Greg O'Keefe