UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 12-cv-21932-KMM

GHM (SOUTH BEACH) LLC,

    Plaintiff,
v.

SETAI OWNERS LLC, TREVI LUXURY
HOSPITALITY GROUP, INC., and SMB
MANAGEMENT LLC,

    Defendants.
_____/

**RESPONSE AND INCORPORATED MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT TREVI LUXURY HOSPITALITY GROUP, INC.'S MOTION FOR MORE DEFINITE STATEMENT AND MOTION TO DISMISS [D.E. 26]**

Plaintiff, GHM (South Beach) LLC ("GHM" or "Plaintiff"), files this Response and Incorporated Memorandum of Law in Opposition to Defendant, Trevi Luxury Hospitality Group, Inc.'s ("Trevi"), Motion for More Definite Statement and Motion to Dismiss [D.E. 26], and states:

**I.    TREVI'S MOTION TO DISMISS SHOULD BE DENIED**

    **A.  Legal Standard**

A movant bears a heavy burden on a 12(b)(6) motion to dismiss. Motions to dismiss are viewed with disfavor and are rarely granted. *See Sec. and Exch. Comm'n v. Dunlap*, 2002 WL 1007626, at *1 (S.D. Fla. March 27, 2002); *see also Vernon v. Medical Mgmt. Assocs. of Margate, Inc.*, 912 F. Supp. 1549, 1555 (S.D. Fla. 1996) (same). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim upon which relief can be granted. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). A court's function on a motion to dismiss is not to weigh evidence which might be presented at

trial, but merely to determine whether the complaint itself is legally sufficient. *See In re Arizen Homes, Inc.*, 2009 WL 393863, at *2 (Bankr. S.D. Fla. Jan 22, 2009) (quotations and citations omitted). A plaintiff must allege factual allegations to demonstrate a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 124 S.Ct. 1955, 1965 (2007). However, this rule does not impose a probability requirement at the pleading stage, but simply calls for enough allegations to raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.*

In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe all allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). A court must limit its evaluation on a motion to dismiss to the pleadings and written instruments attached as exhibits to the complaint. *See Hubbard v. BankAtlantic Bancorp, Inc.*, 625 F. Supp. 2d 1267, 1279 (S.D. Fla. 2008).

### B. Count IV (Tortious Interference with Business Relationships) Should Not Be Dismissed

#### 1. GHM has properly pled a cause of action for tortious interference.

To state a claim for tortious interference, a plaintiff must allege the following elements: (1) the existence of a business relationship; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the interference. *Total Marketing Technologies, Inc. v. Angel Medflight Worldwide Air Ambulance Services, LLC*, 2012 WL 33150 at *2 (M.D. Fla. 2012). GHM alleges that (1) at the time of the illegal raid orchestrated jointly by all the Defendants, the employees at the Hotel were GHM's employees; (2) Trevi knew that the employees at the Hotel were GHM's employees and that Trevi knew or should have known that the business relationship

2

between GHM and its employees was a valuable asset to GHM; (3) without any justification, Trevi participated in the illegal raid of the Hotel and intentionally and improperly forced GHM's employees, by threat of termination, deportation and/or eviction, to end their business relationship with GHM and work for Trevi and its accomplices; and (4) as a direct and proximate result of the conduct of Trevi and its accomplices, GHM has suffered and continues to suffer substantial money damages. *See, e.g.,* Complaint at ¶¶70-75. Accordingly, GHM has properly pled a cause of action against Trevi for tortious interference.

### 2. Trevi's "privilege" affirmative defense is without merit and not a basis for 12(b)(6) dismissal.

Trevi argues that Count IV should be dismissed because its actions were privileged. According to Trevi, its actions were privileged and/or justified because (a) Trevi did not have specific intent to harm GHM and (b) GHM's employees were Owner's sub-agents, and Trevi is an "instrumentality" of Owner. Trevi's privilege defenses are without any merit.

It is beyond dispute that Trevi acted with specific intent to harm GHM (or at least knowledge that harm to GHM would occur) when it stormed the Hotel in the middle of the night and then forced GHM's employees, by threat of termination, deportation and/or eviction, to end their business relationship with GHM and work for Trevi and its accomplices. This was clearly not a case of "a competitor hiring away an employee whose employment is terminable at will," as Trevi would like to portray.

