UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:12-cv-21932-KMM / TORRES

GHM (SOUTH BEACH) LLC, a Delaware
limited liability company,

    Plaintiff,

v.

SETAI OWNERS LLC, a Delaware limited
liability company, TREVI LUXURY
HOSPITALITY GROUP, INC., a Texas
corporation, and SMB MANAGEMENT
LLC, a Florida limited liability company,

    Defendants.
_____/

**DEFENDANT SMB MANAGEMENT LLC'S
REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION FOR MORE DEFINITE STATEMENT AND MOTION TO DISMISS [D.E. 12]**

| | |
|---|---|
| Richard H. Critchlow, Esq. | William A. Brewer III (admitted *pro hac vice*) |
| Elizabeth B. Honkonen, Esq. | James S. Renard (admitted *pro hac vice*) |
| KENNY NACHWALTER, P.A. | Jack G. B. Ternan (admitted *pro hac vice*) |
| 201 South Biscayne Boulevard | BICKEL & BREWER |
| Suite 1100 | 4800 Comerica Bank Tower |
| Miami, Florida 33131-4327 | 1717 Main Street |
| Telephone: (305) 373-1000 | Dallas, Texas 75201 |
| Facsimile: (305) 372-1861 | Telephone: (214) 653-4000 |
| | Facsimile: (214) 653-1015 |

Defendant SMB Management LLC ("SMB") files this Reply Memorandum in Support of its Motion for Motion Definite Statement and Motion to Dismiss [D.E. 12] ("Motion"), as follows:

## I. ARGUMENTS AND AUTHORITIES

**A.    Plaintiff Asserts The Wrong Legal Standard In An Effort To Lower Its Burden.**

Notably, every authority relied upon by Plaintiff in attempting to describe the standards applicable to a motion to dismiss pre-dates the Supreme Court's controlling clarification of the pleading standards in May 2009.[1]  The Supreme Court has made clear that stating a claim for relief "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[2]  A pleading that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[3]  As set forth in the Motion and further discussed below, Plaintiff has failed in many respects to even recite the elements of a cause of action and has wholly failed to plead any "factual enhancement" to support those elements.

**B.    Plaintiff Has Still Failed To Allege Facts Connecting SMB With Any Of The Events Or Circumstances At Issue In This Case.**

As set forth in the Motion, Plaintiff failed to plead that any agent of SMB committed any particular act of alleged misconduct.  Plaintiff's only response is to say that it "does not know, cannot know, and is not required to know or allege, exactly which representative at SMB

---

[1] *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[2] *Id*. at 678.

[3] *Id*.

authorized the improper acts described in the Complaint."[4]  Plaintiff's admission that its claims against SMB are based entirely on speculation is telling.  While Plaintiff does not have to identify a specific agent, Plaintiff does have to allege that some agent of SMB did something.[5]  Given that Plaintiff did not identify a single act purportedly done by an agent of SMB and apparently cannot do so, the Court should dismiss all claims against SMB.

C.  **Count IV (Tortious Interference With Employees) Should Be Dismissed.**

Under Florida law, the plaintiff has the burden of pleading and establishing four elements for a claim of tortious interference: (1) the existence of a business relationship; (2) defendant had knowledge of that business relationship; (3) that defendant intentionally and unjustifiably interfered with that business relationship; and (4) that plaintiff suffered damages as a result.[6]  In its Motion, SMB established that Plaintiff has not pleaded any facts that would establish the third element—namely, that SMB's purported interference was intended to harm Plaintiff or was unjustified.[7]  In response, Plaintiff makes two assertions.

First, Plaintiff asserts that it pleaded the elements of tortious interference.  Although the words "intentionally" and "without proper justification" appear in the Complaint, the mere

---

[4] *See* Response and Incorporated Memorandum of Law in Opposition to Defendant SMB Management LLC's Motion for More Definite Statement and Motion to Dismiss ("Response") [D.E. 32].

[5] *See Iqbal*, 556 U.S. at 678.

[6] *See Romika-USA, Inc. v. HSBC Bank USA, N.A.*, 514 F. Supp. 2d 1334, 1339 (S.D. Fla. 2007) (*citing Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1473 (11th Cir. 1989); *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994)); *Networkip, LLC v. Spread Enterprises, Inc.*, 922 So. 2d 355, 357-58 (Fla. 3d DCA 2006) (recitation of the elements).

