UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 12-cv-21932-KMM

GHM (SOUTH BEACH) LLC,

    Plaintiff,

v.

SETAI OWNERS LLC, TREVI LUXURY
HOSPITALITY GROUP, INC., and SMB
MANAGEMENT LLC,

    Defendants.
_____/

## JOINT SCHEDULING REPORT

Plaintiff GHM (South Beach) LLC and Defendants Setai Owners LLC ("Owner"), Trevi Luxury Hospitality Group, Inc. ("Trevi"), and SMB Management LLC ("SMB"), pursuant to Fed. R. Civ. P. 16(b) and 26(f), and Rule 16.1(b) of the Local Rules of the United States District Court for the Southern District of Florida, hereby file their Joint Scheduling Report and Joint Proposed Scheduling Order.

    **I.    REPORT OF CONFERENCE**

        **A.    Nature of Case and Basis of Claims and Defenses**

    *1.    Plaintiff's Position*

This matter involves a dispute over Owner's improper termination of a hotel management agreement between Plaintiff and Owner, and the Defendants' tortious conduct before, during, and after the termination of the management agreement.

    *2.    Defendants' Position*

This matter involves a dispute over Plaintiff's mismanagement of Owner's Hotel, Owner's termination of Plaintiff's agency relationship with Owner, and the surrounding events

CASE NO.: 12-cv-21932-KMM

and circumstances. Prior to the initiation of this case, Owner had initiated an arbitration proceeding against Plaintiff and General Hotel Management, Ltd. in the International Court of Arbitration of the International Chamber of Commerce, alleging breaches of the management agreement and seeking declaratory relief (the "Arbitration Proceeding"). In that Arbitration Proceeding, Plaintiff and General Hotel Management, Ltd. have contested the jurisdiction of the arbitration panel, and in this action, Plaintiff contests the arbitration panel's jurisdiction. In contrast, Defendants contend that the arbitration panel has jurisdiction over the claims between and among the parties to the Arbitration Proceeding and, in any event, is the tribunal that should determine whether: (1) it has jurisdiction; (2) arbitration has been waived; and (3) any conditions precedent to arbitration have been met. Owner intends to file a motion to stay proceedings in this Court upon the approval of the final member of the arbitration panel by the International Court of Arbitration. Because commencing discovery in this action prior to the determination of the proper forum would likely result in a duplication of effort, Defendants contend that discovery should not proceed in this case until the arbitration panel has decided whether it has jurisdiction.

B. **Pending Motions**

Plaintiff filed a motion to remand this matter back to state court, which is fully briefed [D.E. 4, 21, 23]. Before the case was removed, Plaintiff filed a motion to enjoin the Arbitration Proceeding, which is fully briefed [D.E. 1, 20, 24]. Plaintiff also filed a motion to recover allegedly confidential and privileged materials allegedly in Defendants' possession and to enjoin use of the confidential and privileged materials, which is fully briefed [D.E. 1, 25, 28]. Each Defendant filed a motion to dismiss and motion for more definite statement, which will be fully briefed by Monday, July 23, 2012 [D.E. 11, 12, 26, 31, 32, 33, 34, 35].

2

CASE NO.: 12-cv-21932-KMM

### C. The Likelihood of Settlement

At this time, there are too many unresolved legal and factual issues to have meaningful settlement conversations. As the case progresses, the parties agree that they will engage in meaningful discussions to explore a possible solution to this dispute.

### D. The Likelihood of Appearance in the Action of Additional Parties

*1. Plaintiff's Position*

Plaintiff anticipates the appearance in the action of additional parties and reserves the right to seek leave to add additional parties.

*2. Defendants' Position*

In addition to the contention that arbitration is the appropriate forum, Defendants also contend that Plaintiff lacks standing to assert many of its claims, and that General Hotel Management, Ltd. will have to appear in order to assert many of the claims alleged by Plaintiff. Defendants also anticipate that discovery may lead to the addition of other new parties. Defendants reserve the right to seek leave to add additional parties.

### E. Rule 26(a)(1) Disclosures

*1. Defendants' Position*

Defendants contend that Rule 26(a)(1) disclosures should not occur prior to a determination by the arbitration panel of Plaintiff's challenge to the panel's jurisdiction. In the event that the arbitration panel rules that it has jurisdiction, Defendants intend to seek a stay of proceedings in this Court so that the issues can be resolved in arbitration.

*2. Plaintiff's Position*

Plaintiff contends that the parties' initial disclosures should be served by August 15, 2012.

CASE NO.: 12-cv-21932-KMM

### F.  Changes or Limitations on Discovery

*1.  Defendants' Position*

Defendants contend that discovery in this case should not begin before the arbitration panel determines Plaintiff's challenge to the panel's jurisdiction. Once the arbitrational panel has been constituted, Defendants intend to seek a stay of proceedings in this Court so that the issues can be resolved in arbitration. Additionally, Defendants contend that discovery should not commence until Plaintiff has identified with specificity the purported trade secrets and other "confidential information" that purportedly has been converted and/or misappropriated.

*2.  Plaintiff's Position*

Plaintiff contends that there is no need for changes or limitations on discovery, provided that any expert depositions are in addition to the ten depositions permitted in the Rules.

### G.  Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defenses, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment

*1.  Defendants' Position*

Defendants contend that nearly all of the claims asserted by Plaintiff should be dismissed for failure to state a claim. In the event that those claims are not dismissed at the pleading stage or are not stayed in favor of arbitration, Defendants will file motions for summary judgment. Defendants do not believe that Plaintiff will be able to present any evidence to create a material question of fact on most of its claims. In the event that any non-arbitrable claims remain after the motions to dismiss and initial motions for summary judgment, Defendants will work with Plaintiff to simplify the issues. Defendants would request an additional round of motions for summary judgment at the conclusion of discovery.

