UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  1:12-cv-21932-KMM / TORRES

GHM (SOUTH BEACH) LLC, a Delaware
limited liability company,

      Plaintiff,

v.

SETAI OWNERS LLC, a Delaware limited
liability company, TREVI LUXURY
HOSPITALITY GROUP, INC., a Texas
corporation, and SMB MANAGEMENT
LLC, a Florida limited liability company,

      Defendants.

_____/

**DEFENDANT SETAI OWNERS LLC'S**
**REPLY MEMORANDUM IN SUPPORT OF ITS**
**MOTION FOR MORE DEFINITE STATEMENT AND MOTION TO DISMISS [D.E. 11]**

Richard H. Critchlow, Esq.
Elizabeth B. Honkonen, Esq.
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
Suite 1100
Miami, Florida  33131-4327
Telephone:   (305) 373-1000
Facsimile:   (305) 372-1861

William A. Brewer III (admitted *pro hac vice*)
James S. Renard (admitted *pro hac vice*)
Jack G. B. Ternan (admitted *pro hac vice*)
BICKEL & BREWER
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201
Telephone:   (214) 653-4000
Facsimile:   (214) 653-1015

Defendant Setai Owners LLC ("Owner") files this Reply Memorandum in Support of its Motion for Motion Definite Statement and Motion to Dismiss [D.E. 11] ("Motion"), as follows:

## I. ARGUMENTS AND AUTHORITIES

### A. Plaintiff Asserts The Wrong Legal Standard In An Effort To Lower Its Burden.

Every authority upon which Plaintiff relies in attempting to describe the standards applicable to a motion to dismiss pre-dates the Supreme Court's controlling clarification of the pleading standards in May 2009, in which the Court made clear that stating a claim for relief "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[1]   A pleading that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[2]   As set forth in the Motion and further discussed below, Plaintiff has failed in many respects to even recite the elements of a cause of action and has wholly failed to plead any "factual enhancement" to support those elements.

### B. Count II (Breach Of Duty Of Good Faith And Fair Dealing) Should Be Dismissed.

In its Motion, Owner established that Count II should be dismissed because it is duplicative of Plaintiff's breach of contract claim.  In response, Plaintiff cites (but does not quote) paragraphs 17-19 of the Complaint and claims those acts "fill in the gaps" in Plaintiff's breach of contract claim.  However, Plaintiff alleges an <u>explicit</u> breach of contract in those

_____

[1] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] *Id.*

paragraphs.[3]   Therefore, for the reasons set forth in the Motion, the breach of the <u>implied</u> covenant of good faith and fair dealing is duplicative and should be dismissed.

**C.      Count III (Declaratory Relief) Should Be Dismissed.**

In its Motion, Owner established that Plaintiff's claim for declaratory relief should be dismissed because the question posed by the request for relief is one for the arbitrators to decide. Plaintiff makes two erroneous arguments in response.  <u>First</u>, Plaintiff continues to confuse its affirmative defenses to a motion to enforce arbitration with the question of jurisdiction under the Convention—when the courts have clearly differentiated the two issues.[4]  <u>Second</u>, Plaintiff cites two district court cases in arguing that the Supreme Court's analysis in *Howsam* does not apply to cases involving the Convention.[5]  To the contrary, courts applying the Convention have followed *Howsam* and deferred "gateway questions," such as waiver, to the arbitrators.[6] Plaintiff's request for declaratory relief is improper, and Count III should be dismissed.

---

[3] *See* Complaint at 6, ¶ 17 (alleging Owner refused to "comply with its other obligations related to Hotel operations, all as required by the Management Agreement").

[4] *See, e.g., Czarina, L.L.C. v. W.F. Poe Syndicate*, 358 F.3d 1286, 1292 n. 3 (11th Cir. 2004) ("We must note that the jurisdictional prerequisites to an action confirming an award are different from the several affirmative defenses to confirmation enumerated in article V of the Convention."); *Bautista v. Star Cruises*, 396 F.3d 1289, 1294-95 (11th Cir. 2005); *Beiser v. Weyler*, 284 F.3d 665, 670 (5th Cir. 2002) .

[5] *See* Response at 5.  Both cases cited by Plaintiff involve waiver by participating in litigation.  The outcome in those cases arises not from the Convention but from the rule that waiver of arbitration through litigation, unlike the waiver and condition precedent arguments alleged by Plaintiff, is an issue for the court to decide.  *See Grigsby & Associates, Inc. v. M Securities Inv.*, 664 F.3d 1350, 1353 (11th Cir. 2011).

