UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:12-cv-21932-KMM

GHM (SOUTH BEACH) LLC, a Delaware
limited liability company,

   Plaintiff,
v.

SETAI OWNERS LLC, a Delaware limited
liability company, TREVI LUXURY
HOSPITALITY GROUP, INC., a Texas
corporation, and SMB MANAGEMENT
LLC, a Florida limited liability company,

   Defendants.
_____/

### DEFENDANTS' MOTION FOR A STAY OF PROCEEDINGS
### AND MOTION FOR PROTECTION
### WITH INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 26(c) and 9 U.S.C. § 3, Defendants Setai Owners LLC ("Owner"), SMB Management LLC ("SMB"), and Trevi Luxury Hospitality Group, Inc. ("Trevi") (collectively, "Defendants") file this Motion for a Stay of Proceedings and Motion for Protection (the "Motion"), and for the reasons set forth in the Memorandum of Law below, request the Motion be granted.

### MEMORANDUM OF LAW

### I.

### PRELIMINARY STATEMENT

Owner is the developer and primary owner of the Setai Resort & Residences (the "Hotel") located in Miami Beach, Florida. Until March 31, 2012, General Hotel Management, Ltd., a British Virgin Islands company with its principal place of business in Singapore ("GHM"), and

GHM (South Beach) LLC ("Plaintiff") acted as Owner's agents in the management of the Hotel in accordance with a Management Agreement dated March 20, 2000 ("Management Agreement"). After years of failed, good faith attempts to urge GHM and Plaintiff to comply with their obligations, Owner terminated the Management Agreement on March 31, 2012. Additionally, in accordance with the arbitration provision in that agreement, Owner initiated an arbitration against GHM and Plaintiff in the International Court of Arbitration of the International Chamber of Commerce located in Paris, France. In the arbitration, Owner seeks to recover millions of dollars in damages caused by GHM and Plaintiff's mismanagement of the Hotel and requests declaratory relief that Owner's termination was proper and imposes no liability upon Owner.

On May 2, 2012, in an effort to avoid its arbitration obligation, Plaintiff filed the present lawsuit in state court, in which it seeks, among other relief, a judicial declaration "that GHM is not required to submit to arbitration" and an injunction to "prohibit Owner from proceeding with the arbitration." In addition, Plaintiff has asserted claims relating to the termination of the Management Agreement against SMB Management, LLC ("SMB"), a wholly-owned subsidiary of Owner, and Trevi Luxury Hospitality Group, Inc. ("Trevi"), the new manager of the Hotel. On May 23, 2012, Owner removed the case to this Court pursuant to 9 U.S.C. § 205, which provides for removal to enforce international arbitration agreements.[1]

Defendants move to stay proceedings pending the resolution of the pending arbitration proceeding involving Owner and Plaintiff. Defendants had previously stated their intention to

---

[1] *See* Notice of Removal (Doc. 1).

file a motion for stay only after the arbitration panel determined whether it has jurisdiction, but in light of Plaintiff's premature discovery requests, Defendants believe that they can no longer wait to seek relief from the Court. As set forth below, a stay of proceedings involving Plaintiff's claims against Owner is <u>mandatory</u>, and Plaintiff's claims against SMB and Trevi should be stayed because the arbitration proceeding should resolve the definitive factual question—whether Owner was justified in terminating Plaintiff's management of the Hotel.

Additionally, Trevi and SMB have moved to dismiss all claims alleged by Plaintiff against them.[2] Owner has moved to dismiss all but two of the claims asserted by Plaintiff.[3] Although the motions to dismiss remain pending, and none of the Defendants have filed answers or counterclaims, Plaintiff has begun serving discovery requests on parties and nonparties. Plaintiff is not permitted to obtain discovery: (1) prior to a ruling on the motions to dismiss; (2) prior to identifying with specificity the trade secrets that were allegedly misappropriated; and (3) prior to the entry of a protective order governing the use of confidential information. Accordingly, Defendants move for protection from Plaintiff's pending discovery requests and any future discovery requests.

---

[2] *See* Defendant SMB Management LLC's Motion for More Definite Statement and Motion to Dismiss with Incorporated Memorandum of Law (Doc. 12); Defendant Trevi Luxury Hospitality Group, Inc.'s Motion for More Definite Statement and Motion to Dismiss with Incorporated Memorandum of Law (Doc. 26).

