# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 12-cv-21932-KMM

GHM (SOUTH BEACH) LLC,

      Plaintiff,

v.

SETAI OWNERS LLC, TREVI LUXURY
HOSPITALITY GROUP, INC., and SMB
MANAGEMENT LLC,

      Defendants.

_____/

**NOTICE OF SERVICE OF PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
TREVI LUXURY HOSPITALITY GROUP, INC.**

      GHM (South Beach) LLC ("GHM"), propounds the following interrogatories upon Defendant, Trevi Luxury Hospitality Group, Inc., to be answered in accordance with Rule 33 of the Federal Rules of Civil Procedure in writing and under oath within thirty (30) days. The following instructions and definitions apply.

                              Respectfully submitted on August 8, 2012.

                              KOZYAK TROPIN & THROCKMORTON, P.A.
                              Counsel for Plaintiff
                              2525 Ponce de Leon, 9th Floor
                              Coral Gables, FL 33134
                              Tel:    (305) 372-1800
                              Fax.:   (305) 372-3508

                              By:     /s/ Douglas A. Wolfe_____

Kenneth R. Hartmann
Florida Bar No. 664286
Email: KRH@kttlaw.com
Daniel F. Benavides
Florida Bar No. 81675
Email: DFB@kttlaw.com
Douglas A. Wolfe
Florida Bar No. 28671
Email: DAW@kttlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by Federal Express and email on all parties on the attached service list this 8th day of August, 2012.

By:    /s/Douglas A. Wolfe
Douglas A. Wolfe

2

**SERVICE LIST**

*GHM (South Beach LLC) v. Setai Owners, LLC, et al.*
**CASE NO. 12-cv-21932-KMM**
**United States District Court, Southern District of Florida**

Richard H. Critchlow, Esq. (Florida Bar No. 155227)
rcritclow@knpa.com
Elizabeth B. Honkonen, Esq. (Florida Bar No. 149403)
ehonkonen@knpa.com
Kenny Nachwalter, P.A.
201 South Biscayne Blvd.
Suite 1100
Miami, FL  33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
*Counsel for Defendant Setai Owners LLC*

Willliam A. Brewer, III
wab@bickerbrewer.com
James S. Renard,
jsr@bickerbrewer.com
Jack G. Ternan
jgt@bickerbrewer.com
Bickel & Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015
*Counsel for Defendant Setai Owners LLC*

## **Definitions**

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

(a)     The words "you," "your," "yours" and/or "yourselves" means Trevi Luxury Hospitality Group, Inc. and any affiliates, directors, officers, employees, agents, or representatives of Trevi Luxury Hospitality Group, Inc.

(b)     The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" mean "including without limitation".

(c)     "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

(d)     The term "document" shall have its customary broad meaning within the full range allowed by F. Rule Civ. P. 33 and 34, and shall include without limitation, any written, printed, typed, recorded, filmed, or graphic matter, however produced or reproduced, and any written or original, master, duplicate, or copy.  The term "document" shall include electronic data, any record of all or any portions of any discussion, communication, agreement, conversation, interview, meeting, conference, conclusion, fact, impression, occurrence, opinion, report, or other similar matter, and also shall include, without limitation, all correspondence, papers, cablegrams, mailgrams, telegrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, charts, plans, diagrams, sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, opinions and reports of appraisers or consultants, projections, corporate records, minutes of board of directors or committee meetings, desk calendars, appointment books, diaries, diary entries and notes, newspapers, magazines, or periodical articles, and other records of any kind.  A draft or non-identical copy is a separate document within the meaning of this term.  Included in the definition of documents as used herein are files, file folders, books, and their contents, which should be produced together with the documents they contain.

(e)     "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

(f)     The term "person" or "persons" shall include any and/or all natural persons, individuals, corporations, partnerships, unincorporated associations, joint ventures, sole proprietorships, or any and/or all other organizations of individuals or other legal or business entities, or functional division thereof.

(g)     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3

(h)     The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

(i)     A document or communication "referring to," "relating to," or "concerning" a given subject means any and all documents or communication that constitute, contain, embody, comprise, reflect, identify, state, refer to, connect with, deal with, comment on, respond to, describe, involve, or are in any way pertinent to that subject.

(j)     The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

(k)     The term "action" shall mean the above styled case.

(l)     The word "identify", when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.  The term "identify" with respect to persons means to give, to the extent known, the person's full name, present or last known address, and with respect to a natural person, the present or last known place of employment. "Identify" with respect to an entity means to give, to the extent known, the entity's present full name, business name and/or trade name, any former names used by such entity, and its present or last known address.

(m)     The term "GHM" means the Plaintiff, GHM (South Beach) LLC, including its present and former officers, directors, principals, agents, employees, independent contractors, parents, subsidiaries, divisions, and affiliates, and their respective present and former officers, directors, principals, agents, employees, and independent contractors.

(n)     The term "Plaintiff" means GHM (South Beach) LLC.

(o)     The term "Owner" means the Defendant, Setai Owners LLC, including its present and former officers, directors, principals, agents, employees, independent contractors, parents, subsidiaries, divisions, and affiliates, and their respective present and former officers, directors, principals, agents, employees, and independent contractors.

