# EXHIBIT "D"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 12-cv-21932-KMM

GHM (SOUTH BEACH) LLC,

    Plaintiff,

v.

SETAI OWNERS LLC, TREVI LUXURY
HOSPITALITY GROUP, INC., and SMB
MANAGEMENT LLC,

    Defendants.
_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO SETAI OWNERS LLC

GHM (South Beach) LLC ("GHM"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 36, propounds the following requests for admissions to Defendant, Setai Owners LLC ("Owner") and requests that Owner admit or deny the following requests within the time required by applicable rules or such shortened time as the Court may order.

Respectfully submitted on August 8, 2012.

KOZYAK TROPIN & THROCKMORTON, P.A.
Counsel for Plaintiff
2525 Ponce de Leon, 9th Floor
Coral Gables, FL 33134
Tel:    (305) 372-1800
Fax.:   (305) 372-3508

By:    /s/ Douglas A. Wolfe

                                              Kenneth R. Hartmann
                                              Florida Bar No. 664286
                                              Email: KRH@kttlaw.com
                                              Daniel F. Benavides
                                              Florida Bar No. 81675
                                              Email: DFB@kttlaw.com
                                              Douglas A. Wolfe
                                              Florida Bar No. 28671
                                              Email: DAW@kttlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by Federal Express and email on all parties on the attached service list this 8th day of August, 2012.

                              By:    /s/Douglas A. Wolfe
                                          Douglas A. Wolfe

## SERVICE LIST

### *GHM (South Beach LLC) v. Setai Owners, LLC, et al.*
### CASE NO. 12-cv-21932-KMM
### United States District Court, Southern District of Florida

Richard H. Critchlow, Esq. (Florida Bar No. 155227)
rcritclow@knpa.com
Elizabeth B. Honkonen, Esq. (Florida Bar No. 149403)
ehonkonen@knpa.com
Kenny Nachwalter, P.A.
201 South Biscayne Blvd.
Suite 1100
Miami, FL 33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
*Counsel for Defendant Setai Owners LLC*

Willliam A. Brewer, III
wab@bickerbrewer.com
James S. Renard,
jsr@bickerbrewer.com
Jack G. Ternan
jgt@bickerbrewer.com
Bickel & Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas 75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015
*Counsel for Defendant Setai Owners LLC*

## Definitions

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

(a) The words "you," "your," "yours" and/or "yourselves" means Setai Owners LLC and any affiliates, directors, officers, employees, agents, or representatives of Setai Owners LLC.

(b) The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" mean "including without limitation".

(c) "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

(d) The term "document" shall have its customary broad meaning within the full range allowed by F. Rule Civ. P. 33 and 34, and shall include without limitation, any written, printed, typed, recorded, filmed, or graphic matter, however produced or reproduced, and any written or original, master, duplicate, or copy. The term "document" shall include electronic data, any record of all or any portions of any discussion, communication, agreement, conversation, interview, meeting, conference, conclusion, fact, impression, occurrence, opinion, report, or other similar matter, and also shall include, without limitation, all correspondence, papers, cablegrams, mailgrams, telegrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, charts, plans, diagrams, sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, opinions and reports of appraisers or consultants, projections, corporate records, minutes of board of directors or committee meetings, desk calendars, appointment books, diaries, diary entries and notes, newspapers, magazines, or periodical articles, and other records of any kind. A draft or non-identical copy is a separate document within the meaning of this term. Included in the definition of documents as used herein are files, file folders, books, and their contents, which should be produced together with the documents they contain.

(e) "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

(f) The term "person" or "persons" shall include any and/or all natural persons, individuals, corporations, partnerships, unincorporated associations, joint ventures, sole proprietorships, or any and/or all other organizations of individuals or other legal or business entities, or functional division thereof.

(g) The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(h) The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

(i) A document or communication "referring to," "relating to," or "concerning" a given subject means any and all documents or communication that constitute, contain, embody, comprise, reflect, identify, state, refer to, connect with, deal with, comment on, respond to, describe, involve, or are in any way pertinent to that subject.

(j) The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

(k) The term "action" shall mean the above styled case.

(l) The word "identify", when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other. The term "identify" with respect to persons means to give, to the extent known, the person's full name, present or last known address, and with respect to a natural person, the present or last known place of employment. "Identify" with respect to an entity means to give, to the extent known, the entity's present full name, business name and/or trade name, any former names used by such entity, and its present or last known address.

(m) The term "GHM" means the Plaintiff, GHM (South Beach) LLC, including its present and former officers, directors, principals, agents, employees, independent contractors, parents, subsidiaries, divisions, and affiliates, and their respective present and former officers, directors, principals, agents, employees, and independent contractors.

(n) The term "Plaintiff" means GHM (South Beach) LLC.

