# EXHIBIT "E"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 12-cv-21932-KMM

GHM (SOUTH BEACH) LLC,

    Plaintiff,

v.

SETAI OWNERS LLC, TREVI LUXURY
HOSPITALITY GROUP, INC., and SMB
MANAGEMENT LLC,

    Defendants.
_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO SETAI OWNERS LLC

GHM (South Beach) LLC ("GHM") requests that Defendant Setai Owners LLC produce the following documents and things pursuant to Fed. R. Civ. P. 34, and L.R. 26.1(g).

### INSTRUCTIONS

If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

    a.    If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

  b. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in ¶2.a. above, please state the reason for withholding the document.

 When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

 If any document was, but is no longer in your possession, custody, or subject to your control, or is no longer in existence, state whether it: (a) is missing or destroyed; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others and state the identity of those persons to whom it has been transferred; (d) has been otherwise disposed of, and in each instance, explain the circumstances surrounding such disposition, state the date or approximate date thereof, and the identity of the persons with knowledge of such circumstances; or (e) identify the writing that are missing, lost, destroyed, transferred, or otherwise disposed of, by author, date, subject matter, addressee, and the number of pages.

 It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material.

 If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

 Unless otherwise stated, the time period relevant to these document requests is from March 31, 1998 through present.

 Pursuant to Fed R. Civ. P. 26(e), these requests are deemed to be continuing in nature to the full extent required by the Federal Rules of Civil Procedure. If further responsive documents come into possession or to your attention of or your attorneys at any time during the course of this litigation, such documents must be produced as required by the Federal Rules of Civil Procedure.

## Definitions

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

(a)     The words "you," "your," "yours" and/or "yourselves" means Setai Owners LLC and any affiliates, directors, officers, employees, agents, representatives of Setai Owners LLC.

(b)     The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" mean "including without limitation".

(c)     "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

(d)     The term "document" shall have its customary broad meaning within the full range allowed by F. Rule Civ. P. 33 and 34, and shall include without limitation, any written, printed, typed, recorded, filmed, or graphic matter, however produced or reproduced, and any written or original, master, duplicate, or copy. The term "document" shall include electronic data, any record of all or any portions of any discussion, communication, agreement, conversation, interview, meeting, conference, conclusion, fact, impression, occurrence, opinion, report, or other similar matter, and also shall include, without limitation, all correspondence, papers, cablegrams, mailgrams, telegrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, charts, plans, diagrams, sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, opinions and reports of appraisers or consultants, projections, corporate records, minutes of board of directors or committee meetings, desk calendars, appointment books, diaries, diary entries and notes, newspapers, magazines, or periodical articles, and other records of any kind. A draft or non-identical copy is a separate document within the meaning of this term. Included in the definition of documents as used herein are files, file folders, books, and their contents, which should be produced together with the documents they contain.

(e)     "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

(f)     The term "person" or "persons" shall include any and/or all natural persons, individuals, corporations, partnerships, unincorporated associations, joint ventures, sole proprietorships, or any and/or all other organizations of individuals or other legal or business entities, or functional division thereof.

(g)     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(h) The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

(i) A document or communication "referring to," "relating to," or "concerning" a given subject means any and all documents or communication that constitute, contain, embody, comprise, reflect, identify, state, refer to, connect with, deal with, comment on, respond to, describe, involve, or are in any way pertinent to that subject.

(j) The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

(k) The term "action" shall mean the above styled case.

(l) The word "identify", when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other. The term "identify" with respect to persons means to give, to the extent known, the person's full name, present or last known address, and with respect to a natural person, the present or last known place of employment. "Identify" with respect to an entity means to give, to the extent known, the entity's present full name, business name and/or trade name, any former names used by such entity, and its present or last known address.

(m) The term "GHM" means the Plaintiff, GHM (South Beach) LLC, including its present and former officers, directors, principals, agents, employees, independent contractors, parents, subsidiaries, divisions, and affiliates, and their respective present and former officers, directors, principals, agents, employees, and independent contractors.

(n) The term "Plaintiff" means GHM (South Beach) LLC.

(o) The term "Owner" means the Defendant, Setai Owners LLC, including its present and former officers, directors, principals, agents, employees, independent contractors, parents, subsidiaries, divisions, and affiliates, and their respective present and former officers, directors, principals, agents, employees, and independent contractors.

(p) The term "Trevi" means the Defendant, Trevi Luxury Hospitality Group, Inc., including its present and former officers, directors, principals, agents, employees, independent contractors, parents, subsidiaries, divisions, and affiliates, and their respective present and former officers, directors, principals, agents, employees, and independent contractors.

(q)     The term "SMB" means the Defendant, SMB Management LLC, including its present and former officers, directors, principals, agents, employees, independent contractors, parents, subsidiaries, divisions, and affiliates, and their respective present and former officers, directors, principals, agents, employees, and independent contractors.

(r)     The term "Defendants" means Owner, Trevi, and SMB collectively.

(s)     The term "things" shall mean any tangible object other than a document and includes objects of every kind and nature, including, but not limited to, prototypes, models, and specimens.

