UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 12-cv-21932-KMM

GHM (SOUTH BEACH) LLC,

    Plaintiff,

v.

SETAI OWNERS LLC, TREVI LUXURY
HOSPITALITY GROUP, INC., and SMB
MANAGEMENT LLC,

    Defendants.
_____/

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff, GHM (South Beach) LLC seeks an order compelling the Defendants, Setai Owners LLC, Trevi Luxury Hospitality Group, Inc., and SMB Management LLC (the "Defendants"), to respond to the Plaintiff's discovery requests and all non-party witnesses subpoenaed by Plaintiff who are under Defendants' control to appear for depositions. In support of its motion, Plaintiff states as follows:

1.    On July 19, 2012, the parties filed their Joint Scheduling Report and Proposed Joint Scheduling Order [D.E. 36] pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("F.R.C.P.").

2.    The Defendants previously requested a stay of discovery in the Joint Scheduling Report, and the Court rejected the request. Pursuant to the Court's Scheduling Order [DE 40], discovery in this matter must be completed by May 6, 2013, which is less than nine months away.

CASE NO.: 12-cv-21932-KMM

3. As authorized by F.R.C.P. 26(d) and in compliance with the Court's Scheduling Order, the Plaintiff served discovery requests upon the Defendants and subpoenaed the depositions of three non-party witnesses who are under the Defendants' control.

4. On the eve of the deposition of one of the subpoenaed non-party witnesses, and without obtaining any protective order, the Defendants' counsel advised the Plaintiff that they would not be permitting the witness to appear for his subpoenaed deposition, and in fact did not produce him. The Defendants also unilaterally declared a stay of all other discovery pending a ruling on the Defendants' Motions to Dismiss and until a protective order is entered to protect the confidentiality of the documents to be produced.

5. This Court has previously ruled that discovery need not be stayed simply because a motion to dismiss is pending. *S.K.Y. Management LLC v. Greenshoe, LTD.*, 2007 WL 201258 (S.D. Fla. 2007).

6. Moreover, the Plaintiff has never been asked or otherwise refused to agree to a confidentiality protective order. The only reason a protective order has not been entered is that the Defendants strategically waited until the last possible minute to make this demand. Moreover, Plaintiff's counsel drafted a proposed order which was submitted to Defendants for review and comment.

7. An order compelling the Defendants to respond to discovery and produce witnesses under their control is necessary to avoid undue prejudice to the Plaintiff and to ensure that this case is expeditiously and diligently prepared for trial.

WHEREFORE, Plaintiff respectfully requests that the Defendants be compelled to respond to Plaintiff's interrogatories, requests for admissions and requests for production of documents within 14 days, and that the Defendants be compelled to produce the previously

CASE NO.:  12-cv-21932-KMM

subpoenaed witnesses under their control within 14 days, together with any additional relief the court deems just and proper.

### CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify pursuant to Local Rule 7.1(a)(3)(A), that counsel for Plaintiff has conferred with Defendants' counsel in a good faith effort to resolve the issues raised in this motion. The Defendants have agreed to respond to the requests for production issued to the Defendants by the current due date. However, the Defendants have refused to respond to the Plaintiff's interrogatories and requests for admissions. The Defendants further object to all oral depositions of party and subpoenaed non-party witnesses and object to production of documents by subpoenaed non-party witnesses within Setai Owners "control," including the currently subpoenaed non-party witnesses, John Duggan, Richard Siu, and Trimont Real Estate Advisors. The Defendants have also demanded that all discovery be limited to information that is "material and relevant" instead of "reasonably calculated to lead to the discovery of admissible evidence" as set forth in Rule 26(b)(1). The Plaintiff opposes this limitation on discovery.

Respectfully submitted on August 24, 2012.

        KOZYAK TROPIN & THROCKMORTON, P.A.
        Counsel for Plaintiff
        2525 Ponce de Leon, 9th Floor
        Coral Gables, Florida 33134
        Telephone: (305) 372-1800/Fax: (305) 372-3508

        By:____/s/Douglas A. Wolfe_____
            Kenneth R. Hartmann
            Florida Bar No. 664286
            Daniel F. Benavides
            Florida Bar No. 81675
            Douglas A. Wolfe
            Florida Bar. No. 28671

CASE NO.: 12-cv-21932-KMM

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing served via electronic mail this 24th day of August, 2012 to all parties on the attached service list.

By: /s/Douglas A. Wolfe
Kenneth R. Hartmann
Florida Bar No. 664286
Daniel F. Benavides
Florida Bar No. 81675
Douglas A. Wolfe
Florida Bar. No. 28671

3515-106/339840.2

CASE NO.: 12-cv-21932-KMM

## SERVICE LIST

*GHM (South Beach LLC) v. Setai Owners, LLC, et al.*
**CASE NO. 12-cv-21932-KMM**
**United States District Court, Southern District of Florida**

Richard H. Critchlow, Esq. (Florida Bar No. 155227)
rcritclow@knpa.com
Elizabeth B. Honkonen, Esq. (Florida Bar No. 149403)
ehonkonen@knpa.com
Kenny Nachwalter, P.A.
201 South Biscayne Blvd.
Suite 1100
Miami, FL  33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
*Counsel for Defendants*

William A. Brewer, III
wab@bickerbrewer.com
James S. Renard,
jsr@bickerbrewer.com
Jack G. Ternan
jgt@bickerbrewer.com
Bickel & Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015
*Counsel for Defendants*