UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:12-cv-21932-KMM/TORRES

GHM (SOUTH BEACH) LLC, a Delaware
limited liability company,

    Plaintiff,

v.

SETAI OWNERS LLC, a Delaware limited
liability company, TREVI LUXURY
HOSPITALITY GROUP, INC., a Texas
corporation, and SMB MANAGEMENT
LLC, a Florida limited liability company,

    Defendants.
_____/

## DEFENDANTS' *UNOPPOSED* MOTION FOR RULE 16(a) PRETRIAL CONFERENCE

Pursuant to Federal Rule of Civil Procedure 16(a), Defendants Setai Owners LLC ("Owner"), SMB Management LLC ("SMB"), and Trevi Luxury Hospitality Group, Inc. ("Trevi") (collectively, "Defendants") file this *Unopposed* Motion for Rule 16(a) Pretrial Conference to address issues of case management.

## MEMORANDUM OF LAW

Under Rule 16(a), the Court may order the attorneys to appear for a pretrial conference for such purposes as:

    (1)    expediting disposition of the action;

    (2)    establishing early and continuing control so that the case will not be protracted because of lack of management; [and]

    (3)    discouraging wasteful pretrial activities[.]

On March 31, 2012, pursuant to the arbitration provision in the parties' Management Agreement, Defendants initiated an arbitration against Plaintiff, GHM (South Beach) LLC, and

General Hotel Management, Ltd., in the International Court of Arbitration of the International Chamber of Commerce located in Paris, France. On May 2, 2012, in an effort to avoid its arbitration obligation, Plaintiff filed the present lawsuit in state court. Owner removed the case to this Court pursuant to 9 U.S.C. § 205, which provides for removal to enforce international arbitration agreements falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). (D.E. 1). Defendants then moved to dismiss the Complaint for failure to state a claim upon which relief can be granted (D.E. 11, 12, 26) and recently moved to stay proceedings in this Court pending the resolution of the arbitration proceeding (D.E. 42).

It is significant that neither Plaintiff nor Defendants believe this action should be tried in federal court — Plaintiff has moved to remand this case to state court (D.E. 4), and Defendants have moved to stay proceedings in this Court pending the resolution of the arbitration proceeding (D.E. 42). Defendants assert that a stay of proceedings involving Plaintiff's claims against Owner pending arbitration is mandatory, and that Plaintiff's claims against SMB and Trevi should be stayed because the arbitration will resolve definitive factual questions relating to those claims. In its Motion to Remand, Plaintiff argues that removal pursuant to the Convention was improper. (D.E. 4).

Unless the Court rejects both the relief requested by Plaintiff and the relief requested by Defendants, the Court will not need to address the substantive issues in dispute. If the Court were to grant Defendants' motion, then all further proceedings would take place before the arbitration panel. Because a stay is mandatory for arbitrable claims[1] and only the arbitration

---

[1] *See* 9 U.S.C. § 3; *Klay v. All Defendants*, 389 F.3d 1191, 1203-04 (11th Cir. 2004).

panel can resolve Plaintiff's defenses to arbitration,[2] Defendants' motion should be denied only if the arbitrators determine that the arbitration cannot proceed, in which case, Plaintiff's motion to remand likely would be granted.  Therefore, after resolution of these issues, it is unlikely that Plaintiff's claims will remain before this Court.  Defendants also have moved to dismiss this action for failure to state a claim upon which relief can be granted.  Resolution of these issues could dispose of the case, eliminate parties, or narrow the issues for discovery and trial.

On August 9, 2012, this Court issued an order scheduling trial and setting the discovery deadline as May 6, 2013.  (D.E. 38, 40).  Defendants now face a dilemma because, as discussed below, if Defendants comply with the discovery schedule and participate in discovery, they risk their right to proceed in arbitration.  Even before entry of the order regarding the discovery schedule, perhaps recognizing the dilemma facing Defendants, Plaintiff began serving Defendants with a host of discovery requests, and continues to do so.  *See* Defs.' Mot. for a Stay of Proceedings and Mot. for Protection at Exs. A-G (D.E. 42).  Plaintiff has served Defendants with seven discovery requests, which include 83 requests for production, 34 interrogatories, and 23 requests for admissions.  *See id.*  Additionally, Plaintiff has served subpoenas on two individuals and one entity associated with Owner.  *See id.* at Exs. H-J.  On August 24, 2012, Plaintiff moved to compel responses to its discovery requests.  (D.E. 44).  This Court is being

---

[2] *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85 (2002) ("Thus procedural questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide. So, too, the presumption is that the arbitrator should decide allegations of waiver, delay, or a like defense to arbitrability. Indeed, the Revised Uniform Arbitration Act of 2000, seeking to incorporate the holdings of the vast majority of state courts and the law that has developed under the Federal Arbitration Act, states that an 'arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled.' And the comments add that in the absence of an agreement to the contrary, issues of . . . procedural arbitrability, i.e., whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide.") (internal punctuation and citations omitted, emphasis in original).

asked to resolve discovery disputes in a case that, as discussed above, likely will not proceed before this Court.

