**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

CASE NO. 12-cv-21932-KMM

GHM (SOUTH BEACH) LLC,

      Plaintiff,

v.

SETAI OWNERS LLC, TREVI LUXURY
HOSPITALITY GROUP, INC., and SMB
MANAGEMENT LLC,

      Defendants.

_____/

**RESPONSE AND INCORPORATED MEMORANDUM OF LAW IN**
**OPPOSITION TO DEFENDANTS' MOTION FOR STAY OF**
**PROCEEDINGS AND MOTION FOR PROTECTION [D.E. 42]**

Plaintiff, GHM (South Beach) LLC ("GHM" or "Plaintiff"), files this Response and

Incorporated Memorandum of Law in Opposition to Defendants' Motion for Stay of Proceedings

and Motion for Protection [D.E. 42] (the "Motion to Stay"), and states:

**RELEVANT BACKGROUND**

The instant Motion to Stay is the latest in a long line of procedural delay tactics by the

Defendants designed to avoid responsibility for their wrongful actions. On July 19, 2012, the

parties filed their Joint Scheduling Report and Proposed Joint Scheduling Order [D.E. 36]

pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("F.R.C.P." or "Rules"). In the

Report, the Defendants unilaterally requested a stay of discovery. The Court declined to stay

discovery and issued a discovery cutoff date of May 6, 2013 [D.E 40], which is less than nine

months away.

GHM maintains that this case is not arbitrable and, therefore, should be remanded to

State Court. *See* GHM's Motion to Remand [D.E. 4] (the "Motion to Remand"). However, until

further order of this Court, GHM must prepare for trial in this Court. It cannot simply ignore this Court's Scheduling Order and the Rules. Accordingly, in compliance with the Court's Scheduling Order [D.E. 40] and as authorized by F.R.C.P. 26(d), the Plaintiff issued discovery requests upon the Defendants and certain non-party witnesses.

Instead of responding to the discovery requests as required by the Court and the F.R.C.P., and instead of obtaining a protective order to stay discovery as required by the Rules, the Defendants deliberately waited until the eve of the subpoenaed deposition of one of the non-party witnesses to file the instant Motion to Stay, seeking (i) a stay of the entire case pending a determination by an arbitration panel on whether this Court has jurisdiction to hear this case, a decision that is squarely within the province of this Court, and (ii) a stay of discovery pending, *inter alia*, a ruling on the Motions to Dismiss filed by the Defendants. Defendants' counsel then advised the Plaintiff that they would not be permitting the non-party witness (who is under their control) to appear for his scheduled deposition, and in fact did not produce him.  In effect, the Defendants have unilaterally imposed a de facto stay of these proceedings.

## **ARGUMENT**

I.   **QUESTIONS OF REMAND AND ARBITRABILITY ARE SEPARATELY BEFORE THIS COURT AND MUST BE DECIDED BEFORE ANY STAY CAN BE ENTERED**

Ironically, it was the <u>Defendants</u> that removed the case to this Court. By doing so, the Defendants agreed to comply with the Rules and to submit themselves to the scheduling requirements of this Court. The Motion to Stay prematurely and incorrectly assumes that (i) this case was properly removed pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention") and should not be remanded to State Court, (ii) the arbitrators have the power to decide the subject matter jurisdiction of this Court, (iii) the breach of contract claim against Setai Owners LLC ("Owner") is arbitrable, and (iv) the non-arbitrable,

independent tort claims against Owner and other third parties should be stayed pending a potential ruling by the arbitrators on the breach of contract claim. The issues of remand and arbitrability have been fully briefed by both parties in connection with the GHM's Motion to Remand, which is pending before this Court.

Until the Court rules on the Motion to Remand and until the <u>Court</u> stays the proceedings, the parties are required by the F.R.C.P. and existing orders of this Court to engage in discovery and to diligently prepare this case for trial. It is inappropriate for the Defendants to simply ignore this Court's Scheduling Order and the Rules, and to impose their own unilateral stay of these proceedings, under the misguided assumption that the Court will rule in their favor on all of these issues. Although the Defendants may not like it, a trial date has been set, there is a discovery deadline, and this case should proceed accordingly.

