UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:12-cv-21932-KMM/TORRES

GHM (SOUTH BEACH) LLC, a Delaware
limited liability company,

    Plaintiff,

v.

SETAI OWNERS LLC, a Delaware limited
liability company, TREVI LUXURY
HOSPITALITY GROUP, INC., a Texas
corporation, and SMB MANAGEMENT
LLC, a Florida limited liability company,

    Defendants.
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Defendants Setai Owners LLC ("Owner"), Trevi Luxury Hospitality Group, Inc. ("Trevi"), and SMB Management LCC ("SMB") (collectively, "Defendants") file this Response in Opposition to Plaintiff's Motion to Compel ("Motion to Compel") (D.E. 44), as follows:

**I.**

**PRELIMINARY STATEMENT**

On August 21, 2012, Defendants filed a Motion for a Stay of Proceedings and Motion for Protection ("Motion to Stay") (D.E. 42). The Motion to Stay was based on the fact that Plaintiff's claims in this case are the subject of a pending international arbitration and, thus, a stay of proceedings regarding those claims is mandatory under 9 U.S.C. § 208. Additionally, Defendants have moved to dismiss nearly all of Plaintiff's claims (D.E. 11, 12, 26). If those

motions are granted, the scope of discovery will be dramatically reduced and, therefore, discovery should not proceed prior to a ruling on those motions.[1]

Moreover, granting the Motion to Stay is necessary to avoid prejudice to Defendants. Plaintiff should not be able to avoid the discovery limitations it agreed to when it agreed to arbitration, and Defendants should not be forced to choose between: (1) potentially waiving their right to arbitrate by serving discovery; or (2) allowing Plaintiff to obtain information and documents without being obligated to produce documents and respond to discovery in return. Despite the prejudice to Defendants caused by Plaintiff's discovery requests, Owner has agreed to produce some documents to Plaintiff.  Owner agreed to produce documents that Plaintiff will likely be entitled to receive in the pending arbitration proceeding.

Unfortunately, Plaintiff was not satisfied with obtaining such documents during the pendency of the Motion to Stay and motions to dismiss, and instead filed a perfunctory Motion to Compel.  The Motion to Compel does not address the arguments or authorities cited by Defendants in the Motion to Stay.  Indeed, Plaintiff does not even address the mandatory nature of a stay under 9 U.S.C. § 208.   For the reasons set forth in the Motion to Stay and below, the Motion to Compel should be denied.

---

[1] *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.") (footnote omitted).

## II.

## **ARGUMENTS AND AUTHORITIES**

A.      **The Motion To Compel Should Be Denied Due To The Pending Arbitration.**

Until March 31, 2012, General Hotel Management, Ltd., a British Virgin Islands company with its principal place of business in Singapore ("GHM"), and GHM (South Beach) LLC ("Plaintiff") acted as Owner's agents in the management of the Setai Resort & Residences ("Hotel") under a Management Agreement dated March 20, 2000 (the "Management Agreement").[2]  Article XXVI(1) of the Management Agreement provides:

> In case of failure by the parties to reach an amicable settlement, such difference or dispute shall be finally settled through a Board of Arbitrators in accordance with the Rules of Conciliation and Arbitration of the International Chamber of Commerce.  The venue of arbitration shall be Dade County, Florida.[3]

On March 31, 2012, Owner terminated the Management Agreement and initiated an arbitration proceeding against GHM and Plaintiff in the International Court of Arbitration of the International Chamber of Commerce ("Arbitration Proceeding"), which Plaintiff has improperly sought to enjoin in this Court.[4]  In the Arbitration Proceeding, Plaintiff has asserted claims nearly identical to the claims asserted in this case.[5]  Because the claims asserted by Plaintiff in this matter are the subject of the Arbitration Proceeding, the Motion to Compel should be denied for three reasons.

---

[2] *See* Management Agreement, attached as Exhibit A to the Motion to Remand (D.E. 4).

[3] *Id*. at 21, art. XXVI § 1.

[4] *See* Defendant Setai Owners LLC's Response in Opposition to Plaintiff's Motion to Enjoin Arbitration (D.E. 20).

[5] *See* Answer to Request for Arbitration and Counterclaim at 24-32, attached as Exhibit K to the Motion to Stay.

