UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  1:12-cv-21932-KMM / TORRES

GHM (SOUTH BEACH) LLC, a Delaware
limited liability company,

    Plaintiff,

v.

SETAI OWNERS LLC, a Delaware limited
liability company, TREVI LUXURY
HOSPITALITY GROUP, INC., a Texas
corporation, and SMB MANAGEMENT
LLC, a Florida limited liability company,

    Defendants.

_____/

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR A STAY OF PROCEEDINGS AND MOTION FOR PROTECTION**

Defendants Setai Owners LLC ("Owner"), Trevi Luxury Hospitality Group, Inc. ("Trevi"), and SMB Management LCC ("SMB") (collectively, "Defendants") file this Reply Memorandum in support of their Motion for Stay of Proceedings and Motion for Protection ("Motion to Stay") (D.E. 42), as follows:

**I.**

**PRELIMINARY STATEMENT**

On March 31, 2012, Owner initiated an international arbitration proceeding against GHM (South Beach) LLC ("Plaintiff") and General Hotel Management, Ltd. ("GHM").  On May 2, 2012, Plaintiff initiated this lawsuit against Owner, Owner's agent Trevi, and Owner's subsidiary SMB in an effort to avoid its obligations under the arbitration agreement.  Plaintiff recently served extensive and burdensome discovery requests on Defendants and related non-

parties. As set forth in the Motion to Stay, Plaintiff's discovery requests are premature for three reasons. <u>First</u>, this case should be stayed until the conclusion of the arbitration proceeding. <u>Second</u>, discovery should be stayed until Plaintiff identifies with specificity the trade secrets that it alleges were misappropriated. <u>Third</u>, discovery should be stayed until the Court rules on the pending motions to dismiss because: (1) all claims asserted against two of the parties should be dismissed; and (2) the scope of discovery for the remaining claims is substantially less than discovery on the claims that are subject to dismissal. For the reasons set forth below, Plaintiff's Response and Incorporated Memorandum of Law in Opposition to the Motion to Stay ("Response") (D.E. 50) does not overcome any of those three reasons for staying discovery. Accordingly, the Motion to Stay should be granted.

## II.

## ARGUMENTS AND AUTHORITIES

### A.  A Pending Motion To Remand Does Not Preclude A Stay.

Plaintiff asserts—without authority—that "questions of remand and arbitrability . . . must be decided before any stay can be entered." Plaintiff is incorrect for at least three reasons.

<u>First</u>, as set forth in Owner's Response to Plaintiff's Motion to Remand, Plaintiff does not challenge Defendants' satisfaction of the four requirements to establish jurisdiction in this Court.[1] A district court has jurisdiction under Chapter 2 of Title 9 of the United States Code if: (1) there is an agreement in writing; (2) the agreement provides for arbitration in the territory of a signatory of the Convention on the Recognition and Enforcement of Arbitral Awards ("Convention"); (3) the agreement arises out of a legal relationship, whether contractual or not,

---

[1] *See* Defendant Setai Owners LLC's Response in Opposition to Plaintiff's Motion to Remand (D.E. 21).

2

which is considered commercial; and (4) a party to the agreement is not an American citizen, or the commercial relationship has some reasonable relation with one or more foreign states.[2] Here, Plaintiff does not dispute and the evidence overwhelming shows that: (1) the Management Agreement is in writing; (2) the Management Agreement provides for arbitration in the United States—a signatory of the Convention; (3) the relationship between Plaintiff and Owner is commercial; and (4) a party to the Management Agreement is a British Virgin Islands company and/or the relationship has a reasonable relation with multiple foreign states.[3] Plaintiff's purported affirmative defenses to arbitration—waiver and failure of conditions precedent—are not jurisdictional.[4] Accordingly, contrary to Plaintiff's position in its Response, there is no jurisdictional inquiry that must be decided before ruling on the Motion to Stay.

