UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 12-cv-21932-KMM

GHM (SOUTH BEACH) LLC,

    Plaintiff,
v.

SETAI OWNERS LLC, TREVI LUXURY
HOSPITALITY GROUP, INC., and SMB
MANAGEMENT LLC,

    Defendants.
_____/

**REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

Plaintiff, GHM (South Beach) LLC, hereby files this reply in support of its Motion to Compel Discovery [D.E. 44] (the "Motion to Compel"), and states:

Pursuant to Federal Rule of Civil Procedure 26(d), discovery in this case commenced nearly two months ago, on July 19, 2012. The Court has not granted any stay of discovery or of any portion of these proceedings. No protective orders or other dispositive rulings have been entered in this case. To the contrary, notwithstanding the Defendants' previous request to stay discovery [D.E. 36], this Court entered a Scheduling Order requiring that discovery in this matter must be completed by May 6, 2013 [D.E. 40] — now fewer than eight months from today.

The Defendants argue that the mere existence of their pending (1) Motions to Dismiss and (2) Motion for Stay of Proceedings and Motion for Protection (the "Motion for Stay/Protection") authorizes them to unilaterally impose a de facto stay of all discovery until the motions are decided. The Defendants have refused to respond to any of Plaintiff's Requests for Admissions and Interrogatories. Moreover, although the Defendants previously agreed to

produce limited documentation that they believe would be discoverable in a purported arbitration, to date and despite repeated requests, the Defendants have failed to deliver <u>any</u> documents to Plaintiff. The Defendants have also stonewalled third party discovery, advising certain third-party witnesses not to respond to Plaintiff's subpoenas.

Contrary to the Defendants' assertion, the mere existence of pending motions does not justify their refusal to engage in discovery. With respect to the Motions to Dismiss, this Court has previously ruled that where there is good reason to question whether a party will prevail on its motion to dismiss or when a pending motion to dismiss will not result in resolution of the entire case, a stay of discovery would be inappropriate. *S.K.Y. Mgmt. LLC v. Greenshoe, Ltd.,* No. 06-21722-CIV, 2007 WL 2021258 (S.D. Fla. Jan. 24, 2007). The Plaintiff filed responses to each of the Defendants' Motions to Dismiss, and is confident that this Court will find that the Motions are without merit. Nevertheless, in the unlikely event that this Court grants the Motions, the Defendants admit that their Motions to Dismiss will not completely dispose of this case. *See* D.E. 52 at 1 ("Additionally, Defendants have moved to dismiss **nearly** all of Plaintiff's claims."); D.E. 52 at 5 ("Owner has moved to dismiss **all but two** of the claims asserted by Plaintiff.") (emphasis added). Accordingly, the Defendants' refusal to respond to discovery because of the pending Motions to Dismiss is not warranted.

Likewise, the Defendants may not refuse to respond to discovery based upon their filing of their Motion for Stay/Protection. As a threshold matter, a motion to stay discovery or for a protective order is not self-executing. *See, e.g., Omega Patents, LLC v. Fortin Auto Radio, Inc.,* 2006 WL 2038534 (M.D. Fla. 2006). Accordingly, discovery must proceed until this Court grants relief.

Moreover, as further discussed in the Plaintiff's Response to the Motion for Stay/Protection [D.E. 50], the Defendants' Motion is premature and without merit. The issues of remand and arbitrability have been fully briefed by both parties in connection with the Plaintiff's Motion to Remand [D.E. 4], which is pending before this Court. The Court has not yet ruled on the Motion to Remand and has <u>not</u> yet referred Plaintiff's breach of contract claim against Setai Owners to arbitration.[1] Therefore, it is procedurally premature to ask the Court to stay proceedings or discovery pending an arbitration that has not yet been ordered. It is even more premature to proceed as though the Court has already entered the requested stay and to refuse to respond to discovery.

Finally, the Defendants note they cannot also serve discovery without risking a waiver of their right to arbitration. The Defendants' own strategic decision not to serve discovery upon the Plaintiff until the Court rules upon the issues of remand and arbitrability is not an appropriate basis to refuse to respond to the Plaintiff's discovery requests, or to refuse to allow the Plaintiff to take third-party discovery. It was the Defendants who removed this case to this Court and the Defendants should be compelled to comply with its rules. Until the Court enters a protective order, remands this case, or otherwise enters an order staying discovery, the Defendants must respond to the Plaintiff's discovery requests and allow the Plaintiff to take third-party discovery. Accordingly, this Court should grant the Plaintiff's Motion to Compel.

Respectfully submitted on September 17, 2012.

---

[1] In addition to the breach of contract claim against Setai Owners, which the Defendants contend is arbitrable, the Plaintiff has brought several independent and non-arbitrable tort claims against Setai Owners and the other Defendants. Irrespective of whether the Court decides to refer Plaintiff's breach of contract claim to arbitration, the non-arbitrable claims will proceed before this Court, and should not be stayed pending arbitration. *See* Plaintiff's Response to Motion for Stay/Protection [D.E. 50].

CASE NO.: 12-cv-21932-KMM

KOZYAK TROPIN & THROCKMORTON, P.A.
Counsel for Plaintiff
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800/Fax: (305) 372-3508

By: /s/Daniel F. Benavides
  Kenneth R. Hartmann
  Florida Bar No. 664286
  Daniel F. Benavides
  Florida Bar No. 81675
  Douglas A. Wolfe
  Florida Bar. No. 28671

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing served via electronic mail this 17th day of September, 2012 to all parties on the attached service list.

By: /s/Daniel F. Benavides
  Kenneth R. Hartmann
  Florida Bar No. 664286
  Daniel F. Benavides
  Florida Bar No. 81675
  Douglas A. Wolfe
  Florida Bar. No. 28671

CASE NO.: 12-cv-21932-KMM

# SERVICE LIST

*GHM (South Beach LLC) v. Setai Owners, LLC, et al.*
**CASE NO. 12-cv-21932-KMM**
**United States District Court, Southern District of Florida**

Richard H. Critchlow, Esq. (Florida Bar No. 155227)
rcritclow@knpa.com
Elizabeth B. Honkonen, Esq. (Florida Bar No. 149403)
ehonkonen@knpa.com
Kenny Nachwalter, P.A.
201 South Biscayne Blvd.
Suite 1100
Miami, FL  33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
*Counsel for Defendants*

William A. Brewer, III
wab@bickerbrewer.com
James S. Renard,
jsr@bickerbrewer.com
Jack G. Ternan
jgt@bickerbrewer.com
Bickel & Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015
*Counsel for Defendants*