IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-cv-21932-KMM

GHM (SOUTH BEACH) LLC, a
Delaware limited liability company,

    Plaintiff,

vs.

SETAI OWNERS LLC, a Delaware limited
liability company, TREVI LUXURY
HOSPITALITY GROUP, INC., a Texas
Corporation, and SMB MANAGEMENT
LLC, a Florida limited liability company,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANTS' MOTION TO STAY

THIS CAUSE came before the Court upon Plaintiff's Motion to Remand (ECF No. 4) and Defendants' Motion to Stay (ECF No. 42). The Parties filed Responses (ECF Nos. 21 & 50) and Replies (ECF Nos. 14 & 53). The Motions are now ripe for review. UPON CONSIDERATION of the Motions, the Responses, the Replies, the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

## I. BACKGROUND[1]

This is an action for breach of contract and various theories of liability based on the manner in which the contract was breached and the parties' subsequent conduct. Plaintiff is a limited liability company organized under the laws of Delaware with its principal place of business in Florida. Defendant Setai Owners, LLC ("Owner") is a limited liability company

---

[1] The facts herein are taken from Plaintiff's Complaint (ECF No. 1-2), Plaintiff's Motion to Remand, Defendants' Response, and Plaintiff's Reply.

1

organized under the laws of Delaware with its principal place of business in New York. Defendant SMB Management LLC ("SMB") is a limited liability company organized under the laws of Florida with its principal place of business in New York. SMB is a wholly owned subsidiary of Owner. Defendant Trevi Luxury Hospitality Group, Inc. ("Trevi") is a corporation organized under the laws of Texas with its principal place of business in Texas.

Owner is the developer and primary owner of the Setai Resort & Residences (the "Hotel") located in Miami Beach, Florida. On March 20, 2000, Owner and General Hotel Management, Ltd. ("GHM"), a British Virgin Islands company with its principal place of business in Singapore, entered into an agreement for the management of the Hotel (the "Management Agreement"). The Management Agreement contains an arbitration provision which states

> This Agreement shall be governed and interpreted in accordance with the laws of the State of Florida and the United States of America. The parties agree that in all matters relating to this Agreement, whether during substance or after its termination, and also in all matters concerning the provisions of this Agreement where any question or dispute or difference shall be settled in mutual good faith. In case of failure by the parties to reach an amicable settlement, such difference or dispute shall be finally settled through a Board of Arbitrators in accordance with the Rules of Conciliation and Arbitration of the International Chamber of Commerce. The venue of the arbitration shall be Dade County, Florida.

On January 13, 2005, the Management Agreement was assigned by GHM to Plaintiff. Plaintiff is a wholly owned subsidiary of an affiliate of GHM. Plaintiff's only business was managing the Hotel.

In the early morning hours of March 31, 2012, Owner utilized security personnel to remove Plaintiff and its agents from the Hotel. Owner informed GHM and Plaintiff that it was terminating the Management Agreement "effective immediately." Owner alleges that it had the right to terminate the Management Agreement due to GHM and Plaintiff's subordination,

misappropriation, and mismanagement of the Hotel. Plaintiff claims that before Owner's "raid" of the Hotel, it was not given any notice of Owner's intent to terminate the Management Agreement or an opportunity to cure any default. Plaintiff also alleges that the Defendants unlawfully solicited Plaintiff's employees that worked at the Hotel to work for them. Plaintiff claims that subsequent to the termination of the Management Agreement, Owner engaged in a "libelous marketing and public relations campaign to attempt to justify its actions at the expense of [Plaintiff's] name and reputation." Additionally, Plaintiff alleges that Defendants seized assets, including trade secrets and proprietary information of Plaintiff, that were stored at the Hotel and have refused to return these assets to Plaintiff.

On the same day, Owner initiated arbitration against GHM and Plaintiff in the International Court of Arbitration of the International Chamber of Commerce located in Paris, France. In the arbitration, Owner seeks to recover damages for the alleged mismanagement of the Hotel and a declaration that Owner's termination of the Management Agreement was proper.

