UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 12-cv-21932-KMM/TORRES

GHM (SOUTH BEACH) LLC, a Delaware
limited liability company,

    Plaintiff,

v.

SETAI OWNERS LLC, a Delaware limited
liability company, TREVI LUXURY
HOSPITALITY GROUP, INC., a Texas
corporation, and SMB MANAGEMENT
LLC, a Florida limited liability company,

    Defendants.
_____/

**PETITION TO CONFIRM FINAL ARBITRAL AWARD
AND MOTION TO REMAND REMAINING CLAIMS TO STATE COURT**

Plaintiff, GHM (SOUTH BEACH) LLC ("GHM") petitions this Court for confirmation of a final international arbitral award (*See Exhibit "A"*) and for entry of final judgment in its favor and against Setai Owners LLC ("Owner"). GHM also requests the remaining case be remanded to state court to proceed against defendants not participating in the arbitration.

**BACKGROUND**

Owner is the primary owner of the Setai Resort & Residences (the "Hotel") located in Miami Beach, Florida. On March 20, 2000, Owner and General Hotel Management, Ltd., a British Virgin Islands company with its principal place of business in Singapore, entered into an agreement for the management of the Hotel (the "Management Agreement"). (DE 55) The Management Agreement contains an arbitration provision, which states:

    This Agreement shall be governed and interpreted in accordance
    with the laws of the State of Florida and the United States of

> America. The parties agree that in all matters relating to this Agreement, whether during substance or after its termination, and also in all matters concerning the provisions of this Agreement where any question or dispute or difference shall be settled in mutual good faith. In case of failure by the parties to reach an amicable settlement, such difference or dispute shall be finally settled through a Board of Arbitrators in accordance with the Rules of Conciliation and Arbitration of the International Chamber of Commerce. The venue of the arbitration shall be Dade County, Florida. (*See Exhibit "B," at p.21*)

On January 13, 2005, the Management Agreement was assigned by General Hotel Management Ltd. to its affiliate, GHM, the plaintiff in this case. (*Exhibit "C"*). GHM managed the Hotel from the time it opened.

In the early morning hours of March 31, 2012, Owner forcibly removed GHM from the Hotel. *(Exhibit "A")*. Owner informed GHM that it was terminating the Management Agreement "effective immediately." *Id*. On the same day, Owner initiated arbitration against GHM and General Hotel Management Ltd. in the International Court of Arbitration of the International Chamber of Commerce located in Paris, France. *Id*. In the arbitration, Owner sought to recover damages for alleged mismanagement of the Hotel, and a declaration that Owner's termination of the Management Agreement was proper. *Id*.

On May 2, 2012, GHM filed the instant action in state court. GHM alleged a variety of claims against Owner for breach of contract and various theories of liability based on the manner in which the contract was breached and the Owner's subsequent conduct. *Id.* GHM's state court complaint also named other defendants, not parties to the arbitration agreement, and asserted tort claims against them. (D.E. 01, Exhibit 1).

On May 23, 2012, Owner removed the instant action to this Court pursuant to 28 U.S.C. § 1441 and 9 U.S.C. §§ 203, 205, which provide for removal and federal subject matter jurisdiction for proceedings to enforce agreements for international arbitration. *Id.*

Shortly after removal, Owner filed a motion to stay this matter pending the outcome of the arbitration; GHM moved to remand to state court. On September 20, 2012, this Court granted the motion to stay pending arbitration between GHM and Owner, and denied GHM's motion to remand. GHM's claims against the other defendants, Trevi Luxury Hospitality Group, Inc. ("Trevi") and SMB Management LLC ("SMB") were stayed (D.E. 55). Those claims were not heard in the arbitration. *(Exhibit "A")*.

The Court's September 20, 2013 Order also ordered the parties to file a notice with the Court within 14 days of final decision by the arbitration panel. (DE 55).

Owner's arbitration claim named both GHM and its affiliate, General Hotel Management Ltd. as respondents. Both respondents asserted counterclaims against Owner.

On June 12, 2014, the Tribunal issued a final award finding Owner liable for breach of the parties' Hotel Management Agreement. (*Exhibit "A"*). The Tribunal awarded damages in the amount of $7,490,505.42 together with simple interest at the rate of 4.75% from April 1, 2012 until the date of payment. (*Exhibit "A," at p. 46*). As of June 20, 2014, the accrued interest amounts to $769,110.73.[1] The Tribunal also awarded arbitration expenses in the amount of $4,208,429.59. *Id.* The total amount awarded effective on June 20, 2014 is $12,468,045.74.

The Final Award is in favor of both GHM and its affiliate, General Hotel Management Ltd.; both entities were respondents/counterclaimants in the arbitration. *(Exhibit "A")*. Accordingly, the Court should add General Hotel Management Ltd., which is not presently a party in the federal case, as a party to the judgment in order to effectuate the Final Award, pursuant to Rules 21 and 25(c), Federal Rules of Civil Procedure.

