UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:12-cv-21932-KMM / TORRES

GHM (SOUTH BEACH) LLC, a Delaware
limited liability company,

    Plaintiff,

v.

SETAI OWNERS LLC, a Delaware limited
liability company, TREVI LUXURY
HOSPITALITY GROUP, INC., a Texas
corporation, and SMB MANAGEMENT
LLC, a Florida limited liability company,

    Defendants.
_____/

**DEFENDANT SETAI OWNERS LLC'S RESPONSE IN OPPOSITION
TO PLAINTIFF GHM (SOUTH BEACH) LLC'S
PETITION TO CONFIRM FINAL ARBITRAL AWARD AND
MOTION TO REMAND REMAINING CLAIMS TO STATE COURT**

Defendant Setai Owners LLC ("Owner") files this Response in Opposition to Plaintiff's Petition to Confirm Final Arbitral Award and Motion to Remand Remaining Claims to State Court ("Motion") (D.E. 58), as follows:[1]

**I.**

**PRELIMINARY STATEMENT**

The Court previously stayed this action pending resolution of an international arbitration proceeding between Owner and Plaintiff GHM (South Beach) LLC ("GHM") pending before the

---

[1] The parties are close to reaching a settlement in this matter. However, Owner has chosen to file this response to the Motion rather than requesting an additional extension of the deadline for filing a response.

International Chamber of Commerce's International Court of Arbitration ("Arbitration"). The Arbitral Tribunal in the Arbitration issued a "Final Award" on June 12, 2014 ("Award").[2] GHM subsequently filed its Motion in this Court seeking a confirmation of the Award. However, after filing the Motion, GHM filed a request with the Arbitral Tribunal seeking to modify the Award. Owner contends that it would be inappropriate to enter a judgment confirming the Award until the Arbitral Tribunal has ruled on GHM's request to modify the Award. Indeed, Owner's response to GHM's request is not even due to be filed with the Arbitral Tribunal until July 31, 2014. Simply put, the Award is not yet final.

GHM's Motion also requests a remand to state court on the ground that "there is no basis for federal jurisdiction as to GHM's remaining claims against the non-arbitrating defendants Trevi and SMB."[3] GHM is simply incorrect. As the Court has already determined, there was jurisdiction over this matter at the time of removal. Moreover, the Court continues to have federal question jurisdiction and, even if the Court only has supplemental jurisdiction, remand would be improper. Accordingly, the Motion should be denied.

## II.

## ARGUMENT AND AUTHORITIES

**A.     The Court Should Deny As Premature The Petition To Confirm The Interim Arbitral Award.**

The Court should not enter a judgment based on the Award because GHM has requested that the Award be altered. As GHM admits, there are seven grounds on which the recognition

---

[2] The Award was attached as Exhibit A to the Motion.

[3] *See* Motion at 8.

and enforcement of an award may be refused, including that "the award has not yet become binding on the parties."[4] Under the applicable rules of the International Chamber of Commerce,[5] an award is not final when a party has requested a correction or clarification of that award within thirty days of its issuance.[6] GHM has requested an alteration to the Award,[7] and the Tribunal has granted Owner until July 31, 2014, to respond to GHM's request. Under the

---

[4] *See Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1441 n.8 (11th Cir. 1998) (listing the seven grounds for refusal to enforce an award, including "[t]he award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.").

[5] GHM refers to the rules of the International Centre for Dispute Resolution (ICDR) of the American Arbitration Association to assert that the award is final. *See* Motion at 7, n. 2. However, the Award and the Arbitration are governed by the 2012 Arbitration and ADR Rules of the International Chamber of Commerce (the "ICC Rules"). *See* Motion at Exhibit A (Award) at 4, ¶ 17 ("Pursuant to Article 23 of the ICC Rules, the Terms of Reference dated December 17, 2012 were transmitted to the Court on January 3, 2013. They provided, inter alia, that the place of the arbitration and locale of the hearings is Miami-Dade County, Florida, U.S.A.; that the language of the arbitration would be English; and that the ICC Rules amended and as in force from January 2012 would apply."); Motion at Exhibit B (Management Agreement) at 21, Article XXVI ("[S]uch difference or dispute shall be finally settled through a Board of Arbitrators in accordance with the Rules of Conciliation and Arbitration of the International Chamber of Commerce.").

[6] *See* ICC Rules at 37, Article 35, attached hereto as Exhibit A. Indeed, relying on an article from Gerald Aksen, the President of the Arbitral Tribunal who heard the Arbitration, courts have concluded that an award that can be appealed to an arbitral tribunal is not "binding" for purposes of the Convention. *See Fertilizer Corp. of India v. IDI Mgmt., Inc*., 517 F. Supp. 948, 957 (S.D Ohio 1981) ("We note the comment of Professor Gerald Aksen, General Counsel of the American Arbitration Association: The award will be considered 'binding' for the purposes of the Convention if no further recourse may be had to another arbitral tribunal (that is, an appeals tribunal)" (*citing G. Aksen*, American Arbitration Accession Arrives in the Age of Aquarius: United States Implements United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 3 Sw.U.L.Rev. 1, 11 (1971))).

[7] In order to preserve the confidentiality of the arbitration proceedings, Owner is not attaching GHM's request to this Response. However, to the extent that the Court seeks to view GHM's request to rule on this Motion, Owner will move to file the request under seal.

applicable ICC Rules, the Tribunal will then have up to thirty days to decide GHM's request.[8] Thus, the Award is not final, and the Court should not confirm the Award until the Tribunal in the Arbitration determines whether it will alter it.

Indeed, if the Court were to enter a judgment based on the current Award (as GHM requests in its Motion), GHM would have to then move to alter this Court's judgment in the event the Tribunal were to amend the Award. Accordingly, the Court should deny the petition to confirm the Award as premature. GHM should instead file another request once the Award (or any modified Award) becomes final.