Moreover, Setai Owners and GHM expressly agreed that "nothing in [the Management Agreement] shall be construed as creating a tenancy, partnership, joint venture or any other relationship between the parties."  *See* Management Agreement, attached to the Complaint as Exhibit A, Article VII (1). Accordingly no relationship, other than a contractual relationship, was created between GHM and Setai Owners, including an agency relationship.

Setting aside the merits of Trevi's privilege defense (or lack thereof), whether Trevi was privileged and/or justified to interfere with GHM's business relationship with its employees is an <u>affirmative defense</u>, for which Trevi bears the burden of proof, that raises additional disputed questions of fact (in addition to questions of law) that Trevi will need to establish including: (1) the intent of Trevi when it committed its actions, (2) that GHM was an agent of Owner, (3) that GHM's employees were subagents of Owner, and (4) that Trevi was an "instrumentality" of Owner. As such, Trevi's privilege defense is not an appropriate basis for dismissal.

### C. Count V (Tortious Interference with Business Relationships) Should Not Be Dismissed

#### 1. GHM has properly pled a cause of action for tortious interference.

GHM has alleged that (1) at the time of the illegal raid orchestrated by Trevi and its accomplices, GHM had entered into separate contracts to manage certain private residences at the Setai, (2) Trevi knew about these contracts; (3) without any justification, Trevi participated in the illegal raid of the Hotel and intentionally and improperly interfered with GHM's ability to maintain and continue these separate contracts with the private residence owners; and (4) as a direct and proximate result of the conduct of Trevi and its accomplices, GHM has suffered and continues to suffer substantial money damages. *See, e.g.,* Complaint at ¶¶77-80.  Accordingly, GHM has properly pled a cause of action against Trevi for tortious interference with its condominium unit management contracts.

#### 2. Trevi's "privilege" affirmative defense is without merit and not a basis for 12(b)(6) dismissal.

In support of its motion to dismiss Count V, Trevi again raises the <u>affirmative defense</u> that its actions were justified and/or privileged because (a) Trevi did not have specific intent to harm GHM and (b) GHM's employees were Owner's sub-agents, and Trevi is an "instrumentality" of Owner. Trevi's privilege defenses are without any merit. As discussed

4

above, Trevi's privilege defense is without any merit. Notwithstanding the merits (or lack thereof), the defense raises several disputed questions of fact (in addition to questions of law) that Trevi will need to establish including: (1) the intent of Trevi when it committed its actions, (2) that GHM was an agent of Owner, (3) that Owner properly terminated the management agreement with GHM. As such, Trevi's privilege defense is not an appropriate basis for dismissal.

### D. Count VI (Tortious Interference with Business Relationships) Should Not Be Dismissed

#### 1. GHM has properly pled a cause of action for tortious interference.

GHM has alleged that (1) at the time of the illegal raid orchestrated by Trevi and its accomplices, a management agreement existed between Setai Owners and GHM, (2) Trevi knew about the management agreement; (3) without any justification, Trevi participated in the illegal raid of the Hotel and intentionally and improperly interfered with GHM's ability to continue the management agreement; and (4) as a direct and proximate result of the conduct of Trevi and its accomplices, GHM has suffered and continues to suffer substantial money damages. See, e.g., Complaint at ¶¶82-85. Accordingly, GHM has properly stated a cause of action against Trevi for tortious interference with its management agreement.

#### 2. Trevi's "privilege" affirmative defense is without merit and not a basis for 12(b)(6) dismissal.

As with Counts IV and V, Trevi again raises the affirmative defense that its actions were justified and/or privileged because (a) Trevi did not have specific intent to harm GHM and (b) GHM's employees were Owner's sub-agents, and Trevi is an "instrumentality" of Owner. Trevi's privilege defenses are without any merit. As discussed above, Trevi's privilege defense is without any merit. Notwithstanding the merits (or lack thereof), the defense raises several disputed questions of fact (in addition to questions of law) that Trevi will need to establish

5

including: (1) the intent of Trevi when it committed its actions, (2) that GHM was an agent of Owner, (3) that Owner properly terminated the management agreement with GHM. As such, Trevi's privilege defense is not an appropriate basis for dismissal