[7] *See* Motion at 8-9.

"recitation of the elements" is insufficient to state a claim.[8] To state a claim, Plaintiff had to allege facts from which it is plausible to conclude the alleged interference was specifically intended to harm Plaintiff rather than to advance SMB's interests.[9] Plaintiff does not allege that SMB wanted to harm Plaintiff or otherwise allege any fact supporting an inference that SMB had a specific intent to harm Plaintiff. Indeed, Plaintiff does not allege any fact suggesting that SMB interfered, much less interfered with a specific intent to harm Plaintiff.

Second, Plaintiff argues that SMB's privileged, non-stranger status is an affirmative defense and, thus, not a proper ground for granting a motion to dismiss. However, a court should grant a motion to dismiss based on an affirmative defense that appears on the face of the complaint.[10] The Management Agreement makes clear that Plaintiff was an agent of Owner (and explicitly denies that the relationship is of any other kind)[11] and, therefore, Owner's interest in

---

[8] *See Iqbal*, 556 U.S. at 678.

[9] *See Romika-USA, Inc.*, 514 F. Supp. 2d at 1339 ("To be liable for tortious interference a defendant must have both the intent to damage the business relationship and a lack of justification for doing so."); *Fiberglass Coatings, Inc. v. Interstate Chem., Inc.*, 16 So. 3d 836, 838 (Fla. 2d DCA 2009) ("Causation requires a plaintiff to 'prove that the defendant manifested a specific intent to interfere with the business relationship.' No liability will attach unless it is established 'that the defendant intended to procure a breach of the contract.' 'One does not induce another to commit a breach of contract with a third person under the rule stated in this Section when he merely enters into an agreement with the other with knowledge that the other cannot perform both it and his contract with the third person.'") (citations omitted); *Chicago Title Ins. Co. v. Alday-Donalson Title Co. of Fla., Inc.*, 832 So. 2d 810, 814 (Fla. 2d DCA 2002).

[10] *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) ("A complaint may be dismissed if an affirmative defense . . . appears on the face of the complaint.").

[11] *See* Management Agreement at art. I, § 1 ("The Operator, as sole agent of Owner, will act in accordance with the terms and conditions hereinafter set forth"); *id.* at art. VII (1) ("In taking any action pursuant to this Agreement, the Operator will be acting only as the appointed representative of Owner, and nothing in this Agreement shall be construed as creating a tenancy, partnership, joint venture, or any other relationship between the parties hereto."). Plaintiff

the performance of the employees' duties immunizes SMB from a tortious interference claim.[12] Accordingly, the Motion should be granted, and Count IV should be dismissed.

### D. Count V (Tortious Interference With Purported Business Relationships With Private Residences) Should Be Dismissed.

In its Motion, SMB established that Plaintiff has failed to state a claim because it has failed to plead facts showing that SMB intended to harm Plaintiff rather than benefit its own interests.[13] In response, Plaintiff makes two assertions that fail for the same reasons its other tortious interference claim fails.

First, Plaintiff asserts that it has recited the elements of a tortious interference claim. As set forth above, Plaintiff must do more than perfunctorily parrot the elements to state a claim. It is simply not plausible that by supporting the management of the Hotel, SMB had the specific intent to harm Plaintiff's relationships with private residences rather than an intent to advance its own business interests. Plaintiff has alleged no facts establishing that SMB took any intentional actions relating to private residences, much less that it took those actions with a malicious intent towards Plaintiff.

Second, Plaintiff against asserts that affirmative defenses cannot serve as a basis for dismissal. As set forth above, it is appropriate to dismiss a claim where, as is the case here, the affirmative defense appears on the face of the Complaint. Moreover, Plaintiff has failed to allege

---

selectively quotes the latter section, which makes clear that the relationship is solely one of agency, to suggest that Plaintiff was not a representative/agent of Owner.

[12] *See* Motion at 9.

[13] *See* Motion at 10-11.

any facts to show that SMB's presence at the Hotel at the invitation of Owner was in any way improper. Accordingly, Count V should be dismissed.