CASE NO.: 12-cv-21932-KMM

*2.     Plaintiff's Position*

Plaintiff contends that the parties can work together to simplify the issues and eliminate claims or defenses that, after discovery, appear to be without factual basis. The Plaintiff proposes that the deadline for filing all summary judgment motions be in accordance with Federal Rule of Civil Procedure 56.

**H.     The Necessity or Desirability of Amendment to the Pleadings**

*1.     Defendants' Position*

As set forth in their motions to dismiss and for more definite statements, Defendants contend that the Complaint is deficient and fails to comply with Federal Rule of Civil Procedure 8. Defendants contend that, in the event that claims are not dismissed outright, Plaintiff should file an amended Complaint that complies with that rule. In the event that non-arbitrable claims remain after the motions to dismiss and initial motions for summary judgment, Defendants may also file counterclaims.

*2.     Plaintiff's Position*

Plaintiff believes that, depending upon the outcome of the pending motions, amendments to the pleadings may become necessary or desirable.

**I.     The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents and the Need for Advance Rulings from the Court on Admissibility of Evidence**

In the event that there is a trial of this matter in this Court, the parties may be able to stipulate to the authenticity of certain relevant documents and may be able to stipulate to basic facts to obviate certain proofs. The parties will be able to determine the extent to which they can make any such stipulations once discovery has progressed.

CASE NO.: 12-cv-21932-KMM

**J.    Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence**

In the event that there is a trial of this matter in this Court, the parties believe that they can work cooperatively before trial to develop an efficient procedure for the presentation of evidence.

**K.    Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master**

The parties have no objection to referring discovery and other non-dispositive matters to the Magistrate Judge if the Court wishes to do so.

**L.    A Preliminary Estimate of the Time Required for Trial**

The parties cannot accurately estimate the time required for the trial at this point because of the uncertainty regarding the claims that will be at issue at trial. Given the complexity of the issues involved, trial would likely be a minimum of four to six weeks.

**M.    Requested Dates or Dates for Conferences Before Trial, a Final Pretrial Conference, and Trial**

The parties suggest that a conference to discuss discovery matters be scheduled after the Court rules on the pending motions to dismiss and motion to remand.

**N.    Any Other Information that Might be Helpful to the Court in Setting the Case for Status or Pretrial Conference**

*1.    Plaintiff's Position*

The Plaintiff has no other information that might be helpful at this time, but will submit such information as it becomes known through discovery.

*2.    Defendant's Position*

Defendants contend that the proper forum for the resolution of most, if not all, of the actionable claims asserted by Plaintiff is the Arbitration Proceeding. Moreover, Defendants

CASE NO.: 12-cv-21932-KMM

contend that the arbitration panel should be the tribunal that decides whether arbitration has been waived and whether conditions precedent were met.  Because commencing discovery in this action prior to the determination of the proper forum likely would result in a duplication of effort, Defendants contend that discovery should not proceed in this case until the arbitration panel has determined whether it has jurisdiction.

CASE NO.: 12-cv-21932-KMM

Dated:  July 19, 2012.

Respectfully submitted,

| | |
|---|---|
| By:     s/Douglas A. Wolfe<br>Kenneth R. Hartmann<br>Florida Bar No. 664286<br>Email: KRH@kttlaw.com<br>Daniel F. Benavides<br>Florida Bar No. 81675<br>Email: DFB@kttlaw.com<br>Douglas A. Wolfe<br>Florida Bar No. 28671<br>Email: DAW@kttlaw.com<br><br>KOZYAK TROPIN & THROCKMORTON, P.A.<br>2525 Ponce De Leon Boulevard, 9th Floor<br>Coral Gables, Florida  33134<br>Telephone: 305-372-1800<br>Facsimile: 305-372-3508<br>Email: GAM@kttlaw.com<br><br>*Attorneys for GHM (South Beach) LLC* | By:     /s/Elizabeth Honkonen<br>Richard H. Critchlow, Esq.<br>Florida Bar No. 155227<br>rcritclow@knpa.com<br>Elizabeth B. Honkonen, Esq.<br>Florida Bar No. 149403<br>ehonkonen@knpa.com<br><br>Kenny Nachwalter, P.A.<br>201 South Biscayne Blvd., Suite 1100<br>Miami, FL  33131-4327<br>Telephone: (305) 373-1000<br>Facsimile: (305) 372-1861<br><br>Willliam A. Brewer, III<br>wab@bickerbrewer.com<br>James S. Renard,<br>jsr@bickerbrewer.com<br>Jack G. Ternan<br>jgt@bickerbrewer.com<br>Bickel & Brewer<br>4800 Comerica Bank Tower<br>1717 Main Street<br>Dallas, Texas  75201<br>Telephone: (214) 653-4000<br>Facsimile: (214) 653-1015<br><br>*Counsel for Defendants Setai Owners LLC,*<br>*Trevi Luxury Hospitality Group, Inc., and*<br>*SMB Management LLC* |

CASE NO.: 12-cv-21932-KMM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been filed with the Clerk of the Court using CM/ECF and served via transmission of Notices of Electronic Filing generated by CM/ECF this 19th day of July 2012.

By: /s/Douglas A. Wolfe
Douglas A. Wolfe, Esq.

339427.1/3515-106

5272280.3
2159-02