[6] *See Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 393-94 (2d Cir. 2011); *Certain Underwriters at Lloyd's London v. Westchester Fire Ins. Co.*, 489 F.3d 580, 585 (3d Cir. 2007); *TMR Energy Ltd. v. State Prop. Fund of Ukraine*, 411 F.3d 296, 305 (D.C. Cir. 2005).

D.      **Count IV (Tortious Interference With Employees) Should Be Dismissed.**

Under Florida law, a plaintiff must plead four elements to state a claim of tortious interference: (1) the existence of a business relationship; (2) defendant's knowledge of that business relationship; (3) defendant's intentional and unjustifiable interference with that business relationship; and (4) plaintiff's resultant injury.[7]   In its Motion, Owner established that Plaintiff has not pleaded any facts that would establish the third element—namely, that Owner's purported interference was intended to harm Plaintiff and was unjustified.  In response, Plaintiff makes two assertions.

First, Plaintiff asserts that it pleaded the elements of tortious interference.  Although the words "intentionally" and "without proper justification" appear in the Complaint, the mere "recitation of the elements" is insufficient to state a claim.[8]  To state a claim, Plaintiff had to allege facts from which it is plausible to conclude the alleged interference was specifically intended to harm Plaintiff rather than to advance Owner's interests.[9]  Plaintiff does not allege that Owner wanted to harm Plaintiff or otherwise allege any fact supporting an inference that Owner had a specific intent to harm Plaintiff.  Instead, it is clear the employees who had been running

_____

[7] *See Romika-USA, Inc. v. HSBC Bank USA, N.A.*, 514 F. Supp. 2d 1334, 1339 (S.D. Fla. 2007) (*citing Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1473 (11th Cir. 1989); *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla.1994)); *Networkip, LLC v. Spread Enter., Inc.*, 922 So. 2d 355, 357-58 (Fla. 3d DCA 2006) (reciting the elements).

[8] *See Iqbal*, 556 U.S. at 678.

[9] *See Romika-USA, Inc.*, 514 F. Supp. 2d at 1339 ("To be liable for tortious interference a defendant must have both the intent to damage the business relationship and a lack of justification for doing so."); *Fiberglass Coatings, Inc. v. Interstate Chem., Inc.*, 16 So. 3d 836, 838 (Fla. 2d DCA 2009); *Chicago Title Ins. Co. v. Alday-Donalson Title Co. of Fla., Inc.*, 832 So. 2d 810, 814 (Fla. 2d DCA 2002).

the Hotel were retained to continue running it, not with specific intent to harm Plaintiff.

Second, Plaintiff argues that Owner's privileged, non-stranger status is an affirmative defense and, thus, not a proper ground for granting a motion to dismiss. However, a court should grant a motion to dismiss based on an affirmative defense that appears on the face of the complaint.[10]  The Management Agreement states that Plaintiff was an agent of Owner (and explicitly denies that the relationship is of any other kind)[11] and, therefore, Owner's interest in the performance of the employees' duties immunizes it from a tortious interference claim.[12] Accordingly, the Motion should be granted, and Count IV should be dismissed.

**E.     Count V (Tortious Interference With Purported Business Relationships With Private Residences) Should Be Dismissed.**

In its Motion, Owner established that Plaintiff has failed to state a claim because it has failed to plead facts showing that Owner intended to harm Plaintiff rather than benefit its own interests in the Hotel.  In response, Plaintiff makes two assertions that fail for the same reasons its other tortious interference claim fails.

First, Plaintiff asserts that it has recited the elements of a tortious interference claim.  As

---

[10] *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) ("A complaint may be dismissed if an affirmative defense . . . appears on the face of the complaint.").

[11] *See* Management Agreement at art. I, § 1 ("The Operator, as sole agent of Owner, will act in accordance with the terms and conditions hereinafter set forth"); *id.* at art. VII (1) ("In taking any action pursuant to this Agreement, the Operator will be acting only as the appointed representative of Owner, and nothing in this Agreement shall be construed as creating a tenancy, partnership, joint venture, or any other relationship between the parties hereto.").  Plaintiff selectively quotes the latter section, which makes clear that the relationship is solely one of agency, to suggest that Plaintiff was not a representative/agent of Owner.

[12] *See* Motion at 10.

4

set forth above, Plaintiff must do more than parrot the elements to state a claim.  Moreover, it is simply not plausible that, by changing the management of the Hotel, Owner specifically intended to harm Plaintiff's relationships with private residences rather than to advance its own business interests.  Plaintiff alleged no facts establishing Owner took any intentional actions relating to private residences, much less that it took those actions with a malicious intent towards Plaintiff.