[3] *See* Defendant Setai Owners LLC's Motion for Motion Definite Statement and Motion to Dismiss With Incorporated Memorandum of Law (Doc. 11) ("Owner's Motion to Dismiss").

## II.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A. **Discovery From Which Protection Is Sought**

On August 8, 2012, Plaintiff served the following discovery requests on Defendants:

(1) First Set of Interrogatories to Setai Owners LLC, attached hereto as Exhibit A;

(2) First Set of Interrogatories to Trevi Luxury Hospitality Group, Inc., attached hereto as Exhibit B;

(3) First Set of Interrogatories to SMB Management LLC, attached hereto as Exhibit C;

(4) First Requests for Admission to Setai Owners LLC, attached hereto as Exhibit D;

(5) First Requests for Production of Documents and Things to Setai Owners LLC, attached hereto as Exhibit E;

(6) First Requests for Production of Documents and Things to SMB Management LLC, attached hereto as Exhibit F; and

(7) First Requests for Production of Documents and Things to Trevi Luxury Hospitality Group, Inc., attached hereto as Exhibit G.

Those discovery requests are hereinafter referred to as "Party Discovery Requests."

Furthermore, Plaintiff has served subpoenas on individuals and entities affiliated with Owner. In particular, Plaintiff has served a subpoena seeking documents and depositions from:

(1) Trimont Real Estate Advisors, Inc. ("Trimont"), a consultant retained by Owner;[4]

(2) John Duggan, Owner's on-site representative;[5] and

---

[4] The Subpoena to Trimont Real Estate Advisors, Inc. is attached hereto as Exhibit H.

   (3)  Richard Siu, asset manager for LAMCO LLC, indirect manager member of Owner.[6]

The Subpoenas to Trimont, John Duggan, and Richard Siu are hereinafter referred to as the "Nonparty Discovery Requests." The Party Discovery Requests and Nonparty Discovery Requests are hereinafter referred to as the "Discovery Requests."

### B.   Nature Of The Document Requests

Plaintiff did not consult with counsel for Defendants before serving the Discovery Requests. The documents sought via the Discovery Requests are largely the same, and Plaintiff is seeking every document related to the Hotel.[7] The Discovery Requests clearly seek confidential information belonging to Owner, such as plans to sell the Hotel,[8] financial statements,[9] and documents relating to the operation of the Hotel after the termination of GHM.[10] The Discovery Requests seek information relating to claims that are subject to pending motions

---

[5] The Subpoena to John Duggan is attached hereto as Exhibit I.

[6] The Subpoena to Richard Siu is attached hereto as Exhibit J.

[7] For instance, Plaintiff has asked Lehman's asset manager for the Hotel to produce all documents "referring or relating to the Hotel." *See* Subpoena to Richard Siu, Request for Production No. 3, Exhibit J.

[8] *See, e.g.*, Requests for Production to Setai Owners LLC, Request Nos. 13-14 ("All documents relating to any attempts to market for sale and/or sell the Hotel. Any and all appraisals of the Hotel."), Exhibit E.

[9] *See, e.g.*, Requests for Production to Setai Owners LLC, Request No. 7 ("All documents reflecting or relating to any financial audits of the Hotel."), Exhibit E.

[10] *See, e.g.*, Requests for Production to Setai Owners LLC, Request No. 17 ("Any and all Standard Operating Procedures or similar documents that have been used at the Hotel since April 1, 2012"), Exhibit E.

to dismiss[11] and regarding contentions and counterclaims that Plaintiff anticipates Defendants *might* allege in an answer or counterclaim after the motions to dismiss are decided.[12]

C.  **The Premature Nature Of The Discovery Requests**

At the present time, none of the Defendants have filed an answer or counterclaims. Instead, Trevi and SMB have moved to dismiss all claims alleged by Plaintiff against them.[13] Owner has moved to dismiss all but two of the claims asserted by Plaintiff.[14] Additionally, Plaintiff has filed nearly identical counterclaims in a parallel arbitration proceeding pending before the International Court of Arbitration.[15]

In the parties' Joint Scheduling Report (Doc. 36), Defendants asserted that discovery should not begin in this case until the arbitrators determined whether the arbitration proceeding

---

[11] *See, e.g.*, First Set of Interrogatories to Setai Owners LLC, Interrogatories Nos. 1-2 (seeking information regarding persons with knowledge of all claims and their knowledge), Exhibit A; First Set of Interrogatories to Trevi, Interrogatories Nos. 1-2 (same), Exhibit B; First Set of Interrogatories to SMB, Interrogatories 1-2 (same), Exhibit C.