(p)     The term "Trevi" means the Defendant, Trevi Luxury Hospitality Group, Inc., including its present and former officers, directors, principals, agents, employees, independent contractors, parents, subsidiaries, divisions, and affiliates, and their respective present and former officers, directors, principals, agents, employees, and independent contractors.

4

(q)     The term "SMB" means the Defendant, SMB Management LLC, including its present and former officers, directors, principals, agents, employees, independent contractors, parents, subsidiaries, divisions, and affiliates, and their respective present and former officers, directors, principals, agents, employees, and independent contractors.

(r)     The term "Defendants" means Owner, Trevi, and SMB collectively.

(s)     The term "things" shall mean any tangible object other than a document and includes objects of every kind and nature, including, but not limited to, prototypes, models, and specimens.

(t)     The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "any and all"; "any" means "any and all;" and the words "and" and "or" encompass both "and" and "or."  Words in the masculine, feminine or neuter form shall include each of the other genders.

(u)     The term "Management Agreement" shall mean the Management Agreement between General Hotel Management Ltd and Dempsey Vanderbilt Hotel dated March 20, 2000 along with all amendments, addendums, assignments, exhibits, schedules, and attachments.

(v)     The term "Hotel" refers to the hotel property known as "The Setai Resort and Residences," "The Setai Hotel and Resort" and/or "The Setai South Beach" located at 2001 Collins Avenue, Miami Beach, Florida  33139.

(w)     The term "takeover of the Hotel" shall mean the events leading up to and during the purported termination of the Management Agreement on March 31, 2012, including all planning activities, if any, by Owner, Trevi, SMB and their employees, agents, representatives and other persons acting on their behalf.

## INSTRUCTIONS

(1)     Each Interrogatory shall be answered fully unless it is in good faith objected to, in which event the reasons for your objection shall be stated in detail.  If an objection pertains only to a portion of an Interrogatory, or a word phrase, or clause contained within it, you are required to state your objection to that portion only and to respond to the remainder of the Interrogatory, using your best efforts to do so.

(2)     Whenever in this Interrogatory you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

a)     If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the

5

author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

      b)     If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in ¶2.A, above, please state the reason for withholding the document.

(3)     When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

(4)     If any document identified in response to any of these Interrogatories was, but is no longer in your possession, custody, or subject to your control, or is no longer in existence, state whether it: (a) is missing or destroyed; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others and state the identity of those persons to whom it has been transferred; (d) has been otherwise disposed of, and in each instance, explain the circumstances surrounding such disposition, state the date or approximate date thereof, and the identity of the persons with knowledge of such circumstances; or (e) identify the writing that are missing, lost, destroyed, transferred, or otherwise disposed of, by author, date, subject matter, addressee, and the number of pages.

(5)     Pursuant to Fed R. Civ. P. 26(e), these requests are deemed to be continuing in nature to the full extent required by the Federal Rules of Civil Procedure.

## INTERROGATORIES

  1. Please provide the name, address, telephone number, place of employment and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in Federal Rule of Civil Procedure 7(a)) filed in this action, or any fact underlying the subject matter of this action.

**ANSWER:**

7

2.   Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to interrogatory no. 1 may have.

**ANSWER:**

     3.  Identify any and all agreements relating to your management and/or operation of the Hotel.

**ANSWER:**

4.  Please describe in detail your experience managing hotel and/or residential properties.

**ANSWER:**

    5.  Please identify all persons with whom you communicated regarding the takeover of the hotel, and (i) describe the dates of such communications; (ii) describe the substance of such communications; and (iii) identify all documents that reflect, refer or relate to such communication.

**ANSWER:**

6.   Identify all communications that you have made with any buyer or potential buyer of the Hotel, giving for each the date of the communication; the buyer or potential buyer; the substance of the communication; and the method of communication (e.g. telephone call, e-mail, text message).

**ANSWER:**

7.      Please describe, in detail, all of the services you provide to the Hotel.

**ANSWER:**

8.     Please describe, in detail, any and all changes to the Hotel's operating procedures implemented by you or any other party since March 31, 2012.

**ANSWER:**

9.      Please provide the name, address, telephone number, place of employment and job title of any person who, prior to March 31, 2012, was involved in or had knowledge of the takeover of the Hotel, and describe, in detail, the nature of such person's involvement or knowledge.

**ANSWER:**

10.     Please provide the name, address, telephone number, place of employment and job title of any person who, prior to March 31, 2012, was involved in or had knowledge of the decision to terminate GHM as manager of the Hotel, and describe, in detail, the nature of such person's involvement or knowledge.

**ANSWER:**

TREVI LUXURY HOSPITALITY GROUP, INC.

By:_____

Signature

_____

Title/Position

_____

Date

STATE OF _____

                          SS:

COUNTY OF _____

      BEFORE ME, the undersigned authority, personally appeared _____

personally known to me, who upon being first duly sworn, deposes and says that he/she has read

the foregoing answers and they are true and correct to the best of his/her knowledge.

SWORN TO and SUBSCRIBED BEFORE ME this _____ day of _____, 2012.

_____

Notary Public, State of Florida at Large

Print Name:_____

Commission No.

My Commission Expires:

17