(o) The term "Owner" means the Defendant, Setai Owners LLC, including its present and former officers, directors, principals, agents, employees, independent contractors, parents, subsidiaries, divisions, and affiliates, and their respective present and former officers, directors, principals, agents, employees, and independent contractors.

(p) The term "Trevi" means the Defendant, Trevi Luxury Hospitality Group, Inc., including its present and former officers, directors, principals, agents, employees, independent contractors, parents, subsidiaries, divisions, and affiliates, and their respective present and former officers, directors, principals, agents, employees, and independent contractors.

(q) The term "SMB" means the Defendant, SMB Management LLC, including its present and former officers, directors, principals, agents, employees, independent contractors, parents, subsidiaries, divisions, and affiliates, and their respective present and former officers, directors, principals, agents, employees, and independent contractors.

(r) The term "Defendants" means Owner, Trevi, and SMB collectively.

(s) The term "things" shall mean any tangible object other than a document and includes objects of every kind and nature, including, but not limited to, prototypes, models, and specimens.

(t) The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all;" and the words "and" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

(u) The term "Management Agreement" shall mean the Management Agreement between General Hotel Management Ltd and Dempsey Vanderbilt Hotel dated March 20, 2000 along with all amendments, addendums, assignments, exhibits, schedules, and attachments.

(v) The term "Hotel" refers to the hotel property known as "The Setai Resort and Residences," "The Setai Hotel and Resort" and/or "The Setai South Beach" located at 2001 Collins Avenue, Miami Beach, Florida 33139.

(w) The term "takeover of the Hotel" shall mean the events leading up to and during the purported termination of the Management Agreement on March 31, 2012, including all planning activities, if any, by Owner, Trevi, SMB and their employees, agents, representatives and other persons acting on their behalf.

## INSTRUCTIONS

(1) Please admit or deny the matters set forth below. A denial must fairly respond to the substance of the matter. To the extent you deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest. If objection is made, the reason(s) must be stated. The answers, other than admissions, shall specifically deny the matter or set forth in detail the reasons why Owner cannot truthfully admit or deny the matter.

## **REQUESTS FOR ADMISSIONS**

1. Admit that you did not discuss the takeover of the Hotel with any GHM employees prior to March 31, 2012.

2. Admit that you did not discuss the takeover of the Hotel with any Hotel employees or managers prior to March 31, 2012.

3. Admit that you did not discuss the termination of the Management Agreement with any GHM employees prior to March 31, 2012.

4. Admit that you did not discuss the termination of the Management Agreement with any Hotel employees or managers prior to March 31, 2012.

5. Admit that you did not give GHM an opportunity to cure, prior to March 31, 2012, any alleged failure by GHM to observe any of the provisions of the Management Agreement.

6. Admit that you do not have any present plans to sell the Hotel.

7. Admit that you do not own GHM's standard operating procedure manuals.

8. Admit that you do not own the manager's handbook created at the Hotel prior to the takeover of the Hotel.

9. Admit that you do not own the "Style Guides" created by GHM.

10. Admit that you do not own the procedure manuals relating to the Spa at the Hotel created by GHM.

11. Admit that you do not own GHM's employee files.

12. Admit that you do not own the travel agent files previously maintained by GHM at the Hotel.

13. Admit that you do not own the guest profiles created by GHM.

14. Admit that you do not own the minutes and notes from GHM's management meetings at the Hotel.

15. Admit that you are responsible for payment of the administrative costs, annual audit expenses, and plan termination fees, for the Hotel's 401(k) plan.

16. Admit that you are responsible for payment of all judgments, settlements, and defense costs (including, without limitation, insurance deductibles and retentions), for all litigation brought against GHM related to its operation of the Hotel.

17. Admit that you are responsible for payment of all reasonable costs and expenses relating to the defense and resolution of the case styled *Comaianni v. Setai Owners and GHM (South Beach) LLC,* Case No. 2011-08068T-GC, filed in the Clintown Township District Court, Michigan.

18. Admit that you are responsible for payment of any and all incentive pay owed to managers of the Hotel for work performed for the Hotel prior to March 31, 2012.

19. Admit that you are responsible for payment of GHM's management fees for management of the Hotel in February and March, 2012.

20. Admit that you are responsible for payment of any and all unemployment compensation fees and costs owed to the State of Florida for the Hotel.

21. Admit that you are responsible for all payment of all bonuses owed to Hotel employees for work performed prior to March 31, 2012.

22. Admit that you are responsible for payment of all severance pay owed to the Hotel managers terminated on March 31, 2012.

23. Admit that you are responsible for payment of all expense reimbursements owed to Hotel employees for Hotel-related expenses paid by such employees prior to March 31, 2012.