(t)     The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all;" and the words "and" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

(u)     The term "Management Agreement" shall mean the Management Agreement between General Hotel Management Ltd and Dempsey Vanderbilt Hotel dated March 20, 2000 along with all amendments, addendums, assignments, exhibits, schedules, and attachments.

(v)     The term "Hotel" refers to the hotel property known as "The Setai Resort and Residences," "The Setai Hotel and Resort" and/or "The Setai South Beach" located at 2001 Collins Avenue, Miami Beach, Florida 33139.

(w)     The term "takeover of the Hotel" shall mean the events leading up to and during the purported termination of the Management Agreement on March 31, 2012, including all planning activities, if any, by Owner, Trevi, SMB and their employees, agents, representatives and other persons acting on their behalf.

## DOCUMENTS TO BE PRODUCED

1.     All documents identified, referred to, or relied upon in your answers to Plaintiff's first set of interrogatories to you.

2.     All documents supporting your contention that GHM breached the Management Agreement.

3.     All documents supporting your contention that you were entitled to terminate the Management Agreement.

4.     To the extent not otherwise in response to Request Nos. 2 and 3, above, all documents reflecting, referring or relating to your decision to terminate the Management Agreement.

5.     To the extent not otherwise in response to Request Nos. 2-4, above, all documents and correspondence relating and/or referring to the Management Agreement.

6. All documents relating to the takeover of the Hotel.

7. All documents reflecting or relating to any financial audits of the Hotel.

8. All documents relating to any and all inspections of the Hotel, including, without limitation, all documents relating to the inspection conducted by EBL Partners.

9. All correspondence between you and GHM referring or relating to the Hotel.

10. All correspondence between you and GHM referring or relating to the Management Agreement

11. All correspondence between you and any third party referring or relating to the Management Agreement.

12. All correspondence between you and any third party referring or relating to the Hotel.

13. All documents relating to any attempts to market for sale and/or sell the Hotel.

14. Any and all appraisals for the Hotel.

15. All correspondence between you and Trimont Real Estate Advisors and/or their affiliates, employees, agents, and representatives relating to the Hotel.

16. All correspondence between you and any other Defendant relating to the Hotel.

17. Any and all Standard Operating Procedures or similar documents that have been used at the Hotel since April 1, 2012.

18. All agreements between you and any other Defendant relating to the Hotel.

19. All documents relating to, reflecting, or summarizing compensation paid to Trevi and SMB for providing services relating to the Hotel.

20. Documents reflecting or relating to complaints lodged by guests of the Hotel, including but not limited to letters, email and logs.

21. All documents reflecting guest room rates at the Hotel from April 1, 2012 to the present.

22. All documents reflecting occupancy rates at the Hotel from April 1, 2012 to the present.

23. All documents and correspondence between you and any current or former GHM employee prior to April 1, 2012.

24. All documents reflecting, referring or relating to your direct or indirect efforts to

transfer or convey an ownership interest, direct or indirect, in the Hotel.

25. All documents and correspondence between you and any prospective or potential buyer of the Hotel.

26. All documents evidencing or relating to any assistance with the takeover of the Hotel provided to you by any current or former GHM employee.

27. All correspondence between you and any members of the press relating to Hotel, including, without limitation, the takeover of the Hotel.

28. All correspondence between you and any third parties relating to any purported mismanagement of the Hotel by GHM.

29. All documents and correspondence between you and PricewaterhouseCoopers relating to the Hotel.

30. All documents prepared prior to April 1, 2012 relating to the operation or management of the Hotel post-termination of GHM, including, without limitation, any operating plans or procedures.

31. All documents relating to any plans for the sale of the Hotel.

Respectfully submitted on August 8, 2012.

          KOZYAK TROPIN & THROCKMORTON, P.A.
          Counsel for Plaintiff
          2525 Ponce de Leon, 9th Floor
          Coral Gables, FL 33134
          Tel:   (305) 372-1800
          Fax.:  (305) 372-3508

          By:   /s/ Douglas A. Wolfe
                Kenneth R. Hartmann
                Florida Bar No. 664286
                Email: KRH@kttlaw.com
                Daniel F. Benavides
                Florida Bar No. 81675
                Email: DFB@kttlaw.com
                Douglas A. Wolfe
                Florida Bar No. 28671
                Email: DAW@kttlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by Federal Express and email on all parties on the attached service list this 8th day of August, 2012.

          By:   /s/Douglas A. Wolfe
                Douglas A. Wolfe

## SERVICE LIST

### *GHM (South Beach LLC) v. Setai Owners, LLC, et al.*
### CASE NO. 12-cv-21932-KMM
### United States District Court, Southern District of Florida

Richard H. Critchlow, Esq. (Florida Bar No. 155227)
rcritclow@knpa.com
Elizabeth B. Honkonen, Esq. (Florida Bar No. 149403)
ehonkonen@knpa.com
Kenny Nachwalter, P.A.
201 South Biscayne Blvd.
Suite 1100
Miami, FL 33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
*Counsel for Defendant Setai Owners LLC*

Willliam A. Brewer, III
wab@bickerbrewer.com
James S. Renard,
jsr@bickerbrewer.com
Jack G. Ternan
jgt@bickerbrewer.com
Bickel & Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas 75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015
*Counsel for Defendant Setai Owners LLC*