Indeed, Defendants could be severely prejudiced if the parties proceed pursuant to the discovery schedule prior to resolving the issues regarding the pending arbitration. Most significantly, if Defendants participate in discovery here by serving their own discovery on Plaintiff in this case, that participation could be deemed to be a waiver of their right to arbitration.[3] At the same time that Defendants are constrained from participating in discovery due to the risk that they will waive their right to arbitration, Plaintiff will have the unfair advantage of obtaining broad discovery, beyond that which is permissible in arbitration proceedings. It is a Catch-22 for Defendants — if Defendants participate in discovery, they risk waiving their right to arbitration; on the other hand, if Defendants do not participate in discovery and this case ultimately proceeds in arbitration, Plaintiff will have the benefit of far more discovery than Defendants will be able to obtain in arbitration.

Accordingly, Defendants respectfully request a pretrial conference in order to assist the parties in resolving the various outstanding issues that could expedite disposition of the action prior to engaging in extensive discovery, establish control over the management of the case, and discourage wasteful pretrial activities. A proposed order is attached as Exhibit A.

---

[3] *See*, *e.g.*, *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990) ("The use of pre-trial discovery procedures by a party seeking arbitration may sufficiently prejudice the legal position of an opposing party so as to constitute a waiver of the party's right to arbitration."); *Lawrence v. Royal Caribbean Cruises, Ltd.*, No. 09-cv-20930, 2009 WL 4546633, at *3 (S.D. Fla. Nov. 30, 2009) (same); *Gordon v. Shield*, 41 So. 3d 931, 933 (Fla. 4th DCA 2010) ("[T]he active participation in litigation or the propounding of discovery would be circumstances where the right to arbitrate would be deemed waived.").

## **CERTIFICATE OF S.D. FLA. L.R. 7.1(a)(3) CONFERENCE**

In accordance with Local Rule 7.1(a)(3), on August 31, 2012, counsel for Defendants conferred with counsel for Plaintiff and is authorized to represent to the Court that Plaintiffs do not oppose Defendants' request for a Rule 16(a) pretrial conference.

Dated: August 31, 2012
      Miami, Florida

Respectfully submitted,

  s/Elizabeth B. Honkonen
Richard H. Critchlow, Esq. (Florida Bar No. 155227)
rcritchlow@knpa.com
Elizabeth B. Honkonen, Esq. (Florida Bar No. 149403)
ehonkonen@knpa.com

**KENNY NACHWALTER, P.A.**
201 South Biscayne Boulevard, Suite 1100
Miami, Florida  33131-4327
Telephone:     (305) 373-1000
Facsimile:     (305) 372-1861

- and -

William A. Brewer III
(admitted *pro hac vice*)
wab@bickelbrewer.com
James S. Renard
(admitted *pro hac vice*)
jsr@bickelbrewer.com
Jack G. B. Ternan
(admitted *pro hac vice*)
jgt@bickelbrewer.com

**BICKEL & BREWER**
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201
Telephone:     (214) 653-4000
Facsimile:     (214) 653-1015

**COUNSEL FOR DEFENDANTS SETAI OWNERS LLC, SMB MANAGEMENT LLC, AND TREVI LUXURY HOSPITALITY GROUP, INC.**

**CERTIFICATE OF SERVICE**

     **I certify** that on August 31, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            s/Elizabeth B. Honkonen

**SERVICE LIST**
*GHM (South Beach LLC) v. Setai Owners LLC, et al.*
**CASE NO. 1:12-cv-21932-KMM/TORRES**
**United States District Court, Southern District of Florida**

Kenneth R. Hartmann, Esq. (Florida Bar No. 664286)
krh@kttlaw.com
Daniel F. Benavides, Esq. (Florida Bar No. 81675)
dfb@kttlaw.com
Douglas A. Wolfe, Esq. (Florida Bar No. 28671)
daw@kttlaw.com
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508
*Counsel for Plaintiff*
**[VIA CM/ECF]**

Richard H. Critchlow, Esq. (Florida Bar No. 155227)
rcritchlow@knpa.com
Elizabeth B. Honkonen, Esq. (Florida Bar No. 149403)
ehonkonen@knpa.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
Suite 1100
Miami, Florida 33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
*Counsel for Defendants Setai Owners LLC, SMB Management LLC and Trevi Luxury Hospitality Group, Inc.*
**[VIA CM/ECF]**

William A. Brewer, III (admitted *pro hac vice*)
wab@bickelbrewer.com
James S. Renard (admitted *pro hac vice*)
jsr@bickelbrewer.com
Jack G. Ternan (admitted *pro hac vice*)
jgt@bickelbrewer.com
Bickel & Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas 75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015
*Counsel for Defendants Setai Owners LLC, SMB Management LLC and Trevi Luxury Hospitality Group, Inc.*
**[VIA CM/ECF]**