## II. PLAINTIFF'S INDEPENDENT TORT CLAIMS AGAINST THE DEFENDANTS SHOULD NOT BE STAYED

Assuming that this Court decides not to remand this case to State Court, and assuming that this Court determines that the breach of contract claim against Owner is arbitrable, this Court should not stay the Plaintiff's tort claims against the Defendants, which are wholly independent of the Plaintiff's breach of contract claim against Owner.

GHM is suing the Defendants for damages resulting from two separate "wrongs" committed by the Defendants. <u>First</u>, GHM seeks damages from Owner (only) resulting from Owner's breach of its Management Agreement with GHM - i.e., Owner's early termination of GHM and other <u>pre-termination</u> breaches. This is the claim that Owner argues invokes this Court's jurisdiction pursuant to the Convention and should be submitted to the arbitration panel.

<u>Second</u>, GHM seeks damages against all of the Defendants, including Owner and its accomplices, for (i) the tortious <u>manner</u> in which it was forcibly removed from the Hotel by

armed security personnel and (ii) the torts committed by the Defendants <u>post-termination</u>, including defamation, tortious interference with business relationships, and conversion of its trade secrets and confidential materials. These are the "non-arbitrable" claims, outside of the Management Agreement, that the Defendants contend should be stayed pending a ruling on whether Owner breached the Management Agreement by terminating GHM early. However, all of these independent acts, committed by all of the Defendants <u>after</u> the Management Agreement was already terminated, have nothing to do with whether or not Owner breached the Management Agreement.

For example, regardless of whether Owner breached the Management Agreement by terminating GHM early, Owner could have chosen to terminate GHM with care and in a more safe and orderly fashion. Instead, Owner deliberately ignored its duty of care and, with the aid of its accomplices, ousted GHM by force and assisted by armed security personnel, via a midnight raid of the Hotel. GHM has alleged that the Defendants chose to terminate GHM in this demeaning manner in order to give Hotel employees, guests, condominium unit owners, and the public, the impression that GHM was conducting illegal activity at the Hotel and to garner support for the termination.

GHM further alleges that the raid was purposely and strategically conducted in such a manner as to give the Defendants time to access, review and copy GHM's operating manuals and to convert other trade secrets and proprietary materials belonging to GHM. This was done so that the Hotel's new manager, a start-up company with <u>no</u> other hotels under management, could continue to manage the Hotel using GHM's proprietary operating standards. This was also done to give Owner an advantage in potential litigation, because it now possesses all of GHM's privileged and confidential communications.

In short, even if Owners was authorized to terminate GHM early, the <u>manner</u> in which it

went about doing so was tortious and caused substantial, additional damages to GHM.

Moreover, following the armed raid of the Hotel, the Defendants embarked on a libelous marketing and public relations campaign intended to destroy GHM's name and reputation. The Defendants also began to tortiously interfere with GHM's local and global business opportunities. These torts all occurred after the termination of the Management Agreement, and GHM would have cause to sue the Defendants for these torts even if there were never any contract between the parties (and, in fact, there was never any contract between GHM and two of the Defendants). Accordingly, there is no reason to stay the non-arbitrable claims, even if this Court ultimately decides not to remand this entire case and to refer the breach of contract claim to arbitration.

Where a litigation involves both arbitrable and non-arbitrable claims, the non-arbitrable claims should not be stayed if it is feasible to proceed with the litigation. *Klay v. All Defendants*, 389 F.3d 1191, 1203-1204 (11th Cir.2004).  Where the outcome of the non-arbitrable claims is not dependent upon the arbitrator's decision, it is feasible to proceed with the litigation and the non-arbtrable claims should proceed. *Axa Equitable Life Ins. Co. v. Infinity Financial Group, LLC*, 608 F.Supp.2d 1330, 1332 (S.D. Fla. 2009).  In the present matter, the non-arbitrable tort claims are independent from the contract claims, and should proceed irrespective of whether the court requires arbitration of the contract claims.

## III.   DISCOVERY SHOULD NOT BE STAYED

The Defendants also request that this Court stay all discovery until three conditions are met: (1) the Court rules upon the Defendants' motions to dismiss, (2) Plaintiff identifies "with specificity" the information it claims constitutes a trade secret, and (3) the parties confer on a mutually agreeable protective order to address the means and methods for protecting confidential information from disclosure.