First, as set forth in the Motion to Stay, 9 U.S.C. § 208 makes a stay of proceedings regarding arbitrable claims mandatory.[6] Moreover, given that the primary issue in dispute in this proceeding—whether the termination of GHM was appropriate—is already being litigated in the prior filed Arbitration Proceeding, the remaining claims should likewise be stayed because the arbitration is "likely to give rise to a factual inquiry and findings germane" to this case.[7] Unrestricted discovery should not proceed when a stay is mandatory regarding the primary issues in dispute, and a stay is appropriate with respect to other claims.

Second, Defendants cannot serve discovery in this case without risking a waiver of their right to arbitration.[8] Allowing Plaintiff to conduct discovery while the question of arbitrability is pending therefore prejudices Defendants because they cannot also serve discovery.

Third, allowing discovery to proceed in this Court would subject Defendants to expenses and burdens of discovery when there is a contractual right to avoid much of those expenses. In particular, under the relevant arbitration rules, document production should be limited to "documents that are relevant and material to the outcome of the case,"[9] rather than the more broad, and therefore more expensive, federal standard permitting discovery of documents if the

---

[6] *See* 9 U.S.C. § 208; *Klay v. All Defendants*, 389 F.3d 1191, 1203-04 (11th Cir. 2004).

[7] *See Ben-Yishay v. Mastercraft Dev., LLC*, 553 F. Supp. 2d 1360, 1372 (S.D. Fla. 2008).

[8] *See*, *e.g.*, *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990) ("The use of pre-trial discovery procedures by a party seeking arbitration may sufficiently prejudice the legal position of an opposing party so as to constitute a waiver of the party's right to arbitration."); *Lawrence v. Royal Caribbean Cruises, Ltd.*, No. 09-cv-20930, 2009 WL 4546633, at *3 (S.D. Fla. Nov. 30, 2009) (same); *Gordon v. Shield*, 87 So. 3d 1276, 1278 (Fla. 4th DCA 2012) ("[T]he active participation in litigation or the propounding of discovery would be circumstances where the right to arbitrate would be deemed waived.").

[9] *See* ICC Arbitration and ADR Rules 2012 at 57, attached as Exhibit A hereto.

request is "reasonably calculated to lead to the discovery of admissible evidence." Admissions and interrogatories would likewise be more limited or even entirely precluded in arbitration.[10] Plaintiff should not be permitted to impose costs on Defendants in violation of its contractual agreement to arbitrate.

Accordingly, the Motion to Compel should be denied and the Motion to Stay should be granted.

**B.    The Motion To Compel Should Be Denied Because Of Defendants' Pending Motions To Dismiss.**

At the present time, none of the Defendants has filed an answer or counterclaims. Instead, Trevi and SMB have moved to dismiss all claims asserted by Plaintiff against them (D.E. 12, 26). Owner has moved to dismiss all but two of the claims asserted by Plaintiff (D.E. 11). Nonetheless, Plaintiff seeks to subject all three Defendants (and their affiliates and agents) to expansive and expensive discovery requests, including depositions, interrogatories, requests for admissions, and requests for production.[11] In the event the case is not stayed during the pendency of the Arbitration Proceeding, discovery should be postponed until after a ruling on the motions to dismiss for at least two reasons.

First, the scope of discovery will drastically change if the motions to dismiss are granted. Only Plaintiff's breach of contract and defamation claims will remain, and discovery related to those claims will primarily involve whether Owner's grounds for terminating the Management Agreement were justified and/or true. Similarly, Owner's counterclaims involve GHM and Plaintiff's mismanagement and misconduct prior to the termination and whether that misconduct

---

[10] *See id.*

[11] *See* Exhibits A-J to the Motion to Stay (D.E. 42).

justified the termination of GHM and Plaintiff as managers of the Hotel. While the evidence will overwhelmingly show that the termination was justified, some discovery on that disputed issue is appropriate (though it should occur in the Arbitration Proceeding). In contrast, the claims alleged by Plaintiff that are subject to dismissal relate primarily to the post-termination conduct of Defendants. Dismissal of those claims would limit the relevant timeframe and relevant document custodians and greatly reduce the costs of document production. For instance, discovery regarding post-termination operations at the Hotel will be greatly reduced. Additionally, if SMB and Trevi are dismissed from this proceeding, they would have no obligation to respond to any interrogatories or admissions. Accordingly, discovery should be stayed until there is a ruling on the motion to dismiss.[12]