Second, the Court need not resolve Plaintiff's arguments regarding arbitrability before staying this case. The only challenges Plaintiff raises to arbitration—waiver and failure of conditions precedent—are questions for the arbitrators to decide.[5] Thus, there is no "question of

---

[2] *See Bautista v. Star Cruises*, 396 F.3d 1289, 1294 n.7 (11th Cir. 2005).

[3] *See* Defendant Setai Owners LLC's Response in Opposition to Plaintiff's Motion to Remand (D.E. 21) at 8-10.

[4] *See Beiser v. Weyler*, 284 F.3d 665, 670 (5th Cir. 2002) ("Conceptually, whether a federal court has jurisdiction to decide an issue is a distinct question from how to decide that issue correctly."); *Czarina, L.L.C. v. W.F. Poe Syndicate*, 358 F.3d 1286, 1292 n.3 (11th Cir. 2004) ("We must note that the jurisdictional prerequisites to an action confirming an award are different from the several affirmative defenses to confirmation enumerated in article V of the Convention.").

[5] *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85 (2002) ("Thus procedural questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide. So, too, the presumption is that the arbitrator should decide allegations of waiver, delay, or a like defense to arbitrability. Indeed, the Revised Uniform Arbitration Act of 2000, seeking to incorporate the holdings of the vast majority of state courts and the law that has developed under the Federal Arbitration Act, states

arbitrability" that the Court needs to decide, much less a question that needs to be decided before ruling on a motion to stay proceedings.

Third, a stay of proceedings involving arbitrable claims is mandatory—a legal requirement that Plaintiff simply ignores.[6] Plaintiff offers no explanation regarding why the Court should decline to issue a mandatory stay or why Plaintiff should be allowed to impose discovery obligations on Owner in violation of the arbitration agreement on the grounds that the Court is still considering other pending motions.

**B.    All Of Plaintiff's Claims Should Be Stayed Pending Resolution Of The Arbitration Proceedings.**

In attempt to avoid a stay of all of the claims asserted in this case, Plaintiff tries to draw a distinction between: (1) Plaintiff's breach of contract claim addressing "Owner's early termination of GHM and other pre-termination breaches" and (2) the "tortious manner" of the termination and "torts committed by the Defendants post-termination."[7] Plaintiff contends that claims falling into the latter category are "non-arbitrable" claims that should not be stayed because the claims "have nothing to do with whether or not Owner breached the Management Agreement."[8] While Defendants agree the distinction between the two types of claims is a

---

that an 'arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled.' And the comments add that in the absence of an agreement to the contrary, issues of . . . procedural arbitrability, i.e., whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide.") (internal punctuation and citations omitted, emphasis in original); *see also PTA-FLA, Inc. v. ZTE USA, Inc.*, No. 3:11–cv–510–J–32JRK, 2011 WL 5024647, at *4 (M.D. Fla. Oct. 31, 2011).

[6] *See* 9 U.S.C. § 208; *Klay v. All Defendants*, 389 F.3d 1191, 1203-04 (11th Cir. 2004).

[7] *See* Response at 3-4.

[8] *Id*. at 4.

4

useful one,[9] Plaintiff's contention that the purportedly "non-arbitrable" claims should proceed is without merit for at least four reasons.

First, although Plaintiff asserts that the tort claims are "non-arbitrable," Plaintiff has asserted those exact same claims against Owner in the pending arbitration proceeding.[10] Thus, there can be no doubt that the arbitration proceeding is "likely to give rise to a factual inquiry and findings germane"[11] to the tort claims because those claims *are* being litigated by Plaintiff in the arbitration. Accordingly, at a minimum, all discovery and claims asserted by Plaintiff against Owner should be stayed until the arbitration has concluded.

Second, Plaintiff's contention that the tort claims are "non-arbitrable" because the underlying conduct occurred "after the Management Agreement was terminated" is without merit. The section of the Management Agreement governing arbitration covers all "matters relating to this Agreement, whether during its substance or *after its termination*" as well as "all matters concerning the provisions of this Agreement."[12] Thus, Plaintiff's suggestion that the "post-termination" nature of the claims renders them "non-arbitrable" is unsupported.