On May 2, 2012, Plaintiff filed the instant action in state court. Plaintiff additionally joined SMB and Trevi, the new manager of the Hotel. In its Complaint, Plaintiff alleges claims of breach of contract against Owner (Count I); breach of duty of good faith and fair dealing against Owner (Count II); declaratory relief against Owner (Count III); tortious interference with business relationships against all Defendants (Count IV); tortious interference with business relationships against all Defendants (Count V); tortious interference of business relationships against Trevi (Count VI); violation of the Florida Trade Secrets Act against all Defendants (Count VII); defamation against Owner (Count VIII); conversion against all Defendants (Count

IX); conversion of business interest against Trevi and SMB (Count X); conspiracy against all Defendants (Count XI); and willful and wanton termination against Owner (Count XII).[2]

On May 23, 2012, Owner removed the instant action to this Court pursuant to 28 U.S.C. § 1331 and 9 U.S.C. §§ 203, 205, which provide for removal and federal subject matter jurisdiction for proceedings to enforce agreements for international arbitration.

## II. ANALYSIS

### A. Plaintiff's Motion to Remand

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards was implemented by Congress and is enforceable under United States law pursuant to 9 U.S.C. §§ 202–208 (the "Convention"). See Bautista v. Star Cruises, 396 F.3d 1289, 1297 (11th Cir. 2005).[3] On a motion to remand, the removing party bears the burden of showing the existence of federal jurisdiction. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). Pursuant to section 203, this Court has original jurisdiction over disputes arising under the Convention.[4] Section 205 of the Convention states that "[w]here the subject matter of an action or proceeding in State court relates to an arbitration agreement or award falling under the Convention, the defendant . . . may, at any time before trial thereof, remove such action . . . ." 9 U.S.C. § 205.[5] Courts have interpreted four jurisdictional prerequisites for removing a state action under the Convention:

---

[2] Plaintiff has also asserted these claims in the pending arbitration in response to Owner's Request for Arbitration. See Ans. to Request for Arbitration (ECF No. 42-11).

[3] The Federal Arbitration Act ("FAA") implements the United States' adoption of the Convention. See Sea Bowld Marine Grp., LDC v. Oceanfast Pty, LTD, 432 F. Supp. 2d 1305 1308-09 (S.D. Fla. 2006) (citing Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 154 (3d Cir. 2001)).

[4] Specifically, 9 U.S.C. § 203 provides: "An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such action or proceeding, regardless of the amount in controversy."

[5] 9 U.S.C. § 205 further provides that the "procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal."

"(1) there is an international agreement in writing to arbitrate the dispute; (2) the agreement provides for arbitration in the territory of a Convention signatory; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen." Lobo v. Celebrity Cruises, Inc., 426 F. Supp. 2d 1296 (S.D. Fla. 2006) (quoting Francisco v. STOLT Achievement, 293 F.3d 270, 273 (5th Cir. 2002)). As the U.S. Court of Appeals for the Eleventh Circuit has stated, "Section 205 does not require a district court to review the putative arbitration agreement—or investigate the validity of the signatures thereon—before assuming jurisdiction: The language of § 205 strongly suggests that Congress intended that district courts continue to be able to assess their jurisdiction from pleadings alone." Bautista, 396 F.3d at 1301 (quoting Beiser v. Weyler, 284 F.3d 665, 671 (5th Cir. 2002)).

Here, Defendants have sufficiently pled the four prerequisites in their Notice of Removal in order to pass the jurisdictional threshold. See Resp., at 8-10; Notice of Removal (ECF No. 1). Indeed, Plaintiff does not challenge that the prerequisites for removal have been met in its Motion. Nor does Plaintiff challenge that claims concerning the Management Agreement are subject to the arbitration provision. However, Plaintiff does challenge the enforceability of the arbitration clause in the Management Agreement by alleging Owner waived its right to compel arbitration. As a result, Plaintiff claims this Court should enjoin arbitration and remand the instant action to state court because there is no longer a basis for federal jurisdiction. See Mot. to Remand, at 4-7.

A court "must order arbitration unless (1) the four jurisdictional prerequisites are not met or (2) one of the Convention's affirmative defenses applies." Bautista, 396 F.3d at 1294-95.[6]

---

[6] The Convention provides that "[a] court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States." 9 U.S.C. § 206

5

When determining when a party can compel arbitration under the Convention, a court conducts "a very limited inquiry." Id. at 1294. The limited inquiry required by a court is "colored by a strong preference for arbitration." Id. at 1301. The Convention requires courts to enforce an arbitration clause unless the agreement is "null and void, inoperative or incapable of being performed." Convention, art. II(3). The Eleventh Circuit has held that the Convention's "null and void" clause must be interpreted to only encompass those situations that can be applied neutrally on an international scale, such as fraud, duress, mistake and waiver. Allen v. Royal Caribbean Cruise, Ltd., No. 08-CV-22014, 2008 WL 5095412, at *5 (S.D. Fla. Sept. 30, 2008) (citing Bautista, 396 F.3d at 1302).