---

[1] Pursuant to the terms of the award interest accrues at a rate of $974.7918 per day.

3

## ARGUMENT

The Tribunal's Award was made subject to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 reprinted in 9 U.S.C. § 201 note (the "New York Convention"), which is incorporated into the laws of the United States by Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208. The grounds for opposing confirmation of New York Convention awards are limited, and the party opposing enforcement bears the burden of proving the applicability of one of the specified grounds for non-enforcement of the Award. *See* Article V of the New York Convention. Owner cannot establish a valid reason for this Court to refuse to recognize and enforce the Award. Accordingly, the Award should be confirmed, and in the event Owner contests such confirmation GHM should be awarded its attorneys' fees and costs incurred in confirming the Award.

Section 207 of the Federal Arbitration Act governs the confirmation of arbitral awards, which satisfy the jurisdictional requirements of the New York Convention. Section 207 provides:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C. § 207. This Court should confirm the Award because it is subject to the New York Convention, and none of the limited grounds permitted under the Convention for the refusal or deferral of recognition or enforcement are applicable.

**A. The Parties' Claims Were Properly Subject to Arbitration.**

4

Because Owner initiated the Arbitration and represented to this court that all claims against it are arbitrable, it cannot dispute that the parties' claims were subject to arbitration. (See DE 55, at p.9)

### B. The Arbitration Award Constitutes an Award Properly Subject to the New York Convention.

When Owner removed this matter from state court it argued that removal is proper because "the subject matter of the State Court Action relates to an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards." (DE 1 at p. 13). Owner initiated and actively participated in the arbitration proceeding. Owner cannot now argue that the award does not fall under the New York Convention.

### C. None of the Limited Grounds for the Refusal or Deferral of Recognition of Foreign Arbitral Awards Is Present.

1. <u>The Burden on a Party Resisting Confirmation of a Foreign Award Is High.</u>

Courts in the U.S. have long recognized the "general pro-enforcement bias informing the Convention." *Parsons & Whittemore Overseas Co. v. Societe Generale de L'Industrie du Papier (RAKTA),* 508 F.2d 969, 973 (2d Cir. 1974); *see also Industrial Risk Insurers v. M.A.N Gutehoffnungshutte GmbH,* 141 F.3d 1434, 1440 (11th Cir. 1998) (recognizing intent of the U.S. in adopting the Convention was to "encourage the recognition and enforcement of international arbitral awards" (quotation marks omitted)). *The* Eleventh Circuit has stated that "[t]he Convention, and American enforcement of it through the FAA, 'provide[] businesses with a widely used system through which to obtain domestic enforcement of international commercial arbitration awards resolving contract and other transactional disputes, subject only to minimal standards of domestic judicial review for basic fairness and consistency with national public policy." *Id.* (quotation marks omitted; citation omitted; first bracket added).

5

Article V of the Convention lists seven grounds on which the recognition and enforcement of an award may be refused. *See Industrial Risk,* 141 F.3d at 1441 n.8 (quoting Article V). "The party opposing enforcement has the burden of proving the existence of one of these enumerated defenses." *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.,* 156 F.3d 310, 313 (2d Cir. 1998); *see also First State Ins. Co. v Banco de Segllros del Estado,* 254 F.3d 354 (1st Cir. 2001). This "burden is substantial because '[t]he public policy in favor of international arbitration is strong.' *Ministry of Def. of the Islamic Republic of Iran v. Gould, Inc.,* 969 F.2d 764, 770 (9th Cir. 1992) (citation omitted); *see also First State,* 254 F.3d at 357 ("[R]eview of arbitration decisions by the courts is 'extremely narrow and exceedingly deferential"). In adopting the Convention, Congress stated that a court "shall" enforce an award unless the party opposing enforcement proves one of these defenses. *See* 9 U.S.C. § 207.

U.S. courts have recognized that the Article V defenses are the exclusive grounds upon which a party can oppose enforcement of an award under the New York Convention. *See Slaney v. Int'l Amateur Athletic Fed'n,* 244 F.3d 580, 588 (7th Cir. 2001) (award "must be enforced unless the party against whom enforcement is sought presents evidence that one of the limited defenses enumerated under Article V of the Convention is applicable"); *see also Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,* 364 F.3d 274, 288 (5th Cir. 2004); *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.,* 126 F.3d 15, 20 (2d Cir. 1997). In keeping with the pro-enforcement bias underlying the Convention, the Article V defenses are construed narrowly. *See Karaha Bodas,* 364 F.3d at 288 ("Defenses to enforcement under the New York Convention are construed

narrowly."); *Parsons & Whittemore,* 508 F.2d at 976 ("[A] narrow construction would comport with the enforcement-facilitating thrust of the [New York] Convention.").

    2.  <u>Owner Cannot Meet Its Burden.</u>

None of the seven grounds for refusing enforcement of an Award under Article V of the Convention exists in this case.

First, neither party was under some incapacity, and the parties' agreement to arbitrate is clearly valid under Florida law, as is reflected in the fact that Owner is the party that initiated the arbitration.