**B.   General Hotel Management, Ltd. Must Either Appear Or Be Substituted As A Party In Order To Be Included In A Judgment.**

In a single sentence, the movant—GHM (South Beach) LLC—states that "the Court should add General Hotel Management Ltd., which is not presently a party in the federal case, as a party to the judgment in order to effectuate the Final Award, pursuant to Rules 21 and 25(c), Federal Rules of Civil Procedure."[9] General Hotel Management, Ltd. has not appeared as a party in this case and, therefore, it cannot be included in a judgment. Accordingly, Owner requests that the Court deny the request to include General Hotel Management, Ltd. in the judgment.

---

[8] *See* ICC Rules at 37, Article 35(2), attached hereto as Exhibit A.

[9] *See* Motion at 3.

### C. In The Event The Court Enters A Judgment, The Court Should Not Remand This Case To State Court.

In the Motion, GHM requests that the Court remand GHM's claims against Trevi and SMB to state court because "there is no basis for federal jurisdiction as to GHM's remaining claims against the non-arbitrating defendants Trevi and SMB."[10] GHM's request to remand this case to state court should be denied for three reasons.

<u>First</u>, the Court has jurisdiction over this matter because it relates to an arbitration agreement and award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").[11] Indeed, the Court already determined that it has jurisdiction over this matter when it denied GHM's prior motion to remand.[12] In the current Motion, GHM offers no basis for reconsideration of the finding that the Court had jurisdiction at the time of removal—which is the <u>only</u> relevant time for jurisdictional purposes.[13] Accordingly, the Motion should be denied.

<u>Second</u>, to the extent that GHM contends that there is "no basis for federal jurisdiction as to GHM's remaining claims against the non-arbitrating defendants Trevi and SMB," GHM is

---

[10] *See* Motion at 8.

[11] *See* 9 U.S.C. § 203; 9 U.S.C. § 205; *see also* Defendant Setai Owners LLC's Response in Opposition to Plaintiff's Motion to Remand [D.E. 21].

[12] *See* Order Denying Plaintiff's Motion to Remand and Granting Defendants' Motion to Stay [D.E. 55] at 5 ("Defendants have sufficiently pled the four prerequisities in their Notice of Removal in order to pass the jurisdictional threshold.").

[13] *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) ("The existence of federal jurisdiction is tested at the time of removal."); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("Finally, we note that for purposes of this challenge to the subject matter jurisdiction of the district court, the critical time is the date of

incorrect. The Court has federal question jurisdiction over <u>all</u> matters that relate to the arbitration proceeding or award.[14] As the Court has previously determined, an adjudication of the claims GHM asserts against Trevi and SMB will likely depend on the findings of the Arbitral Tribunal in the Award.[15] Accordingly, the Award relates to GHM's claims against Trevi and SMB, and this Court thus has federal question jurisdiction over those claims.

<u>Third</u>, even if the Court did not have federal question jurisdiction over GHM's claims against Trevi and SMB, the Court has supplemental jurisdiction over those claims because the claims form part of the same case and controversy.[16] A court may decline to exercise supplemental jurisdiction over a claim if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for

---

removal . . . If jurisdiction was proper at that date, subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction.").

[14] *See* 9 U.S.C. § 205 ("Where the subject matter of an action or proceeding pending in a State court *relates to* an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.") (emphasis added); 9 U.S.C. § 203.

[15] *See* Order Denying Plaintiff's Motion to Remand and Granting Defendants' Motion to Stay [D.E. 55] at 11 ("the non-arbitral claims depend upon findings that the arbitration panel will make with regard to the arbitrable claims").

[16] *See* 28 U.S.C. 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.").

declining jurisdiction.[17]  GHM has not identified, much less established, that the Court should exercise a discretionary remand on any of those grounds.  Indeed, none of the four grounds for remand exist here because:  (1)  GHM's state law claims do not involve any novel or complex issues of Florida law; (2) the Court has already found that the arbitrable claims—the source of original jurisdiction—dominate over the other claims;[18] (3) the Court has not dismissed any of the claims forming the basis of original jurisdiction—indeed, GHM is requesting a judgment on such claims; and (4) there are no exceptional circumstances or compelling reasons for declining jurisdiction.  Accordingly, the Motion should be denied.

### III.

### CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Owner requests that the Court enter an order:  (1) denying Plaintiff's Motion; and (2) granting Owner such other relief to which it is entitled and which the Court deems just and proper.

---

[17] *See* 28 U.S.C. § 1367(c).

[18] *See* Order Denying Plaintiff's Motion to Remand and Granting Defendants' Motion to Stay [D.E. 55] at 11 ("the issues that are arbitrable clearly dominate over the non-arbitrable claims").

Dated: July 28, 2014
Miami, Florida

Respectfully submitted,

s/Elizabeth B. Honkonen
Richard H. Critchlow, Esq.
(Florida Bar No. 155227)
rcritchlow@knpa.com
Elizabeth B. Honkonen, Esq.
(Florida Bar No. 149403)
ehonkonen@knpa.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard, Suite 1100
Miami, Florida  33131-4327
Telephone:     (305) 373-1000
Facsimile:     (305) 372-1861

- and -

William A. Brewer III
(admitted *pro hac vice*)
wab@bickelbrewer.com
James S. Renard
(admitted *pro hac vice*)
jsr@bickelbrewer.com
Jack G. B. Ternan
(admitted *pro hac vice*)
jgt@bickelbrewer.com
BICKEL & BREWER
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201
Telephone:     (214) 653-4000
Facsimile:     (214) 653-1015

**COUNSEL FOR DEFENDANT SETAI OWNERS LLC**