### E. Count VII (Violation of Florida Trade Secrets Act) Should Not Be Dismissed

#### 1. GHM's confidential materials meet the statutory definition of a "trade secret."

The Florida Uniform Trade Secrets Act (FUTSA) "defines a trade secret as something that (a) derives independent economic value from not being generally known to the public; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." *Allegiance Healthcare Corp. v. Coleman,* 232 F.Supp. 2d 1329, 1335 (S.D. Fla. 2002) (citing § 688.002(4), Fla. Stat. (2002); *Am. Red Cross v. Palm Beach Blood Bank, Inc.,* 143 F.3d 1407, 1410 (11th Cir.1998)). "Whether information is a trade secret is a question of fact." *Id.* (citing *Del Monte Fresh Produce Co. v. Dole Food Co., Inc.,* 136 F.Supp.2d 1271, 1292 (S.D.Fla.2001); *All Pro Sports Camp., Inc. v. Walt Disney Co.,* 727 So.2d 363, 368 (Fla. 5th DCA 1999). "Accordingly, on a motion to dismiss, the movant must present 'clear authority' that the information that the plaintiff identifies is not protected." *Id.* (citing *Del Monte*, 136 F.Supp.2d at 1292.).

In the Complaint, GHM alleges that its confidential trade secret materials, including standard operating procedure manuals, training manuals, employment files, and privileged materials, consist of unique and specific information with economic value to others in the hotel industry. Complaint at ¶¶87-89. GHM further alleges that it took strict measures to protect the confidentiality of the trade secrets. Complaint at ¶¶90. Accordingly, GHM has sufficiently pled that its confidential materials meet the statutory definition of a "trade secret."

Trevi argues that GHM's confidential materials are not "trade secrets" because (1) the trade secret materials were readily ascertainable because Setai Owners had a right under the

6

Management Agreement to inspect the materials and (2) GHM failed to identify specific measures it took to protect the trade secrets, noting that standard operating procedure manuals were located in public areas and <u>some</u> computer servers did not have password protections.

<u>First</u>, GHM disputes Trevi's interpretation of Art. XI §1 of the Management Agreement, which allows for inspection by Setai Owners only of the <u>financial</u> books and records of the Hotel, and not of GHM's trade secret materials such as employee files, standard operating procedure manuals, and privileged communications. Although GHM often shared financial information with Setai Owners upon request, GHM never shared its trade secret materials with Setai Owners or any third party.[1] Even if GHM had shared some of its trade secret materials with Setai Owners in connection with management of the Hotel, GHM did not and would never have authorized Setai Owners to share such information with third parties. In any event, ownership of the trade secret materials is a question of fact and not appropriate for a motion to dismiss.

<u>Second</u>, GHM is not required to identify, at this stage in the proceedings, the specific measures it took to protect the confidentiality of its trade secret materials. The adequacy of the measures taken by GHM to protect its trade secrets is a question of fact. *See Allegiance Healthcare Corp. v. Coleman,* 232 F.Supp. 2d at 1335. Even if the standard operating procedure manuals were located throughout the Hotel for access by Hotel managers and <u>some</u> servers were not password protected, these facts certainly do not present "clear authority" that GHM did not take any steps to protect its trade secret materials. *Id.* Accordingly, Count VII should not be dismissed.

### 2. GHM's trade secrets were acquired by improper means.

Trevi argues that Count VII should be dismissed because GHM has failed to plead

---

[1] In fact, sharing the employee files, which contain medical information, with Setai Owners or a third party would have been a violation of HIPAA.

"misappropriation" of its trade secrets. According to Trevi, GHM does not allege that its trade secrets were acquired by "improper means." Contrary to Trevi's assertions, GHM has alleged that its trade secrets were acquired by the Defendants by force during an illegal, midnight raid of the Hotel orchestrated by Trevi and its accomplices. It is difficult to imagine a more "improper" means of acquiring the GHM's trade secrets and a clearer set of facts to establish misappropriation of GHM's trade secrets by the Defendants.

### 3. GHM owns its trade secrets.

Common sense dictates that GHM owns, or has an ownership interest in, the trade secret materials it kept at the Hotel, including the employee files for GHM employees, standard operating procedure manuals, and its privileged and confidential communications. Although the Complaint sometimes refers to GHM's parent companies and affiliates in order to add context to the actions committed by the Defendants, GHM has clearly and unequivocally alleged that it owns the trade secret materials at issue. *See* Complaint at ¶92. To the extent Trevi wishes to dispute this allegation, the discovery process will afford Trevi the opportunity to explore further the factual basis of GHM's ownership interest in the trade secret materials. Accordingly, Count VII should not be dismissed.