E. **Count VII (Violation Of Florida Trade Secrets Act) Should Be Dismissed.**

In its Motion, SMB established that Plaintiff has failed to state a claim under the Florida Trade Secrets Act because Plaintiff failed to allege: (1) facts showing that the trade secrets are not readily "ascertainable by proper means;" (2) facts showing misappropriation as defined in the statute; and (3) facts establishing that it, as opposed to General Hotel Management, Ltd., owns the purported trade secrets.[14] Plaintiff's responses are without merit.

1. **Plaintiff failed to plead facts meeting the minimum requirements of the Florida Trade Secrets Act ("FTSA").**

Plaintiff makes three attempts to hide and excuse its failure to plead the elements of a Florida Trade Secrets Act claim. First, Plaintiff engages in misdirection by quoting a *case* that *summarizes* the FTSA requirements in the hopes the Court will overlook what the statute plainly requires. In particular, the FTSA provides that a trade secret must "not be[] readily ascertainable by proper means" by "persons who can obtain economic value from its disclosure or use."[15] Nowhere in the Complaint does Plaintiff allege that the purported trade secrets are not readily ascertainable to those in the hospitality industry. Therefore, Plaintiff has not even recited the elements of a FTSA claim in the Complaint, much less pleaded facts that, if true, would render it plausible that such elements could be met.

Second, Plaintiff attempts to interpret contractual language stating, "books of account and all other records relating to, or reflecting, the operation of the Hotel . . . shall be available to

---

[14] *See* Motion at 11-14.

[15] *See* FLA. STAT. § 688.002(4)(a).

the Owner and its duly authorized representatives for examination, audit, inspection and copying," [16] to mean only <u>some</u> records relating or reflecting the operation of the Hotel were open to inspection. Apart from the fact that such an interpretation is preposterous, even if Plaintiff <u>could</u> plead around the contract to show that *some* information was not readily ascertainable,[17] it did not so plead. In the absence of factual allegations allowing the Court to infer that it is plausible that the information was not readily obtainable by those in the industry, Count VII should be dismissed.

<u>Third</u>, relying on a case applying the now defunct and discredited "no set of facts" standard for a motion to dismiss, Plaintiff argues that "the adequacy of the measures taken by GHM to protect its trade secrets is a question of fact." SMB is not asking the Court to determine if Plaintiff's "measures" were "adequate." Rather, SMB has identified Plaintiff's failure to specify in its pleading <u>any</u> measures taken to protect the secrecy of the information. Such failure constitutes a failure to state a claim.[18] Accordingly, Count VII should be dismissed.

### 2. **Plaintiff has failed to allege "improper means" under FTSA.**

For purposes of FTSA, "improper means" is defined as " theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage

---

[16] *See* Management Agreement at 11, art. XI § 1 (emphasis added).

[17] For instance, Plaintiff notes that certain employee medical information could not be shared. Such information is not a trade secret because it does not generate economic value.

[18] *See Pegasus Imaging Corp. v. Northrop Grumman Corp.*, No. 8:07-CV-1937-T-27EAJ, 2008 WL 5099691, at *4 (M.D. Fla. Nov. 25, 2008) ("Pegasus also alleges that it 'has maintained the secrecy of the Source Code through considerable expense and efforts.' . . . These conclusory allegations do not meet the pleading requirements of Rule 8 as set forth in *Twombly*.").

through electronic or other means."[19]  In its Motion, SMB identified Plaintiff's failure to plead any of those improper means.[20]  Rather than attempt to correct that deficiency, Plaintiff merely reiterates its assertion that "improper means" include the presence of a subsidiary of Owner at Owner's Hotel.  However, even if Owner breached its contract with Plaintiff by terminating the Management Agreement, there is simply nothing illegal or improper about a hotel owner terminating its agent-manager and subsequently involving a subsidiary in some functions of its Hotel.[21]  Accordingly, Plaintiff has failed to plead that trade secrets were acquired by "improper means" and, thus, has failed to state a claim.

### 3. **Plaintiff has failed to plead facts establishing that any trade secrets belong to it rather than General Hotel Management, Ltd.**

In its Motion, SMB demonstrated that the facts pleaded by Plaintiff indicate that the alleged trade secrets, if not owned by Owner, belong to General Hotel Management Ltd., and not

---

[19] *See* FLA. STAT. § 688.002(1).

[20] *See* Motion at 13-14.