Second, Plaintiff again asserts that affirmative defenses cannot serve as a basis for dismissal.  As set forth above, it is appropriate to dismiss a claim where, as is the case here, the affirmative defense appears on the face of the Complaint.  Moreover, the only "wrongdoing" alleged by Plaintiff is that Owner "ousted" Plaintiff from the Hotel.  Those alleged acts, however, do not constitute improper conduct.[13]  Accordingly, Count V should be dismissed.

**F.**     **Count VII (Violation Of Florida Trade Secrets Act ("FTSA")) Should Be Dismissed.**

In its Motion, Owner established that Plaintiff has failed to state a claim under the Florida Trade Secrets Act because Plaintiff failed to allege:  (1) facts showing that the trade secrets are not readily "ascertainable by proper means;" (2) facts showing misappropriation as defined in the statute; and (3) facts establishing that it, as opposed to General Hotel Management, Ltd., owns the purported trade secrets.  Plaintiff's responses are without merit.

_____

[13] *See United States v. Blankenship*, 382 F.3d 1110, 1133 (11th Cir. 2004) ("It is not illegal for a party to breach a contract; a contract gives a party two equally viable options (perform or pay compensation), between which it is generally at liberty to choose. A 'promise' contained in a contract is not a certification that the promisor will actually perform the specified acts, or presently intends to perform those acts, but is instead a grant of a legal right to the other party to either enjoy performance or receive damages."); *FHR TB, LLC v. TB Isle Resort, LP.*, No. 11–Civ-23115, 2011 WL 4914715, at *19 (S.D. Fla. Oct. 14, 2011) ("Ordinarily, an agency relationship is revocable at will by the principal. This principle of law is ancient and well-

1.      **Owner owns the alleged "confidential information."**

As set forth in the Motion and Management Agreement, all of the records relating to or reflecting the operation of the Hotel belong to Owner, and all of Plaintiff's purported "trade secrets" relate to or reflect the operation of the Hotel.[14]  Plaintiff's only response is to allege that Owner's rights are limited to "financial" books and records.  No such limitation is found in the Management Agreement and, because Plaintiff's assertion conflicts with the plain meaning of the language used, its interpretation should be rejected.[15]  Because Owner (not Plaintiff) owns the alleged information, Plaintiff's trade secret claim should be dismissed.

2.      **Plaintiff failed to plead facts meeting the minimum requirements of FTSA.**

Plaintiff makes three attempts to excuse its failure to plead the elements of a Florida Trade Secrets Act claim.  <u>First</u>, Plaintiff quotes a case that merely *summarizes* the FTSA requirements in the hopes the Court will overlook what the statute plainly requires.  In particular, the FTSA provides that a trade secret must "not be[] readily ascertainable by proper means" by "persons who can obtain economic value from its disclosure or use."[16]  The Complaint is devoid of any allegation that the purported trade secrets are not readily ascertainable to those in the hospitality industry.  Therefore, Plaintiff has not even recited the elements of a FTSA claim in

---

settled.") (citation omitted); *Woolley v. Embassy Suites, Inc.*, 278 Cal. Rptr. 719, 724 (Cal. App. 1991); *Gov't Guar. Fund of Rep. of Finland v. Hyatt Corp.*, 95 F.3d 291, 300 (3d Cir. 1996).

[14] *See* Motion at 12; Management Agreement at 11, art. XI § 1, Ex. A to the Complaint.

[15] *See Crawford v. Barker*, 64 So. 3d 1246, 1255 (Fla. 2011).

[16] *See* FLA. STAT. § 688.002(4)(a).

6

the Complaint, much less pleaded facts that, if true, would render it plausible that such elements are present here.

    <u>Second</u>, Plaintiff attempts to interpret contractual language explicitly stating that Owner can inspect <u>all</u> records[17] to mean only <u>some</u> records relating or reflecting the operation of the Hotel were open to Owner's inspection. Apart from the fact that such an interpretation makes no sense, even if Plaintiff <u>could</u> plead around the contract to show that *some* information was not readily ascertainable, it did not do so here. In the absence of factual allegations allowing the Court to infer that it is plausible that the information was not readily obtainable by those in the industry, Count VII should be dismissed.

    <u>Third</u>, relying on a case applying the now defunct "no set of facts" standard for a motion to dismiss, Plaintiff argues that "the adequacy of the measures taken by GHM to protect its trade secrets is a question of fact." Owner is not asking the Court to determine if Plaintiff's "measures" were "adequate." Rather, Owner has identified Plaintiff's failure to specify in its pleading <u>any</u> measures taken to protect the secrecy of the information. Such failure constitutes a failure to state a claim.[18] Accordingly, Count VII should be dismissed.