[12] *See* First Set of Interrogatories to Setai Owners LLC, Interrogatory No. 3 ("Please state each item of damage that you claim against GHM, whether as an affirmative claim or as a setoff"), Exhibit A.

[13] *See* Defendant SMB Management LLC's Motion for More Definite Statement and Motion to Dismiss with Incorporated Memorandum of Law (Doc. 12); Defendant Trevi Luxury Hospitality Group, Inc.'s Motion for More Definite Statement and Motion to Dismiss with Incorporated Memorandum of Law (Doc. 26).

[14] *See* Defendant Setai Owners LLC's Motion for Motion Definite Statement and Motion to Dismiss With Incorporated Memorandum of Law (Doc. 11) ("Owner's Motion to Dismiss").

[15] *See* Answer to Request for Arbitration and Counterclaim, attached as Exhibit K.

should proceed.[16]  Additionally, Defendants noted that – consistent with their motions for more definite statements and motions to dismiss – Plaintiff lacks standing to assert many of the claims at issue and additional parties will have to be joined.[17]  Given that the appropriate parties, appropriate forum, and appropriately pleaded claims have not been determined, initiating discovery is premature.

## III.

## APPLICABLE STANDARDS

### A.     Stays Pending Arbitration

Chapter 2 of Title 9 of the United States Code governs arbitration agreements falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention").[18]  A district court has jurisdiction under that chapter if: (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or the commercial relationship has some reasonable relation with one or

---

[16] *See* Joint Scheduling Report at 3 ("Defendants contend that Rule 26(a)(1) disclosures should not occur prior to a determination by the arbitration panel of Plaintiff's challenge to the panel's jurisdiction.") (Doc. 36).

[17] *See* Joint Scheduling Report at 3 ("In addition to the contention that arbitration is the appropriate forum, Defendants also contend that Plaintiff lacks standing to assert many of its claims, and that General Hotel Management, Ltd. will have to appear in order to assert many of the claims alleged by Plaintiff.") (Doc. 36).

[18] *See* 9 U.S.C. § 201 ("The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, shall be enforced in United States courts in accordance with this chapter.").

more foreign states.[19] Chapter 1 of Title 9 of the United States Code, commonly known as the Federal Arbitration Act, applies to agreements and proceedings governed by the Convention except in the case of a conflict.[20] Chapter 1 provides that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.[21]

For arbitrable issues, "the language of Section 3 indicates that the stay is mandatory," and courts "have discretion to stay nonarbitrable claims."[22] The key issue to determine whether nonarbitrable claims should be stayed pending arbitration "is whether arbitrable claims predominate or whether the outcome of the nonarbitrable claims will depend upon the arbitrator's decision."[23] When arbitration is "likely to give rise to a factual inquiry and findings germane" to a nonarbitrable claim, a stay of nonarbitrable claims is proper.[24]

---

[19] See *Bautista v. Star Cruises*, 396 F.3d 1289, 1294 n.7 (11th Cir. 2005).

[20] See 9 U.S.C. § 208 ("Chapter 1 applies to actions and proceedings brought under this chapter to the extent that chapter is not in conflict with this chapter or the Convention as ratified by the United States.").

[21] 9 U.S.C. § 3.

[22] See *Klay v. All Defendants*, 389 F.3d 1191, 1203-04 (11th Cir. 2004).

[23] See *id.* at 1204.

[24] See *Ben-Yishay v. Mastercraft Dev., LLC*, 553 F. Supp. 2d 1360, 1372 (S.D. Fla. 2008).