With respect to the third requirement, GHM advised Defendants' counsel prior to the filing of the Motion to Stay that it would agree to a protective order and sent a prepared draft of such an order to Defendants' counsel. *See* Motion to Stay, p. 15. The <u>only</u> reason the parties did not reach agreement on the terms of a protective order before the Defendants filed the instant Motion is that the Defendants strategically waited until the last possible minute to confer with GHM's counsel prior to filing this Motion.

The Defendants also argue that they should be excused from responding to any discovery until the Plaintiff identifies its trade secrets with specificity. <u>First</u>, the Plaintiff has clearly identified its trade secrets with specificity including its standard operating procedure manuals, training manuals, and employee files. *See* Complaint at ¶87.  <u>Second</u>, only one of the twelve counts in the Complaint is for violation of the Florida Trade Secrets Act, and none of the discovery issued by the Plaintiff is directed solely at gathering evidence for that count. <u>Third</u>, as noted above, GHM has already agreed to a protective order to preserve the secrecy of any information that may be submitted by the Defendants.

Finally, the Defendants argue that discovery should not proceed until the Court rules on their meritless motions to dismiss. As a threshold matter, the Defendants already requested a stay of discovery in the parties' joint scheduling report and proposed joint scheduling order [D.E. 36], and the Court has declined to stay discovery. Pursuant to the Court's Scheduling Order [DE 40], discovery in this matter must be completed by May 6, 2013, which is less than nine months away. The parties are required to prepare for trial until the Court decides otherwise.

Moreover, this Court has previously ruled that discovery need not be stayed simply because a motion to dismiss is pending. *S.K.Y. Management LLC v. Greenshoe, LTD.,* 2007 WL 201258, *2 (S.D. Fla. 2007) (Where there is good reason to question whether Defendant will prevail on its motion to dismiss a stay of discovery would be grossly inappropriate). Defendants

rely on *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, (11th Cir. 1997), for the proposition that discovery should not proceed while their motion to dismiss is pending.  As other courts have noted, *Chudasama* does not stand for the proposition that all discovery should be stayed pending a decision on a motion to dismiss. "Instead, *Chadasuma* and its progeny stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Schreiber v. Kite King's Lake, LLC*, 2010 WL 3909717, at *1 (M.D. Fla. 2010); *Ave Maria University v. Sebelius*, 2012 WL 3128015 (M.D. Fla. 2012).

For all of the foregoing reasons, discovery should not be stayed.

## **CONCLUSION**

This Court should deny the Motion to Stay in its entirety.

Respectfully submitted,

KOZYAK TROPIN & THROCKMORTON, P.A.
Counsel for Plaintiff
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
Fax: (305) 372-3508

By:____/s/ Daniel F. Benavides_____
          Kenneth R. Hartmann
          Florida Bar No. 664286
          Daniel F. Benavides
          Florida Bar No. 81675

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was efiled with the

Clerk of Court and was electronically served by the Court this 7th day of September, 2012 to all

parties on the attached service list.

By: /s/Daniel F. Benavides
   Kenneth R. Hartmann
   Florida Bar No. 664286
   Daniel F. Benavides
   Florida Bar No. 81675

## SERVICE LIST

### *GHM (South Beach LLC) v. Setai Owners, LLC, et al.*
### CASE NO. 12-cv-21932-KMM
### United States District Court, Southern District of Florida

Richard H. Critchlow, Esq. (Florida Bar No. 155227)
rcritclow@knpa.com
Elizabeth B. Honkonen, Esq. (Florida Bar No. 149403)
ehonkonen@knpa.com
Kenny Nachwalter, P.A.
201 South Biscayne Blvd.
Suite 1100
Miami, FL  33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
*Counsel for Defendant Setai Owners LLC*

Willliam A. Brewer, III
wab@bickerbrewer.com
James S. Renard,
jsr@bickerbrewer.com
Jack G. Ternan
jgt@bickerbrewer.com
Bickel & Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015
*Counsel for Defendant Setai Owners LLC*

3515/106/340116.1

9