Second, it would be premature for discovery to proceed when Defendants have not yet filed any answers or counterclaims and when additional parties will likely need to be added. Some of the discovery requests served by Plaintiff relate to allegations that Owner is making in the Arbitration Proceeding that have not and might not be asserted in this case. Allowing Plaintiff to conduct discovery on factual questions that may not be at issue in this proceeding is prejudicial to Defendants. Moreover, additional issues may be raised if Defendants file counterclaims. Allowing depositions to proceed prior to the completion of pleading would likely result in requests for multiple depositions of the same people. Additionally, Defendants contend that some of the claims asserted by Plaintiff belong to GHM, and in the event that Defendants' motion for more definite statement is granted, Plaintiff will either be forced to drop claims or GHM will have to appear as a party. Proceeding with discovery before the assertion of

---

[12] *See Chudasama*, 123 F.3d at 1368.

counterclaims and before the appearance of necessary parties will likely lead to duplication of effort as new issues arise.

### III.

### CONCLUSION AND REQUEST FOR RELIEF

For the reasons set forth above and in the Motion to Stay, Owner requests that the Court enter an order:  (1) denying Plaintiff's Motion to Compel; and (2) granting Owner such other relief to which it is entitled and which the Court deems just and proper.

Dated: September 10, 2012  
       Miami, Florida

Respectfully submitted,

s/Elizabeth B. Honkonen  
Richard H. Critchlow, Esq.  
(Florida Bar No. 155227)  
rcritchlow@knpa.com  
Elizabeth B. Honkonen, Esq.  
(Florida Bar No. 149403)  
ehonkonen@knpa.com

**KENNY NACHWALTER, P.A.**  
201 South Biscayne Boulevard, Suite 1100  
Miami, Florida  33131-4327  
Telephone:     (305) 373-1000  
Facsimile:     (305) 372-1861

- and –

>William A. Brewer III
>(admitted *pro hac vice*)
>wab@bickelbrewer.com
>James S. Renard
>(admitted *pro hac vice*)
>jsr@bickelbrewer.com
>Jack G. B. Ternan
>(admitted *pro hac vice*)
>jgt@bickelbrewer.com
>
>**BICKEL & BREWER**
>4800 Comerica Bank Tower
>1717 Main Street
>Dallas, Texas  75201
>Telephone:     (214) 653-4000
>Facsimile:      (214) 653-1015
>
>**COUNSEL FOR DEFENDANTS SETAI OWNERS LLC, TREVI LUXURY HOSPITALITY GROUP, INC. AND SMB MANAGEMENT LLC**

### CERTIFICATE OF SERVICE

**I certify** that on September 10, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>s/Elizabeth B. Honkonen

**SERVICE LIST**
*GHM (South Beach LLC) v. Setai Owners LLC, et al.*
**CASE NO. 1:12-cv-21932-KMM/TORRES**
**United States District Court, Southern District of Florida**

Kenneth R. Hartmann, Esq. (Florida Bar No. 664286)
krh@kttlaw.com
Daniel F. Benavides, Esq. (Florida Bar No. 81675)
dfb@kttlaw.com
Douglas A. Wolfe, Esq. (Florida Bar No. 28671)
daw@kttlaw.com
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508
*Counsel for Plaintiff*
**[VIA CM/ECF]**

Richard H. Critchlow, Esq. (Florida Bar No. 155227)
rcritchlow@knpa.com
Elizabeth B. Honkonen, Esq. (Florida Bar No. 149403)
ehonkonen@knpa.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
Suite 1100
Miami, Florida 33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
*Counsel for Defendants Setai Owners LLC, SMB Management LLC and Trevi Luxury Hospitality Group, Inc.*
**[VIA CM/ECF]**

William A. Brewer, III (admitted *pro hac vice*)
wab@bickelbrewer.com
James S. Renard (admitted *pro hac vice*)
jsr@bickelbrewer.com
Jack G. Ternan (admitted *pro hac vice*)
jgt@bickelbrewer.com
Bickel & Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas 75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015
*Counsel for Defendants Setai Owners LLC, SMB Management LLC and Trevi Luxury Hospitality Group, Inc.*
**[VIA CM/ECF]**