---

[9] As discussed in Section IV(C) below, discovery should be stayed until a ruling on the motions to dismiss because a ruling on the motion to dismiss could greatly reduce the scope of discovery. By admitting that the post-termination claims, which are subject to dismissal, are distinct from the pre-termination claims, Plaintiff essentially concedes that granting the motions to dismiss could significantly reduce the scope of discovery.

[10] *See* Answer to Request for Arbitration and Counterclaim at 24-32, attached as Exhibit K to the Motion to Stay.

[11] *See Ben-Yishay v. Mastercraft Development, LLC*, 553 F. Supp. 2d 1360, 1372 (S.D. Fla. 2008).

[12] *See* Management Agreement at 21, art. XXVI (emphasis added).

Third, contrary to Plaintiff's assertion in its Response, the tort claims are not independent from the issues in the arbitration. In fact, as set forth in the motions to dismiss, Plaintiff's tort claims are closely related to the parties' obligations under the Management Agreement. For instance, Owner's rights and interests as set forth in the Management Agreement preclude Plaintiff's tortious interference claims, and the conversion/trade secret claims are barred because the Management Agreement assigns ownership of the documents to Owner.[13] Moreover, all of Plaintiff's claims depend on the incorrect presumption that there is something improper about a hotel owner terminating a hotel manager and immediately appointing a replacement manager. The arbitrators will resolve the question of whether the termination was proper. Simply put, all of the claims are intertwined with the issues before the arbitrators, and the Court should stay a resolution of those claims until the arbitration proceeding is concluded.

Fourth, Plaintiff should not be permitted to avoid its arbitration obligations by suing Owner's agents. In the event that the Court grants only the mandatory stay for the claims Plaintiff asserted against Owner and allows the other claims to proceed, Owner still will be obligated to defend its subsidiary and new manager in this case and will be deprived of the cost-saving aspects of arbitration, including limitations on discovery. Plaintiff should not be permitted to side-step its arbitration agreement by alleging duplicative claims against Owner's agents and subsidiaries, and a stay should be granted for proceedings and discovery relating to all claims and parties.

---

[13] *See* Defendant SMB Management LLC's Motion for More Definite Statement and Motion to Dismiss with Incorporated Memorandum of Law (D.E. 12); Defendant Trevi Luxury Hospitality Group, Inc.'s Motion for More Definite Statement and Motion to Dismiss with Incorporated Memorandum of Law (D.E. 26); Defendant Setai Owners LLC's Motion for Motion Definite Statement and Motion to Dismiss With Incorporated Memorandum of Law (D.E. 11).

**C.      Discovery Should Be Stayed Until The Court Rules On The Motions To Dismiss.**

In the Motion to Stay, Defendants argued that the motions to dismiss should be decided before discovery because the scope of discovery can be greatly reduced by eliminating the many meritless claims asserted by Plaintiff.[14]  In response, Plaintiff provides no reason to deny the stay until the motions to dismiss are decided.  Instead, Plaintiff merely points out that "discovery need not be stayed simply because a motion to dismiss is pending" and that "the parties are required to prepare for trial until the Court decides otherwise."[15]  Defendants agree that, unlike a stay of discovery relating to arbitrable claims, a stay of discovery pending a decision on a motion to dismiss is discretionary and not mandatory.  Nonetheless, the Court should exercise its discretion and grant such a stay for two reasons.

First, deciding the motions to dismiss may drastically reduce the scope of discovery.  All of the claims asserted by Plaintiff against SMB and Trevi should be dismissed, and all but two of the claims asserted by Plaintiff against Owner should be dismissed.  The remaining two claims against Owner are the subject of the pending arbitration and are subject to a mandatory stay.  Accordingly, granting the motions to dismiss may eliminate the need for all discovery in this proceeding.

---

[14] *See* Motion to Stay at 12; *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.") (footnote omitted).

[15] Response at 6.