Plaintiff asserts the affirmative defense of waiver against the enforcement of the arbitration clause. Plaintiff alleges that Owner waived its right to enforce the arbitration provision by: (1) failing to meet the conditions precedent to initiate arbitration; and (2) acting inconsistent with the right to arbitrate. See Mot. to Remand, at 4-7. The Court addresses each of these arguments in turn.

In Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79 (2002), "the Supreme Court laid out the respective responsibilities of courts and arbitrators, absent an agreement to the contrary." Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1107 (11th Cir. 2004). In reviewing an arbitration issue, the Supreme Court stated that "procedural questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide." PTA-FLA, Inc. v. ZTE USA, Inc., No. 11-CV-510J32JRK, 2011 WL 5024647, at *2 (M.D. Fla. Oct. 21, 2011) (quoting Howsam, 537 U.S. at 84). The Supreme Court also established a presumption that "the arbitrator should decide 'allegation[s] of waiver, delay, or a like defense to arbitrability.'" Id. (quoting Howsam, 537 U.S. at 84). The Eleventh Circuit, like

most of the other circuit courts, has further defined "'waiver' as referring not to conduct-based waiver, but to a 'defense[ ] arising from non-compliance with contractual conditions precedent to arbitration.'" See Grisby & Assocs., Inc. v. M Secs. Inv., 664 F.3d 1350, 1353 (11th Cir. 2011) (quoting Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 217-19 (3d Cir. 2007)). However, this role of the arbitrator is limited in that "when the waiver is specifically based on a party's conduct," such as "by earlier litigating in court," then it is a decision for the courts. Id. at 1353-54.

First, this Court declines to address Plaintiff's argument that Owner failed to follow the conditions precedent to initiating arbitration under the Management Agreement. Whether Owner failed to satisfy any conditions precedent to initiate arbitration, if there are any, is not for this Court to decide.[7] Pursuant to Howsam, "an 'arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled.'" 537 U.S. at 85; see also Klay, 376 F.3d at 1107. Therefore, an arbitrator must determine whether Owner is entitled to pursue arbitration based on its alleged failure to comply with conditions precedent to initiating arbitration.

Second, Plaintiff alleges that this Court should enjoin the arbitration proceeding because Owner acted inconsistent with its right to arbitrate. Mot. to Remand, at 7. Plaintiff claims Owner waived its right to arbitrate by ignoring the provisions in the Management Agreement and staging an armed takeover of the Hotel. To the extent that Plaintiff is arguing that Owner

---

[7] This Court rejects Plaintiff's claim that this Court should determine whether any conditions precedent have been met. Plaintiff relies solely on Kemiron Atl., Inc. v. Aguakem Int'l, Inc., 290 F.3d 1287 (11th Cir. 2002) to support its argument. Mot. to Remand, at 4-6. Kemiron was decided seven months prior to Howsam, and the Eleventh Circuit's subsequent decision in Klay has undermined Plaintiff's position. See PTA-FLA, Inc., No. 11-CV-510J32JRK, 2011 WL 5024647, at *3-4 (rejecting similar argument). This Court similarly rejects Plaintiff's claims that the Supreme Court's analysis in Howsam is not applicable to cases arising under the Convention. See Reply, at 3. This analysis comports with federal law's preference for agreements to arbitrate in the international commercial context. See Scherk v. Alberto-Culver Co., 417 U.S. 506 (1974).

7

engaged in a conduct-based waiver, then the determination is for this Court. See Grisby & Assocs., Inc., 664 F.3d at 1353-54. To determine if a party waived its right to arbitrate, a court must "first decid[e] if 'under the totality of the circumstances, the party has acted inconsistently with the arbitration right,' and, second, whether that party 'has in some way prejudiced the other party.'" Hiotakis v. Celebrity Cruises Inc., No. 10-CV-22954, 2011 WL 2148978, at *8 (S.D. Fla. May 31, 2011) (quoting Ivax Corp. v. B. Braun of Am., 286 F.3d 1309, 1315-16 (11th Cir. 2002)). "However, 'because federal law favors arbitration, any party arguing waiver of arbitration bears a heavy burden of proof.'" Id. (quoting Stone v. E.F. Hutton & Co., 898 F.2d 1542, 1543 (11th Cir. 1990)).