Second, Owner was given proper notice of the appointment of the arbitrators and was permitted ample opportunity to present its case, both in written memorials of unlimited length and over the course of weeks of live hearings. (*Exhibit "A," pp. at 2-8*).

Third, the Award is limited in scope only to those issues raised by the parties and properly subject to arbitration under the terms of the parties' arbitration clause.

Fourth, the composition of the arbitral Tribunal was in accordance with the agreement of the parties, and no party objected at any time to said composition. *Id.* at 2.

Fifth, the Award became binding on the parties immediately when issued and has not been set aside under Florida law.[2]

Sixth, the subject matter of the parties' dispute is clearly capable of settlement by arbitration, as is again reflected in the fact that Owner is the party that initiated the arbitration.

Seventh and finally, recognition and enforcement of the Award would be in keeping with public policy in the United States, which favors the honoring of parties' contractual

---

[2] *See* ICDR Rules, Art. 27(1) ("Awards shall be made in writing, promptly by the tribunal, and shall be final and binding on the parties. The parties undertake to carry out any such award without delay.").

agreements, and would not be contrary to any "explicit public policy" that is "well-defined and dominant... [and is] ascertained 'by reference to the laws and legal precedents and not from general consideration of supposed public interests.'" *Industrial Risk,* 141 F.3d at 1445 (alterations in original).

### D. Owner Should Be Required to Pay GHM's Fees and Costs If it Challenges Enforcement of the Award.

This Court should award GHM its attorneys' fees and costs incurred in connection with its petition to confirm the Award because Owner has no legitimate basis to oppose confirmation of the Award. Where a party mounts a meritless challenge to the enforcement of an arbitral award, it is required to bear the arbitration-winner's costs of enforcement, including reasonable attorneys' fees. *See B.L. Harbert Int'l LLC v. Hercules Steel Co.,* 441 F.3d 905, 913 (11th Cir. 2006); *Deitchman v. Bear Stearns Securities Corp.*, 2007 WL 4592238, at *7 (S.D. Fla. 2007) (warning that "if a party on the short end of an arbitration award attacks that award in court without any real legal basis for doing so, that party should pay sanctions"); *Widell v. Wolf,* 43 F.3d 1150, 1151-52 (7th Cir. 1994) ("[A]wards of attorneys' fees are readily available when one side refuses to accept an arbitrator's award and loses")

### E. Renewal of Motion to Remand

Owner removed this case from state court based on the arbitration clause in the contract between GHM and Setai Owners, LLC pursuant to 9 U.S.C. 205 and 28 U.S.C. § 1441. The arbitration has concluded. The state court complaint (D.E. 1, Exhibit 1) contains claims against defendants other than Owners who were not participants in the arbitration. Based on the allegations in the Complaint, there is no basis for federal jurisdiction as to GHM's remaining claims against the non-arbitrating defendants Trevi and SMB.

Accordingly, upon confirming the Final Award and entering judgment against Owner, the case should be remanded to state court pursuant to 28 U.S.C. § 1447 so that GHM may advance its claims against Trevi and SMB in the appropriate forum.

## CONCLUSION

For the reasons stated above, GHM respectfully requests that this Court enter a judgment in favor of GHM and General Hotel Management Ltd. confirming the Final Award and ordering that GHM be awarded its attorneys' fees and costs incurred herein, together with such other relief as this Court may deem appropriate.  Upon entry of the judgment the remaining claims in the case should be remanded to state court.

Respectfully submitted,

KOZYAK TROPIN & THROCKMORTON, P.A.
Counsel for Plaintiff
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800


By:____/s/Kenneth R. Hartmann_____
　　　Kenneth R. Hartmann
　　　Florida Bar No. 664286
　　　Douglas A. Wolfe
　　　Florida Bar No. 28761
　　　Daniel F. Benavides
　　　Florida Bar No. 81675

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed this 19th day of June, 2014 with the Clerk of Court and was electronically served on counsel of record to all parties on the attached service list.


By: /s/Kenneth R. Hartmann_____
　　　Kenneth R. Hartmann

3515/106/354816.1

## **SERVICE LIST**

*GHM (South Beach LLC) v. Setai Owners, LLC, et al.*
**CASE NO. 12-cv-21932-KMM**
**United States District Court, Southern District of Florida**

Richard H. Critchlow, Esq. (Florida Bar No. 155227)
rcritclow@knpa.com
Elizabeth B. Honkonen, Esq. (Florida Bar No. 149403)
ehonkonen@knpa.com
Kenny Nachwalter, P.A.
201 South Biscayne Blvd.
Suite 1100
Miami, FL  33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
*Counsel for Defendant Setai Owners LLC*

Willliam A. Brewer, III
wab@bickerbrewer.com
James S. Renard,
jsr@bickerbrewer.com
Jack G. Ternan
jgt@bickerbrewer.com
Bickel & Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015
*Counsel for Defendant Setai Owners LLC*

3515/106/354816.1