### F. Count IX (Conversion) Should Not Be Dismissed

#### 1. GHM has properly pled a cause of action for conversion.

"Under Florida law, a conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time." *County of Monroe, Florida v. Priceline.com, Inc.,* 2009 WL 4890664 (S.D. Fla. 2009) (internal citations omitted). As discussed above, GHM has alleged that the Defendants seized (i.e., took possession of)[2] GHM's trade secrets by threat of

---

[2] GHM notes that Trevi incorrectly cites this Court's decision in *Small Business Admin. V. Echevarria*, 864 F.Supp. 1254), which discusses the "intent" element of conversion, in support of its argument that "possession, not conduct,

force during an illegal, midnight raid of the Hotel and ouster of GHM orchestrated by Trevi and its accomplices. *See* Complaint at ¶¶34, 101. Accordingly, GHM has properly pled a cause of action for conversion against Trevi.

### 2. Demand and refusal.

Trevi argues that Count IX should be dismissed because GHM failed to allege, and cannot allege, that it has made a demand on Trevi that has been refused. This Court previously ruled that demand and refusal are unnecessary where they would be futile and where original possession of the disputed property was unlawful. *County of Monroe, Florida v. Priceline.com, Inc.,* 2009 WL 4890664 at *4. This Court also previously rejected the argument that futility of demand must be explicitly alleged in the complaint. *Id.* at fn. 5. (rejecting a movant's use of *Ginsberg v. Lennar Fla. Holdings, Inc.,* 645 So.2d 490, 500 (Fla 3d DCA 1994), relied upon by Trevi in the Motion). Here, GHM has alleged that Trevi illegally seized possession of its trade secrets. Moreover, contrary to Trevi's assertions, since the illegal raid, GHM has made over a dozen demands for the return of its trade secrets which have fallen on deaf ears. In fact, this issue is the subject of the Plaintiff's Motion to Enjoin Use and Compel Return of GHM's Privileged Documents and Confidential Trade Secret Materials [D.E. 1], which has been fully briefed and is pending before this Court. Accordingly, GHM has shown that demand would have been (and in fact was) futile.

### 3. Setai Owners does not own GHM's trade secret materials.

As discussed above, GHM disputes Trevi's interpretation of Art. XI §1 of the Management Agreement, which allows for inspection by Setai Owners only of the <u>financial</u> books and records of the Hotel. Setai Owners (and thus its accomplice, Trevi) has <u>no</u> right or interest in GHM's trade secret materials such as confidential employee files (some containing

---

constitutes conversion." Intent to deprive, as well as possession by Trevi, have been alleged here.

9

medical records), standard operating procedure manuals, and privileged communications. These highly confidential and <u>privileged</u> materials belonging to GHM should never have been in Trevi's possession for inspection and copying, and must be returned immediately.

### G. Count X (Conversion of Business Interest) Should Not Be Dismissed

**1. GHM has properly pled a cause of action for conversion of business interest.**

It is well established that a claim for conversion may extend to the wrongful taking of intangible business interests. *Total Marketing Technologies, Inc. v. Angel Medflight Worldwide Air Ambulance Services, LLC*, 2012 WL 33150 at *3 (citing *In re Corbin's Estate*, 391 So.2d 731, 732 (Fla. 3d DCA 1980). As alleged in the Complaint, Trevi participated in an illegal, midnight raid of the Hotel which wrongfully deprived GHM of a valuable intangible business interest – namely, its business venture at the Hotel. Complaint at ¶105. Accordingly, GHM has properly pled a cause of action for conversion of its business interest against Trevi.

**2. Demand and refusal.**

Trevi and its accomplices ousted GHM by force during an illegal midnight raid of the Hotel. Obviously, the Defendants would not have reinstated GHM had it asked to be reinstated. Accordingly, demand would have been futile. Moreover, any demand for return of the intangible business interest would have been futile (and therefore, unnecessary) because the intangible business interest was, in effect, destroyed by the Defendants' actions. *See Shelby, Ohio v. Crain Press, Inc.,* 481 So.2d 501 (Fla. 2d DCA 1985, *review denied,* 491 So.2d 278 (Fla. 1986) (holding that a demand is futile and therefore unnecessary if the wrongful possessor destroyed the item while wrongfully possessing it).