[21] *See United States v. Blankenship*, 382 F.3d 1110, 1133 (11th Cir. 2004) ("It is not illegal for a party to breach a contract; a contract gives a party two equally viable options (perform or pay compensation), between which it is generally at liberty to choose. A 'promise' contained in a contract is not a certification that the promisor will actually perform the specified acts, or presently intends to perform those acts, but is instead a grant of a legal right to the other party to either enjoy performance or receive damages."); *FHR TB, LLC v. TB Isle Resort, LP*., No. 11–23115–Civ–Graham/Goodman, 2011 WL 4914715, at *19 (S.D. Fla. Oct. 14, 2011) ("Ordinarily, an agency relationship is revocable at will by the principal. This principle of law is ancient and well-settled.") (citation omitted); *Woolley v. Embassy Suites, Inc*., 278 Cal. Rptr. 719, 724 (Cal. App. 1991) ("Because an agency depends upon the mutual assent of the parties, it may be renounced by either the principal or the agent at any time."); *Government Guarantee Fund of Republic of Finland v. Hyatt Corp*., 95 F.3d 291, 300 (3d Cir. 1996)  ("The principal has power to revoke ... although doing so is in violation of a contract between the parties and although the authority is expressed to be irrevocable. A statement in a contract that the authority cannot be terminated by either party is effective only to create liability for its wrongful termination.") (citation omitted).

Plaintiff.[22]  In response, Plaintiff merely says that its conclusory claim that the trade secrets belong to it is enough.[23]  However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[24]  Plaintiff has failed to plead facts allowing the Court to infer that it is plausible that Plaintiff, as opposed to General Hotel Management Ltd., owns the trade secrets and, thus, Count VII should be dismissed.

**F.     Count IX (Conversion) Should Be Dismissed.**

In its Motion, SMB demonstrated that Plaintiff has failed to state a claim for conversion because Plaintiff has failed to plead facts showing that SMB intended or intends to deprive Plaintiff of any property—as further shown by Plaintiff's failure to plead that it demanded return and that SMB refused to return any property.[25]  Plaintiff has no response to this point.  Instead, Plaintiff argues that permanent or indefinite deprivation resulting from an illegal act is sufficient to establish conversion.  However, Plaintiff has alleged neither any facts demonstrating any illegal act[26] nor any facts showing a permanent or indefinite deprivation of anything.  The evidentiary record submitted on the pending motion regarding intellectual property is clear that

---

[22] *See* Motion at 14.

[23] *See* Response at 8.  Plaintiff also says that "common sense" dictates that it has an ownership interest in employee files, standard operating manuals, and its privileged and confidential communications.  Leaving aside the fact that employees files and privileged communications are not typically trade secrets because they do not derive economic value, Plaintiff misses the point.  While "common sense" would suggest that Plaintiff may have generated confidential information <u>at</u> the Hotel, what Plaintiff alleges is that the confidential materials were "brought" to the Hotel.  *See* Complaint at 23, ¶ 87.  Based on what Plaintiff alleges, the trade secrets must have been created by someone other than Plaintiff.  *See* Complaint at 23, ¶ 87.

[24] *See Iqbal*, 556 U.S. at 678.

[25] *See* Motion at 14-15.

[26] As shown above, SMB's presence at the Hotel is not an illegal act.  *See supra* n. 20.

SMB has made extensive efforts to return all property belonging to Plaintiff, which explains why Plaintiff cannot and did not allege in the Complaint that demand was futile or had been rejected. Accordingly, the Motion should be granted, and Count IX should be dismissed.

### G. Count X (Conversion Of Business Interest) Should Be Dismissed.

In its Motion, SMB established that Plaintiff failed to state a claim for conversion of a business interest because Plaintiff failed to plead any facts establishing that: (1) Plaintiff had a business interest capable of conversion; or (2) SMB "possessed" any business interest belonging to Plaintiff. Plaintiff attempts to avoid those defects by asserting that intangible business interests, such as confidential information or shares in a company, can be converted. While that is true in the abstract, what Plaintiff alleges in this case—"GHM's business venture at the Hotel"—is neither a property interest (tangible or intangible) nor something that SMB "possessed." Accordingly, Plaintiff failed to state a claim for conversion of a business interest.