_____

[17] *See* Management Agreement at 11, art. XI § 1 ("books of account and <u>all</u> other records relating to, or reflecting, the operation of the Hotel . . . shall be available to the Owner and its duly authorized representatives for examination, audit, inspection and copying") (emphasis added).

[18] *See Pegasus Imaging Corp. v. Northrop Grumman Corp.*, No. 8:07-CV-1937-T-27EAJ, 2008 WL 5099691, at *4 (M.D. Fla. Nov. 25, 2008) ("Pegasus also alleges that it 'has maintained the secrecy of the Source Code through considerable expense and efforts.' . . . These conclusory allegations do not meet the pleading requirements of Rule 8 as set forth in *Twombly*.").

3.      **Plaintiff has failed to allege "improper means" under FTSA.**

For purposes of FTSA, "improper means" is defined as " theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means."[19]   In its Motion, Owner identified Plaintiff's failure to plead any of those improper means.   Rather than attempt to correct that deficiency, Plaintiff merely reiterates its assertion that "improper means" include Owner's control over its own Hotel.   However, even if Owner breached its contract with Plaintiff by terminating the Management Agreement, there is simply nothing illegal or improper about a hotel owner terminating its agent-manager.[20] Accordingly, Plaintiff has failed to plead that trade secrets were acquired by "improper means" and, thus, has failed to state a claim.

4.      **Plaintiff has failed to plead facts establishing that any trade secrets belong to it rather than General Hotel Management, Ltd.**

In its Motion, Owner demonstrated that the facts pleaded by Plaintiff indicate that the alleged trade secrets, if not owned by Owner, belong to General Hotel Management Ltd., and not Plaintiff.   In response, Plaintiff merely says that its conclusory claim that the trade secrets belong to it is enough.   However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[21]   Plaintiff has failed to plead facts allowing the Court to infer that it is plausible that Plaintiff, as opposed to General Hotel Management Ltd., owns the trade secrets and, thus, Count VII should be dismissed.

_____

[19] *See* FLA. STAT. § 688.002(1).

[20] *See supra* n. 13.

[21] *See Iqbal*, 556 U.S. at 678.

G.    <u>**Count IX (Conversion) Should Be Dismissed.**</u>

In its Motion, Owner demonstrated that Plaintiff has failed to state a claim for conversion because Plaintiff has failed to plead facts showing that Owner intended to deprive Plaintiff of any property—as further shown by Plaintiff's failure to plead that it demanded return and that Owner refused to return any property.  Plaintiff has no response to this point.  Instead, it argues that permanent or indefinite deprivation resulting from an illegal act is sufficient to establish conversion.  However, Plaintiff has alleged neither facts demonstrating any illegal act[22] nor facts showing a permanent or indefinite deprivation of anything.  The evidentiary record submitted on the pending motion regarding intellectual property [D.E. 25] is clear that Owner has made extensive efforts to return any of Plaintiff's property, which explains why Plaintiff cannot and does not allege in the Complaint that demand was futile or had been rejected.   Accordingly, the Motion should be granted, and Count IX should be dismissed.

H.    <u>**Count XI (Conspiracy) Should Be Dismissed.**</u>

In its Motion, Owner established that the conspiracy claim should be dismissed because Plaintiff had failed to establish an independent tort or an agreement to undertake tortious activity. Plaintiff still has failed to establish an independent tort, and the only "agreement" that Plaintiff identifies in the response is an agreement to "raid the Hotel and oust GHM."  As set forth above, there is nothing tortious or illegal about Owner taking possession of its own Hotel.  Plaintiff failed to allege facts showing an agreement to do anything tortious or illegal and, thus, even if one or more of its tort claims survive the Motion, its conspiracy claim should be dismissed.

---

[22] As shown above, Owner's termination of Plaintiff is not an illegal act.  *See supra* n. 13.

I.      **Count XII (Willful And Wanton Termination) Should Be Dismissed.**

In the Motion, Owner established that no separate cause of action for "willful and wanton termination" is recognized in Florida.  In response, Plaintiff cites two cases that held that punitive damages are available when an independent tort is stated even if a breach of contract claim is also stated.[23]  Neither case, however, supports Plaintiff's attempt to turn a contract claim into a tort of "willful and wanton termination."  Accordingly, Count XII should be dismissed.