B.   **Motion For Protection**

Federal Rule of Civil Procedure 26(c) provides that "a party or any person from whom discovery is sought may move for a protective order in the court where the action is pending."[25] A "motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins" because "[s]uch a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true."[26] Allowing a case to "proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system."[27] Thus, "when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible."[28]

Moreover, in a proceeding under the Uniform Trade Secrets Act, the Court "shall preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings, holding in camera hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose an

---

[25] FED. R. CIV. P. 26(c).

[26] *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

[27] *Id.* at 1368.

[28] *Id.*

9

alleged trade secret without prior court approval."[29] Additionally, when a plaintiff alleges a trade secret misappropriation claim, discovery from the defendant should be delayed until after plaintiff has identified the trade secrets with specificity.[30]

## IV.

## ARGUMENTS AND AUTHORITIES

### A. The Court Should Stay This Action Pending A Ruling From The Arbitrators.

#### 1. The Court should enter a stay of all claims asserted by Plaintiff against Owner.

As set forth above, a stay of proceeding is mandatory for all arbitrable issues.[31] The Management Agreement provides for arbitration of all differences and disputes "relating to this Agreement, whether during its substance or after its termination, and also in all matters concerning the provisions of this Agreement."[32] All of the claims asserted by Plaintiff against Owner relate to the Agreement itself,[33] whether Owner properly terminated the Agreement,[34] or the rights of Owner and Plaintiff to particular property in light of the Management Agreement's express terms.[35] Indeed, Plaintiff has asserted those claims in the pending arbitration.[36]

---

[29] *See* § 688.006, FLA. STAT.

[30] *See DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 679 (N.D. Ga. 2007).

[31] *See supra* nn. 21-22 and accompanying text.

[32] *See* Management Agreement at 21, art. XXVI § 1, attached as Exhibit A to the Complaint, in the Notice of Removal (Doc. 1).

[33] *See* Counts I, II, III, XI, and XII of the Complaint.

[34] *See* Counts IV, V, VI, VIII, and XI of the Complaint.

[35] *See* Counts VII, IX, and XI of the Complaint.

10

Additionally, in the likely event that the arbitrators conclude that Owner's actions were justified, then all of Plaintiff's claims in this Court would fail. Accordingly, the Court should stay all claims against Owner.

### 2. The Court should enter a stay of all claims asserted by Plaintiff against Trevi and SMB.

The Court should also stay all claims asserted against Trevi and SMB. All such claims depend on a factual finding that Owner's termination of the Management Agreement with Plaintiff was in some way improper.[37] In the likely event that the arbitrators conclude that Owner was not only justified in terminating the Management Agreement, but that Plaintiff's breach of the agreement resulted in millions of dollars in damages to Owner, then Plaintiff's claims against Trevi and SMB will be subject to dismissal. Accordingly, the Court should stay prosecution of all claims asserted by Plaintiff.

---

[36] *See* Answer to Request for Arbitration and Counterclaim at 24-32, attached as Exhibit K.

[37] *See* Count IV of the Complaint (alleging the improper conduct to be the manner in which the Management Agreement was terminated); Count V of the Complaint (alleging that the termination of Plaintiff's management disrupted Plaintiff's relationships with residences at the Hotel); Count VI of the Complaint (alleging that Trevi interfered with the Management Agreement between Owner and Plaintiff); Count VII of the Complaint (alleging that the information at the Hotel belongs to Plaintiff rather than to Owner as set forth in the Management Agreement); Count IX of the Complaint (alleging that property belongs to Plaintiff rather than Owner as set forth in the Management Agreement); Count X of the Complaint (alleging that Plaintiff's "business interest" in managing the hotel was converted); and Count XI of the Complaint (alleging a conspiracy involving Owner's termination of the Management Agreement).

11

B.  **Alternatively, The Court Should Enter An Order Staying All Discovery, Including The Previously Served Discovery Requests, Until Three Conditions Are Met.**

Alternatively, if the Court should decide not to stay all proceedings, the Court should enter an order staying all discovery, including the Discovery Requests, for three reasons.