Second, allowing discovery to proceed in this case would put Defendants at a significant disadvantage. If they participate in discovery, Defendants potentially waive their right to arbitration.[16] Thus, in order to preserve their right to arbitrate while the various motions remain pending, Defendants cannot serve their own discovery on Plaintiff. Allowing Plaintiff to unilaterally conduct discovery places Plaintiff at an unfair advantage, and the Court should stay discovery until ruling on which parties and which claims will remain in this Court.

### D. Discovery Should Be Stayed Until Plaintiff Identifies Its Trade Secrets With Specificity.

In the Motion to Stay, Defendants also requested that discovery be stayed until Plaintiff identifies the allegedly misappropriated trade secrets with specificity, a request that is commonly granted in trade secret misappropriation cases.[17] In response, Plaintiff makes three erroneous arguments.

First, Plaintiff contends that it has already identified its trade secrets "with specificity."[18] However, generic references to "standard operating procedures, training manuals, and employee files" provide Defendants with no meaningful information regarding what aspects of those thousand-page compilations of materials constitute a trade secret. Without providing any specificity regarding what information (1) is not known in the industry; and (2) provides a

---

[16] *See, e.g.*, *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990) ("The use of pre-trial discovery procedures by a party seeking arbitration may sufficiently prejudice the legal position of an opposing party so as to constitute a waiver of the party's right to arbitration."); *Lawrence v. Royal Caribbean Cruises, Ltd.*, No. 09-cv-20930, 2009 WL 4546633, at *3 (S.D. Fla. Nov. 30, 2009) (same); *Gordon v. Shield*, 87 So. 3d 1276, 1278 (Fla. 4th DCA 2012) ("[T]he active participation in litigation or the propounding of discovery would be circumstances where the right to arbitrate would be deemed waived.").

[17] *See* Motion to Stay at 12-13.

[18] *See* Response at 6 (citing Complaint at ¶ 87).

competitive advantage, Defendants will be exposed to all of the evils that the requirement that a plaintiff identify trade secrets with specificity is supposed to avoid.[19]  If discovery proceeds before Plaintiff identifies its purported trade secrets, Plaintiff essentially would be permitted to review Defendants' materials and then use Defendants' production as a source of materials from which it can mold a trade secrets claim.  In other words, if Plaintiff is not required to define the alleged trade secrets before it has access to Defendants' materials, Plaintiff may simply claim whatever it obtains in discovery as its own trade secrets.  As set forth in the motions to dismiss, Plaintiff did not meet the minimum pleading requirements to a state a trade secret claim and, even if the Court were to allow Plaintiff to proceed with discovery, Plaintiff should be obligated to identify the trade secrets it alleges were misappropriated.[20]

Second, Plaintiff notes that only one of the twelve counts in the Complaint is a trade secrets claim and the discovery requests relate to more than just that claim.  Plaintiff is correct that discovery responses might be relevant for more than one claim, but that possibility does not alleviate the prejudice to Defendants of allowing Plaintiff to conduct discovery and then construct a post-discovery list of misappropriated "trade secrets."  The only way to prevent Defendants from suffering prejudice to the defense of their trade secret claim is to preclude all discovery until Plaintiff has identified its trade secrets.

---

[19] *See DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 680-81 (N.D. Ga. 2007) (identifying the four reasons for delaying discovery until after plaintiff identifies the trade secrets at issue).

[20] *See* Defendant SMB Management LLC's Motion for More Definite Statement and Motion to Dismiss with Incorporated Memorandum of Law (D.E. 12) at 11-14; Defendant Trevi Luxury Hospitality Group, Inc.'s Motion for More Definite Statement and Motion to Dismiss with Incorporated Memorandum of Law (D.E. 26) at 12-13; Defendant Setai Owners LLC's Motion for Motion Definite Statement and Motion to Dismiss With Incorporated Memorandum of Law (D.E. 11) at 12-15.