Under the above analysis, this Court finds that Owner did not waive its right to initiate arbitration. This results because the defense of waiver typically deals with situations where a party extensively participates in litigation or discovery and then subsequently attempts to initiate arbitration to the prejudice of the other party. See Skordilis v. Celebrity Cruises, Inc., No. 08-CV-22934, 2009 WL 129383, at *3 (S.D. Fla. Jan. 16, 2009) (holding that a defendant waived its right to initiate arbitration under the Convention after the defendant participated in state court litigation for fifteen months and removed the action on the eve of trial).[8] Here, no such waiver occurred because Owner filed a request for arbitration on the same day that it terminated the Management Agreement. This could hardly be interpreted as conduct inconsistent with the right to compel arbitration. Moreover, Plaintiff initiated the state action and Owner has not actively participated in litigation so pursuing arbitration will not prejudice Plaintiff. Thus, this Court rejects Plaintiff's assertion and finds that Owner has not waived its right to initiate arbitration.

---

[8] All of the cases cited by Plaintiff in support of its argument similarly deal with a party who waived its right to initiate arbitration because of extensive participation in a state action prior to removing and attempting to compel arbitration.

Therefore, Owner properly removed the instant action to federal court and did not waive its right to proceed with arbitration.[9]

B. Defendants' Motion to Stay

Defendants' Motion seeks to stay the proceedings pending the outcome of the arbitration or, in the alternative, a protective order from Plaintiff's discovery requests. Defendants allege that all claims against Owner are arbitrable and should be stayed because "[a]ll of the claims asserted by Plaintiff against Owner relate to the Agreement itself, whether Owner properly terminated the Agreement, or the rights of Owner and Plaintiff to particular property in light of the Management Agreement's express terms." Defs. Mot., at 10. Additionally, Defendants allege that all claims against SMB and Trevi should be stayed because "[a]ll such claims depend on a factual finding that Owner's termination of the Management Agreement with Plaintiff was in some way improper." Id. at 11.

Plaintiff argues that if this Court determines the claim against Owner for breach of contract should be stayed pending a ruling from the arbitration panel, then the other claims against Owner and all the claims against Trevi and SMB should still proceed in this Court. Pl. Resp., at 3-5. According to Plaintiff, these claims should not be stayed because they are non-arbitrable and "have nothing to do with whether or not Owner breached the Management Agreement." Id. at 4.

---

[9] Additionally, this Court denies Plaintiff's Motion to Permanently Enjoin or, in the Alternative, for a Preliminary Injunction Enjoining Defendant Setai Owners LLC from Proceeding with the Arbitration Filed Before the International Court of Arbitration of the International Chamber of Commerce ("Motion to Enjoin") (ECF No. 1-2) filed in state court prior to removal. In the Motion to Enjoin, Plaintiff presents the same arguments that it does in the Motion to Remand. Therefore, the Court denies Plaintiff's request for a permanent and preliminary injunction because Plaintiff cannot establish success on the merits of its claims.

9

First, this Court finds that the determination of whether all of the claims against Owner are arbitrable should be decided by the arbitration panel. "Generally, arbitrability is a question for the trial court—and not the arbitrator—unless the parties 'clearly and unmistakably' provide otherwise." Bhim v. Rent-A-Center, Inc., 655 F. Supp. 2d 1307, 1310 (S.D. Fla. 2009) (citing First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995)); see also Rent-A-Center, West, Inc. v. Jackson, 130 S. Ct. 2772, 2777 (2010) (stating that "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy"). However, "'[w]hen . . . parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator.'" Terminix Int'l Co. LP v. Palmer Ranch Ltd. P'ship, 432 F.3d 1327, 1332 (11th Cir. 2005) (quoting Contec Corp. v. Remote Solution Co., 398 F.3d 205, 208 (2d Cir. 2005)).