**3. An ownership interest in the Hotel is not necessary to establish a claim for conversion of business interest.**

Although GHM disputes the existence of an agency relationship between Setai Owners

and GHM, GHM is not required to establish that GHM has a "vested property interest" in the physical Hotel to bring this claim. *See Total Marketing Technologies, Inc. v. Angel Medflight Worldwide Air Ambulance Services, LLC*, 2012 WL 33150 at *3. The business interest converted was GHM's business venture at the Hotel. Accordingly, Count X should not be dismissed.

### H. Count XI (Conspiracy) Should Not Be Dismissed

As discussed above, GHM has adequately pled several underlying torts by the Defendants to bring a claim for conspiracy against Trevi and its accomplices. Moreover, Trevi's implication that there was no agreement among the Defendants to raid the Hotel and oust GHM – i.e., that the Defendants coincidentally convened at the Hotel at the exact same time – is an affront to common sense. Accordingly, Count XI should not be dismissed.

## II. TREVI'S MOTION FOR A MORE DEFINITE STATEMENT SHOULD BE DENIED[3]

"[A] pleading that satisfies the notice pleading standards of Rule 8 is…sufficient to withstand a Rule 12(e) motion." *Total Marketing Technologies, Inc. v. Angel Medflight Worldwide Air Ambulance Services, LLC*, 2012 WL 33150 at *5 (quoting *Palma Vista Condo Assoc. of Hillsborough Co., Inc. v. Nationwide Mut. Fire Ins. Co.,* 2010 WL 2293265 (M.D. Fla. 2010)). As discussed above, GHM has clearly set forth sufficient allegations against Trevi to support each element of its various claims against Trevi. GHM does not know, cannot know, and is not required to know or allege, exactly which representative at Trevi authorized the improper acts described in the Complaint and whether such representative was present in Florida during the improper raid of the Hotel.

Moreover, although the Complaint sometimes refers to GHM's parent companies and affiliates in order to add context to the actions committed by the Defendants, GHM has alleged

---

[3] GHM notes that Trevi's counsel failed to confer with GHM's counsel prior to seeking this relief, as required by

11

sufficient facts to establish that it is entitled to bring each of the claims listed in the Complaint and that it owns the trade secret materials described in the Complaint.[4]

To the extent Trevi seeks a clarification of the factual allegations made by GHM in the Complaint or otherwise believes that any of the allegations made by GHM are false, "the discovery process will afford [Trevi] the opportunity to explore further the factual basis of [GHM]'s claim and to narrow the issues." *Id.* Accordingly, Trevi's motion for a more definite statement should be denied.

### CONCLUSION

This Court should deny Trevi's Motion.

Respectfully submitted,

KOZYAK TROPIN & THROCKMORTON, P.A.
Counsel for Plaintiff
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
Fax: (305) 372-3508


By:___/s/Daniel F. Benavides_____
    Kenneth R. Hartmann
    Florida Bar No. 664286
    Daniel F. Benavides
    Florida Bar No. 81675

---

S.D. Fla. L.R. 7.1(a)(3).
[4] Though it reserves the right to do so, GHM has not brought a claim for trademark infringement for the improper use of the GHM marks. Accordingly, ownership of the GHM marks is irrelevant.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY**S that a true and correct copy of the foregoing was efiled with the Clerk of Court and was electronically served by the Court this 6th of July, 2012 to all parties on the attached service list.

By: /s/Daniel F. Benavides_____
Kenneth R. Hartmann
Florida Bar No. 664286
Daniel F. Benavides
Florida Bar No. 81675

## SERVICE LIST

*GHM (South Beach LLC) v. Setai Owners, LLC, et al.*
**CASE NO. 12-cv-21932-KMM**
**United States District Court, Southern District of Florida**

Richard H. Critchlow, Esq. (Florida Bar No. 155227)
rcritclow@knpa.com
Elizabeth B. Honkonen, Esq. (Florida Bar No. 149403)
ehonkonen@knpa.com
Kenny Nachwalter, P.A.
201 South Biscayne Blvd.
Suite 1100
Miami, FL  33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
*Counsel for Defendant Setai Owners LLC*

Willliam A. Brewer, III
wab@bickerbrewer.com
James S. Renard,
jsr@bickerbrewer.com
Jack G. Ternan
jgt@bickerbrewer.com
Bickel & Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015
*Counsel for Defendant Setai Owners LLC*

3515/106/339046.1