### H. Count XI (Conspiracy) Should Be Dismissed

In its Motion, SMB established that the conspiracy claim should be dismissed because Plaintiff had failed to establish an independent tort or an agreement to undertake tortious activity. Plaintiff still has failed to establish an independent tort, and the only "agreement" that Plaintiff identifies in the response is an agreement to "raid the Hotel and oust GHM." As set forth above, there is nothing tortious or illegal about Owner and its agents taking possession of Owner's own Hotel. Plaintiff has failed to allege facts showing an agreement to do anything tortious or illegal and, thus, even if one or more of its tort claims survive the Motion, its conspiracy claim should be dismissed.

**I.     Alternatively, The Motion For More Definite Statement Should Be Granted**

If the Court were to decide not to dismiss all claims asserted against SMB, it should grant the requested more definite statement. The unpublished opinion cited by Plaintiff from the Middle District of Florida does not make the Complaint any less deficient under the binding Eleventh Circuit precedent cited in the Motion.[27]  Moreover, Plaintiff does not explain how SMB could possibly respond to a claim of conversion when Plaintiff both asserts and denies ownership of property. Accordingly, SMB's request for more definite statement should be granted.

## II. CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, SMB requests that the Court enter an order: (1) granting the Motion and the relief requested therein; and (2) granting SMB such other relief to which it is entitled and which the Court deems just and proper.

Dated: July 16, 2012                                         Respectfully submitted,
      Miami, Florida

                                        s/Elizabeth B. Honkonen
                                        Richard H. Critchlow, Esq.
                                        (Florida Bar No. 155227)
                                        rcritchlow@knpa.com
                                        Elizabeth B. Honkonen, Esq.
                                        (Florida Bar No. 149403)
                                        ehonkonen@knpa.com
                                        KENNY NACHWALTER, P.A.
                                        201 South Biscayne Boulevard, Suite 1100
                                        Miami, Florida  33131-4327
                                        Telephone:     (305) 373-1000
                                        Facsimile:      (305) 372-1861

                                                  - and -

---

[27] *See* Motion at 4-5; *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

10

>William A. Brewer III
>(admitted *pro hac vice*)
>wab@bickelbrewer.com
>James S. Renard
>(admitted *pro hac vice*)
>jsr@bickelbrewer.com
>Jack G. B. Ternan
>(admitted *pro hac vice*)
>jgt@bickelbrewer.com
>BICKEL & BREWER
>4800 Comerica Bank Tower
>1717 Main Street
>Dallas, Texas  75201
>Telephone:     (214) 653-4000
>Facsimile:      (214) 653-1015
>
>**COUNSEL FOR DEFENDANT SMB MANAGEMENT LLC**

## CERTIFICATE OF SERVICE

**I certify** that on July 16, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>s/Elizabeth B. Honkonen

**SERVICE LIST**
*GHM (South Beach LLC) v. Setai Owners LLC, et al.*
**CASE NO. 1:12-cv-21932-KMM/TORRES**
**United States District Court, Southern District of Florida**

Kenneth R. Hartmann, Esq. (Florida Bar No. 664286)
krh@kttlaw.com
Daniel F. Benavides, Esq. (Florida Bar No. 81675)
dfb@kttlaw.com
Douglas A. Wolfe, Esq. (Florida Bar No. 28671)
daw@kttlaw.com
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida  33134
Telephone:     (305) 372-1800
Facsimile:     (305) 372-3508
*Counsel for Plaintiff*
**[VIA CM/ECF]**

Richard H. Critchlow, Esq. (Florida Bar No. 155227)
rcritchlow@knpa.com
Elizabeth B. Honkonen, Esq. (Florida Bar No. 149403)
ehonkonen@knpa.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
Suite 1100
Miami, Florida  33131-4327
Telephone:     (305) 373-1000
Facsimile:     (305) 372-1861
*Counsel for Defendants Setai Owners LLC, SMB Management LLC and Trevi Luxury Hospitality Group, Inc.*
**[VIA CM/ECF]**

William A. Brewer, III (admitted *pro hac vice*)
wab@bickelbrewer.com
James S. Renard (admitted *pro hac vice*)
jsr@bickelbrewer.com
Jack G. Ternan (admitted *pro hac vice*)
jgt@bickelbrewer.com
Bickel & Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201
Telephone:     (214) 653-4000
Facsimile:     (214) 653-1015
*Counsel for Defendants Setai Owners LLC, SMB Management LLC and Trevi Luxury Hospitality Group, Inc.*
**[VIA CM/ECF]**