J.      **Alternatively, The Motion For More Definite Statement Should Be Granted.**

If the Court were to decide not to dismiss all claims asserted against Owner, it should grant the request for a more definite statement.  The unpublished opinion cited by Plaintiff does not make the Complaint any less deficient under the binding Eleventh Circuit precedent cited in the Motion.[24]  Moreover, Plaintiff does not explain how Owner could possibly respond to a claim of conversion when Plaintiff both asserts and denies ownership of property.  Accordingly, the request for more definite statement should be granted.

## II.  CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Owner requests that the Court enter an order:  (1) granting the Motion and the relief requested therein; and (2) granting Owner such other relief to which it is entitled and which the Court deems just and proper.

---

[23] *See* Response at 13 (*citing Excel Handbag Co. v. Edison Bros. Stores, Inc.*, 630 F.2d 379, 384 (5th Cir. 1980) (holding that conversion constituted independent tort on which punitive damages could be awarded); *Griffith v. Shamrock Village, Inc.*, 94 So. 2d 854, 858 (Fla. 1957) (holding that gross negligence constituted a tort allowing punitive damages to be awarded).

[24] *See* Motion at 4-5; *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

10

Dated: July 23, 2012
       Miami, Florida

Respectfully submitted,

s/Elizabeth B. Honkonen
Richard H. Critchlow, Esq.
(Florida Bar No. 155227)
rcritchlow@knpa.com
Elizabeth B. Honkonen, Esq.
(Florida Bar No. 149403)
ehonkonen@knpa.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard, Suite 1100
Miami, Florida  33131-4327
Telephone:     (305) 373-1000
Facsimile:     (305) 372-1861

- and -

William A. Brewer III
(admitted *pro hac vice*)
wab@bickelbrewer.com
James S. Renard
(admitted *pro hac vice*)
jsr@bickelbrewer.com
Jack G. B. Ternan
(admitted *pro hac vice*)
jgt@bickelbrewer.com
BICKEL & BREWER
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201
Telephone:     (214) 653-4000
Facsimile:     (214) 653-1015

**COUNSEL FOR DEFENDANT SETAI
OWNERS LLC**

11

## **CERTIFICATE OF SERVICE**

I certify that on July 23, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Elizabeth B. Honkonen

12

**SERVICE LIST**
### GHM (South Beach LLC) v. Setai Owners LLC, et al.
### CASE NO. 1:12-cv-21932-KMM/TORRES
**United States District Court, Southern District of Florida**

| | |
|---|---|
| Kenneth R. Hartmann, Esq. (Florida Bar No. 664286)<br>krh@kttlaw.com<br>Daniel F. Benavides, Esq. (Florida Bar No. 81675)<br>dfb@kttlaw.com<br>Douglas A. Wolfe, Esq. (Florida Bar No. 28671)<br>daw@kttlaw.com<br>KOZYAK TROPIN & THROCKMORTON, P.A.<br>2525 Ponce de Leon, 9th Floor<br>Coral Gables, Florida 33134<br>Telephone:    (305) 372-1800<br>Facsimile:    (305) 372-3508<br>Counsel for Plaintiff<br>**[VIA CM/ECF]** | Richard H. Critchlow, Esq. (Florida Bar No. 155227)<br>rcritchlow@knpa.com<br>Elizabeth B. Honkonen, Esq. (Florida Bar No. 149403)<br>ehonkonen@knpa.com<br>KENNY NACHWALTER, P.A.<br>201 South Biscayne Boulevard<br>Suite 1100<br>Miami, Florida 33131-4327<br>Telephone:    (305) 373-1000<br>Facsimile:    (305) 372-1861<br>*Counsel for Defendants Setai Owners LLC,*<br>*SMB Management LLC and Trevi Luxury*<br>*Hospitality Group, Inc.*<br>**[VIA CM/ECF]**<br><br>William A. Brewer, III (admitted *pro hac vice*)<br>wab@bickelbrewer.com<br>James S. Renard (admitted *pro hac vice*)<br>jsr@bickelbrewer.com<br>Jack G. Ternan (admitted *pro hac vice*)<br>jgt@bickelbrewer.com<br>Bickel & Brewer<br>4800 Comerica Bank Tower<br>1717 Main Street<br>Dallas, Texas 75201<br>Telephone:    (214) 653-4000<br>Facsimile:    (214) 653-1015<br>*Counsel for Defendants Setai Owners LLC,*<br>*SMB Management LLC and Trevi Luxury*<br>*Hospitality Group, Inc.*<br>**[VIA CM/ECF]** |

13