First, the Eleventh Circuit has made clear that discovery should not proceed when a pending motion to dismiss could potentially reduce the scope of discovery.[38] In the event that the pending motions to dismiss are granted, discovery will be greatly reduced as only two claims will remain pending—whether Owner breached the Management Agreement and whether Owner defamed Plaintiff. In other words, nearly all documents and discovery regarding post-termination conduct of the parties will become irrelevant.[39] Additionally, if all of the claims against Trevi and SMB are dismissed, then the appropriate forum for the remaining claims would clearly be the arbitration proceeding before the International Court of Arbitration. Accordingly, discovery should not proceed prior to a ruling on the pending motions to dismiss, and Defendants request that the Court enter an order precluding Plaintiff from serving additional discovery requests and relieving any party or nonparty from responding to Plaintiff's Discovery Requests until 30 days after the Court rules on the pending motions to dismiss.[40]

Second, Plaintiff has alleged a trade secret misappropriation claim, yet Plaintiff has not identified with specificity the information it claims constitutes a trade secret. Plaintiff should not

---

[38] *See Chudasama*, 123 F.3d at 1367.

[39] The only post-termination claim that would remain pending is Plaintiff's allegation that Owner made unspecified derogatory statements to the press about the pending arbitration. Even if those claims were not dismissed on summary judgment on the grounds of the litigation privilege, the scope of discovery would be very limited.

[40] *See Chudasama*, 123 F.3d at 1368.

12

be permitted to obtain discovery from Defendants before disclosing the allegedly misappropriated trade secrets because: (1) permitting discovery would allow Plaintiff to engage in a "fishing expedition" for Defendants' trade secrets; (2) Defendants cannot knowledgably determine the relevance of requested information without knowing the scope of Plaintiff's claims; (3) Defendants cannot mount a defense until informed of what information was allegedly misappropriated; and (4) allowing plaintiff to take discovery prior to identifying its trade secrets permits it to mold its claim around the information obtained during discovery.[41] Accordingly, courts routinely preclude plaintiffs that have asserted claims for trade secret misappropriation from obtaining discovery prior to specific identification of the trade secrets at issue.[42] Precluding Plaintiff from obtaining discovery is even more essential here, where Defendants have moved to dismiss the claim for trade secret misappropriation on the grounds that: (1) all documents and information belong to Owner; and (2) Plaintiff has failed to allege that the information at issue is not generally known in the industry.[43]

Third, the parties have not had an opportunity to confer on a mutually agreeable protective order to address the means and methods for protecting confidential information from disclosure. The Discovery Requests clearly seek information belonging to Owner that, if

---

[41] See *DeRubeis*, 244 F.R.D. at 680-81 (identifying the four reasons for delaying discovery until after plaintiff identifies the trade secrets at issue).

[42] See *id*. at 681.

[43] See, *e.g.*, Owner's Motion to Dismiss at 12-14 (Doc. 11).

disclosed, could harm Defendants—such as plans to sell the Hotel,[44] financial statements,[45] and documents relating to the operation of the Hotel after the termination of GHM.[46] Accordingly, the Court should preclude discovery until a protective order governing confidential information is agreed to by the parties or, if the parties cannot agree, the Court rules on acceptable terms of a protective order.

For the foregoing reasons, it is inappropriate for Defendants and the non-parties to respond to the Discovery Requests at this time, and the Court should enter an order precluding discovery until: (1) after a ruling on the pending motions to dismiss and, if necessary, the filing of answers/counterclaims by Defendants; (2) after Plaintiff discloses with specificity the trade secrets that have allegedly been misappropriated; and (3) the entry of a protective order governing the terms and conditions on the use of confidential information.

## V.

## **REQUEST FOR RELIEF**

For the foregoing reasons and the reasons set forth in the Motion, Defendants request that the Court enter an order:

---

[44] *See, e.g.*, Requests for Production to Setai Owners LLC, Request Nos. 13-14 ("All documents relating to any attempts to market for sale and/or sell the Hotel. Any and all appraisals of the Hotel."), Exhibit E.

[45] *See, e.g.*, Requests for Production to Setai Owners LLC, Request No. 7 ("All documents reflecting or relating to any financial audits of the Hotel."), Exhibit E.

[46] *See, e.g.*, Requests for Production to Setai Owners LLC, Request No. 17 ("Any and all Standard Operating Procedures or similar documents that have been used at the Hotel since April 1, 2012"), Exhibit E.