Third, Plaintiff notes that it has agreed to a protective order to preserve the secrecy of information submitted by Defendants. A protective order, however, does not cure the prejudice to Defendants. Even with a protective order, Plaintiff still would obtain access to Defendants' materials, and Plaintiff could use those to retroactively claim processes and procedures to be a trade secret. Precluding misappropriation plaintiffs from engaging in such fishing expeditions is the very reason that courts require such plaintiffs to identify their trade secrets at the beginning of discovery.[21]

Accordingly, discovery should be stayed until Plaintiff identifies the allegedly misappropriated trade secrets with specificity.

## III.

## CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons and the reasons set forth in the Motion, Defendants request that the Court enter an order: (1) staying prosecution of all claims and discovery in this case until further order of this Court, or alternatively, staying discovery in this case until: (a) the Court's ruling on the pending motions to dismiss and, if necessary, the filing of answers/counterclaims by Defendants; (b) Plaintiff discloses with specificity the trade secrets that have allegedly been misappropriated; and (c) the entry of a protective order governing the terms and conditions on the use of confidential information; and (2) granting Defendants such other relief, at law and in equity, which the Court deems just and proper.

---

[21] *See DeRubeis*, 244 F.R.D. at 680-81.

Dated: September 17, 2012
      Miami, Florida

Respectfully submitted,

s/Elizabeth B. Honkonen
Richard H. Critchlow, Esq.
(Florida Bar No. 155227)
rcritchlow@knpa.com
Elizabeth B. Honkonen, Esq.
(Florida Bar No. 149403)
ehonkonen@knpa.com

**KENNY NACHWALTER, P.A.**
201 South Biscayne Boulevard, Suite 1100
Miami, Florida  33131-4327
Telephone:     (305) 373-1000
Facsimile:     (305) 372-1861

- and -

William A. Brewer III
(admitted *pro hac vice*)
wab@bickelbrewer.com
James S. Renard
(admitted *pro hac vice*)
jsr@bickelbrewer.com
Jack G. B. Ternan
(admitted *pro hac vice*)
jgt@bickelbrewer.com

**BICKEL & BREWER**
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201
Telephone:     (214) 653-4000
Facsimile:     (214) 653-1015

**COUNSEL FOR DEFENDANTS SETAI OWNERS LLC, TREVI LUXURY HOSPITALITY GROUP, INC. AND SMB MANAGEMENT LLC**

## **CERTIFICATE OF SERVICE**

**I certify** that on September 17, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                s/Elizabeth B. Honkonen

**SERVICE LIST**
*GHM (South Beach LLC) v. Setai Owners LLC, et al.*
**CASE NO. 1:12-cv-21932-KMM/TORRES**
**United States District Court, Southern District of Florida**

Kenneth R. Hartmann, Esq. (Florida Bar No. 664286)
krh@kttlaw.com
Daniel F. Benavides, Esq. (Florida Bar No. 81675)
dfb@kttlaw.com
Douglas A. Wolfe, Esq. (Florida Bar No. 28671)
daw@kttlaw.com
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida  33134
Telephone:     (305) 372-1800
Facsimile:      (305) 372-3508
*Counsel for Plaintiff*
**[VIA CM/ECF]**

Richard H. Critchlow, Esq. (Florida Bar No. 155227)
rcritchlow@knpa.com
Elizabeth B. Honkonen, Esq. (Florida Bar No. 149403)
ehonkonen@knpa.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
Suite 1100
Miami, Florida  33131-4327
Telephone:     (305) 373-1000
Facsimile:      (305) 372-1861
*Counsel for Defendants Setai Owners LLC, SMB Management LLC and Trevi Luxury Hospitality Group, Inc.*
**[VIA CM/ECF]**

William A. Brewer, III (admitted *pro hac vice*)
wab@bickelbrewer.com
James S. Renard (admitted *pro hac vice*)
jsr@bickelbrewer.com
Jack G. Ternan (admitted *pro hac vice*)
jgt@bickelbrewer.com
Bickel & Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201
Telephone:     (214) 653-4000
Facsimile:      (214) 653-1015
*Counsel for Defendants Setai Owners LLC, SMB Management LLC and Trevi Luxury Hospitality Group, Inc.*
**[VIA CM/ECF]**