Here, the Parties explicitly provided that they were to submit any dispute under the Management Agreement to a "Board of Arbitrators in accordance with the Rules of Conciliation and Arbitration of the International Chamber of Commerce." Management Agreement, art. XXVI, § 1. These rules provide that the gateway determination of arbitrability of various disputes between parties shall be determined by an arbitration panel.[10] Thus, this Court finds clear and unmistakable evidence of the Parties' intent to delegate the issue of arbitrability of the claims to the arbitration panel. See Mercury Telco Grp., Inc. v. Empresa De

---

[10] Article 6(3) of these rules provides that "If any party against which a claim has been made [makes a challenge to the] scope of the arbitration agreement or concerning whether all of the claims made in the arbitration may be determined together in a single arbitration, the arbitration shall proceed and any question of jurisdiction or of whether the claims may be determined together in that arbitration shall be decided directly by the arbitral tribunal . . . ." International Chamber of Commerce, Rules of the International Court of Arbitration, art. 6(3).

Telecommunicaciones De Bogota, 670 F. Supp. 2d 1350 (S.D. Fla. 2009) (holding that the arbitration panel should decide arbitrability because the parties agreed to apply the rules of the Arbitration and Conciliation Center of the Bogota Chamber of Commerce). Therefore, this Court determines that all claims against Owner should be stayed while the arbitration panel determines the arbitrability of Plaintiff's claims. See Klay, 389 F.3d at 1203–04 ("For arbitrable issues, the language of [9 U.S.C. § 3] indicates that the stay is mandatory.").

Second, this Court determines that all claims against SMB and Trevi should be stayed pending a decision by the arbitration panel. In determining whether to grant a stay in cases involving both arbitrable and non-arbitrable claims, the Eleventh Circuit has held

> When confronted with litigants advancing both arbitrable and nonarbitrable claims, however, courts have discretion to stay nonarbitrable claims. In this instance, courts generally refuse to stay proceedings of nonarbitrable claims when it is feasible to proceed with the litigation. Crucial to this determination is whether arbitrable claims predominate or whether the outcome of the nonarbitrable claims will depend upon the arbitrator's decision.

Klay, 389 F.3d at 1203–04.

Here, the issues that are arbitrable clearly dominate over the non-arbitrable claims. This Court rejects Plaintiff's interpretation of its claims and finds that the central focus of all the claims depends on interpreting Plaintiff's and Owner's rights and obligations under the Management Agreement. This results because the non-arbitral claims depend upon findings that the arbitration panel will make with regard to the arbitrable claims. See FusionStorm, Inc. v. Presidio Networked Solutions, Inc., No. 11–CV–1969T33AEP, 2012 WL 1854277, at *11 (M.D. Fla. May 21, 2012). It appears that Plaintiff's claims against Trevi and SMB would all fail if the arbitration panel determines that Owner is not liable for terminating the Management Agreement or that Owner has an interest in certain property under the Management Agreement. These

11

factual inquiries and findings are germane to the claims against Trevi and SMB.[11] Thus, in order to prevent duplicative proceedings and preserve judicial resources, the non-arbitrable claims will be stayed pending the resolution of the claims referred to arbitration. See e.g., Branch v. Ottinger, No. 11-14807, 2012 WL 2527023, at *3 (11th Cir. July 2, 2012); Ben-Yishay v. Mastercraft Dev., LLC, 553 F. Supp. 2d 1360 (S.D. Fla. 2008).

Therefore, this Court determines that both the arbitrable and non-arbitrable claims shall be stayed pending a decision by the arbitration panel.[12]

### III. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (ECF No. 4) is DENIED. It is further

ORDERED AND ADJUDGED that Defendants' Motion for Stay of Proceedings and Motion for Protection (ECF No. 42) is GRANTED IN PART. This matter is hereby STAYED. The Parties are instructed to file a notice with this Court within fourteen (14) days of a final decision by the arbitration panel. The Clerk of the Court is instructed to administratively CLOSE this case. All pending motions are DENIED AS MOOT.

---

[11] See Hudson Global Res. Mgmt., Inc. v. Beck, No. 805-CV-1446T27TBM, 2006 WL 1722353, at *6 (M.D. Fla. June 20, 2006) ("A nonsignatory or non-party to an arbitration agreement may be entitled to a stay of claims pending arbitration if the claims against it are intimately founded in and intertwined with the underlying contract obligations and if they are based on the same operative facts and are inherently inseparable from the claims against a party or signatory.").

[12] In determining that the instant action should be stayed pending a decision by the arbitration panel, this Court declines to address Defendants' arguments concerning a protective order.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of September, 2012.

/s/ K. M. Moore
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record