(1) Staying prosecution of all claims and discovery in this case until further order of this Court, or alternatively, staying discovery in this case until: (a) after a ruling on the pending motions to dismiss and, if necessary, the filing of answers/counterclaims by Defendants; (b) after Plaintiff discloses with specificity the trade secrets that have allegedly been misappropriated; and (c) the entry of a protective order governing the terms and conditions on the use of confidential information; and

(2) Granting Defendants such other relief, at law and in equity, which the Court deems just and proper.

**CERTIFICATE OF S.D. FLA. L.R. 7.1(a)(3) CONFERENCE**

In accordance with Local Rule 7.1(a)(3), on August 20, 2012, counsel for Defendants conferred with counsel for Plaintiff regarding the relief sought in this Motion, and Plaintiff opposes the relief sought, except Plaintiff is willing to enter into a protective order to govern the use and disclosure of information and documents produced in discovery that are deemed confidential by a party. Counsel for the parties will work to reach an agreement on the terms of a protective order to address the use of such confidential information; however, the issues regarding the timing of discovery and the imposition of a stay during the pendency of the arbitration proceeding remain in dispute.

Dated: August 20, 2012
      Miami, Florida

Respectfully submitted,

s/Elizabeth B. Honkonen
Richard H. Critchlow, Esq.
(Florida Bar No. 155227)
rcritchlow@knpa.com
Elizabeth B. Honkonen, Esq.
(Florida Bar No. 149403)
ehonkonen@knpa.com

**KENNY NACHWALTER, P.A.**
201 South Biscayne Boulevard, Suite 1100
Miami, Florida  33131-4327
Telephone:     (305) 373-1000
Facsimile:     (305) 372-1861

- and -

William A. Brewer III
(admitted *pro hac vice*)
wab@bickelbrewer.com
James S. Renard
(admitted *pro hac vice*)
jsr@bickelbrewer.com
Jack G. B. Ternan
(admitted *pro hac vice*)
jgt@bickelbrewer.com

**BICKEL & BREWER**
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201
Telephone:     (214) 653-4000
Facsimile:     (214) 653-1015

**COUNSEL FOR DEFENDANTS SETAI OWNERS LLC, SMB MANAGEMENT LLC, AND TREVI LUXURY HOSPITALITY GROUP, INC.**

## CERTIFICATE OF SERVICE

**I certify** that on August 21, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                    s/Elizabeth B. Honkonen

# SERVICE LIST
*GHM (South Beach LLC) v. Setai Owners LLC, et al.*
CASE NO. 1:12-cv-21932-KMM/TORRES
United States District Court, Southern District of Florida

Kenneth R. Hartmann, Esq. (Florida Bar No. 664286)
krh@kttlaw.com
Daniel F. Benavides, Esq. (Florida Bar No. 81675)
dfb@kttlaw.com
Douglas A. Wolfe, Esq. (Florida Bar No. 28671)
daw@kttlaw.com
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida  33134
Telephone:     (305) 372-1800
Facsimile:      (305) 372-3508
*Counsel for Plaintiff*
**[VIA CM/ECF]**

Richard H. Critchlow, Esq. (Florida Bar No. 155227)
rcritchlow@knpa.com
Elizabeth B. Honkonen, Esq. (Florida Bar No. 149403)
ehonkonen@knpa.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
Suite 1100
Miami, Florida  33131-4327
Telephone:     (305) 373-1000
Facsimile:      (305) 372-1861
*Counsel for Defendants Setai Owners LLC, SMB Management LLC and Trevi Luxury Hospitality Group, Inc.*
**[VIA CM/ECF]**

William A. Brewer, III (admitted *pro hac vice*)
wab@bickelbrewer.com
James S. Renard (admitted *pro hac vice*)
jsr@bickelbrewer.com
Jack G. Ternan (admitted *pro hac vice*)
jgt@bickelbrewer.com
Bickel & Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201
Telephone:     (214) 653-4000
Facsimile:      (214) 653-1015
*Counsel for Defendants Setai Owners LLC, SMB Management LLC and Trevi Luxury Hospitality Group, Inc.*
**[VIA CM/ECF]**

5274157.3
2159-02